# SEALED

RICHARD E. SIMPSON
ROBERT I. DODGE
GERALD W. HODGKINS
GREGORY G. FARAGASSO
DANETTE R. EDWARDS
THOMAS C. SWIERS
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549
Telephone: (202) 551-4492 (Simpson)
simpsonr@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,  2:13-cv-01658-JCM-CWH

v.

EDWIN YOSHIHIRO FUJINAGA and
MRI INTERNATIONAL, INC.,

          Defendants,

and

CSA SERVICE CENTER, LLC,

         Relief Defendant.

**TEMPORARY RESTRAINING ORDER AND ORDERS TO:
SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION; FREEZE
ASSETS; PROHIBIT THE ALTERATION OR DESTRUCTION OF
DOCUMENTS; EXPEDITE DISCOVERY; PROVIDE AN ACCOUNTING; AND
<u>AUTHORIZE ALTERNATIVE SERVICE OF PROCESS</u>**

**(Filed Under Seal)**

Having considered the motion for a temporary restraining order; preliminary injunction; and orders to: show cause; freeze assets; prohibit the alteration or destruction of documents; expedite discovery; provide an accounting; and authorize alternative service of process filed by plaintiff Securities and Exchange Commission ("Commission"), as well as the Complaint, the Commission's memorandum of law and accompanying evidentiary materials, and oral argument at the hearing, the Court finds that the Commission has made a proper *prima facie* showing that: (i) Defendants Edwin Fujinaga ("Fujinaga") and MRI International, Inc. ("MRI") have directly or indirectly engaged in the violations alleged in the Complaint; (ii) Relief Defendant CSA Service Center, LLC ("CSA") has received property from one or both Defendants as alleged in the Complaint; (iii) there is a reasonable likelihood that the legal violations alleged in the Complaint will be repeated and that subsequent property transfers will occur; (iv) unless restrained and enjoined by Order of this Court, the Defendants and the Relief Defendant may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (v) entry of a temporary restraining order, order freezing assets, and order for other equitable relief, including an accounting, is necessary to preserve the status quo.

I.

In consideration of the foregoing, the Court being fully advised in the premises, and pending determination of the Commission's motion for a preliminary injunction, **IT IS HEREBY ORDERED** that the motion is **GRANTED;**

## II.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendants Fujinaga and MRI, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

## III.

**IT IS FURTHER ORDERED** that, pending further order of the Court, Defendants Fujinaga and MRI, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

## IV.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendants Fujinaga and MRI, and Relief Defendant CSA, and their officers, agents, servants, employees, family members, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any direct or indirect withdrawal, disposition, sale, transfer, pledge, hypothecation, changing, wasting, encumbrance, assignment, dissipation, conversion, concealment, or other disposal whatsoever of any funds, assets, securities, or other real or personal property, wherever located, of Defendants, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, including assets held in business, corporate or partnership accounts in which Defendants Fujinaga and MRI, and Relief Defendant CSA, have an interest, except as otherwise ordered by the Court. This Order expressly includes a prohibition on opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, the Defendants or the Relief Defendant;

## V.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, any financial or brokerage institution or other person or entity holding or that has held at any time since January 1, 2008 any funds or other assets, in the name, for the benefit or under the control of Defendants Fujinaga and MRI, and Relief Defendant CSA, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service or otherwise, shall:

- A. Hold and retain within its control and prohibit Defendants Fujinaga and MRI, and Relief Defendant CSA, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such account or asset except as directed by further Order of the Court;

- B. Deny Defendants Fujinaga and MRI, and Relief Defendant CSA, and all other persons access to any safe deposit box that is titled in the name of the Defendants or the Relief Defendant, either individually or jointly, or otherwise subject to access by the Defendants or the Relief Defendant;

- C. Within three business days of receipt of this Order, serve on counsel for the Commission a statement setting forth the name and identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of, the Defendants and the Relief Defendant. With respect to each such account or other asset, the statement shall include the balance in the account or description of the assets as of the close of business on the date of receipt of this Order, and, if the account or

other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted. The statement shall also include the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants or the Relief Defendant or is otherwise subject to access by the Defendants or the Relief Defendant. Service of such statement on counsel for the Commission shall be by express courier service or telefax directed to Richard E. Simpson at the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4492), or at telefax number (202) 772-9244; and

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## VI.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, the Commission may file Notices of *Lis Pendens* on all pieces of real property in which the Defendants and the Relief Defendant have an interest in order to put the public on notice that these properties have been implicated in litigation in this Court. Should the

Defendants or the Relief Defendant wish to sell any piece of real property in which they have an interest, the Defendants or the Relief Defendant, as applicable, shall give counsel for the Commission notice of the proposed sale and seek the concurrence of the Court in the transaction prior to its consummation. The Defendants and the Relief Defendant shall fully account for any proceeds received from the sale of such property to the Court and counsel for the Commission, and the proceeds of such sales paid to the Defendants or to the Relief Defendant shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court; and the Defendants and the Relief Defendant are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation;

## VII.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, the Defendants and the Relief Defendant, and their officers, agents, servants, employees, attorneys, accountants, depositories, banks, financial or brokerage institutions, providers of any services related to offsite document storage, computing resources, the internet or electronic communications (including providers of electronic hosting or storage and of internet-based audio, video and/or written communications), and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby restrained and restrained from, directly or indirectly, destroying, mutilating, altering, concealing, disposing of, transferring, or otherwise interfering in any manner with the Commission's access to any and all documents, books, records, correspondence, written communications, ledgers, accounts, statements, files, audio recordings, video recordings, and assets or other property of or pertaining to

Defendants, the Relief Defendant, the allegations of the Complaint, or any investment program, wherever located and in whatever form, electronic or otherwise;

## VIII.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A. The Commission may, at any time after service of this Order, take the deposition of and demand the production of documents from any person or entity for the purpose of discovering the nature, location, status, and extent of assets of or fraud by the Defendants and the Relief Defendant, and the location of documents reflecting the business transactions of the Defendants and the Relief Defendant, subject to two calendar days' notice pursuant to Rules 30(a), 34 and 45 of the Federal Rules of Civil Procedure;

B. The Commission may take more than one deposition at the same time, and depositions of the Defendants and the Relief Defendant may be taken on any day, including Saturdays, Sundays, and holidays, subject to two calendar days' notice. The Commission may also, at its option, take any deposition by telephone or other remote electronic means. The Commission may take more than ten depositions, and any depositions taken pursuant to this Order shall not count towards the ten deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A), nor toward the time limit of one day of seven hours set forth in Federal Rule of Civil Procedure 30(d)(1). The Commission may take a second deposition of the Defendants and the Relief Defendant

8

during discovery subsequent to determination of whether a preliminary injunction should issue;

  C. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants and the Relief Defendant shall answer all interrogatories served by the Commission in writing under oath within two days of service of such interrogatories;

  D. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants and the Relief Defendant shall answer all of the Commission's requests for admissions within two days of service of such requests;

  E. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by the most expeditious means possible, whether by hand delivery, facsimile transmission, or overnight courier, upon the Commission, directed to Richard E. Simpson, at the Commission, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4492, telefax number (202) 772-9244, email address SimpsonR@sec.gov);

  F. Service of discovery requests shall be sufficient if made upon the parties by facsimile, hand delivery, overnight courier, electronic mail (if the party consents in writing), and by any other means that the party consents to in writing;

## IX.

**IT IS FURTHER ORDERED** that the Defendants and the Relief Defendant show cause, if there be any, to this Court at 11:00 AM on the 25th day of September, 2013, courtroom 6A of the United States District Court, 333 S. Las Vegas Blvd. Las Vegas, NV 89101, why this Court should not enter an Order (1) preliminarily enjoining the Defendants from committing further violations of the provisions of the

9

federal securities laws that Defendants have been restrained from violating pursuant to this Order, and (2) continuing against the Defendants and the Relief Defendant the other relief imposed with respect to them by this Order;

### X.

**IT IS FURTHER ORDERED** that Defendants and the Relief Defendant shall serve any opposing papers in response to this Order to Show Cause no later than September 17, 2013. Service shall be made by delivering the papers to Richard E. Simpson, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4492; email address SimpsonR@sec.gov), or such other place as counsel for the Commission may direct in writing, by the most expeditious means available.

**IT IS FURTHER ORDERED** that the Commission shall have until September 20, 2013, to serve any reply papers on the Defendants and the Relief Defendant by the most expeditious means available;

### XI.

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and all other materials on the Commission by delivering a copy to Richard E. Simpson, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5049 (telephone no. (202) 551-4492; fax no. (202) 772-9244; email SimpsonR@sec.gov); and

### XII.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and email, upon any entity or person that may

have possession, custody, or control of any documents or assets of the Defendants or the Relief Defendant, or that may be subject to any provision of this Order, and that representatives of the Commission are specially appointed by the Court to effect service. Service of the summons, Complaint or other process may be effected by U.S. Marshall or deputy U.S. Marshall, or in accordance with Federal Rule of Civil Procedure 4.

## XIII.

**IT IS FURTHER ORDERED,** that nothing in this Order shall prejudice the Commission against obtaining such further relief against these Defendants and the Relief Defendant as it may find necessary due to discovery of additional facts in this litigation.

**IT IS SO ORDERED.**

DATED September 12, 2013, at 11:30 AM.

_____
UNITED STATES DISTRICT JUDGE