UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : Case No.: 2:13-cv-1658-JCM-CWH |
| Plaintiff, | |
| v. | **STIPULATION, CONSENTED** |
| EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., | **PRELIMINARY INJUNCTION, AND ASSET FREEZES** |
| Defendants, | |
| and | |
| CSA SERVICE CENTER, LLC, | |
| Relief Defendant. | |

Plaintiff Securities and Exchange Commission, Defendants Edwin Fujinaga and MRI International, Inc., and Relief Defendant CSA Service Center, LLC hereby stipulate to the consented preliminary injunction and asset freezes provided for below pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Section 20(b) of the Securities Act of 1933 (the "Securities Act")[15 U.S.C. § 77t(b)] and Section 21(d)(1) of the Securities Exchange Act of 1934 (the "Exchange Act")[15 U.S.C. § 78u(d)(1)].  The entry of this Stipulation is without prejudice to the SEC moving in the future for additional preliminary relief**,** to the Defendants or Relief Defendant moving in the future to vacate or modify the preliminary injunction, or to further stipulations of the parties.  No issue of fact is finally resolved by the entry of this stipulation or the preliminary injunction.  The SEC understands and acknowledges that the defendants may communicate in the future with present investors in MRI International, Inc. pursuant to orders of

the Japanese Financial Services Agency.  With these understandings, the parties stipulate and consent to the following preliminary injunction.

## I.

**IT IS ORDERED** that, pending further Order of the Court, Defendants Edwin Fujinaga and MRI International, Inc. and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED** that, pending further order of the Court, Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in

the offer or sale of any security by the use of any means or instrument of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, and subject to the provisions of Paragraph X, Defendants and Relief Defendant CSA Service Center, LLC, and their officers, agents, servants, employees, family members, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any direct or indirect withdrawal, disposition, sale, transfer, pledge, hypothecation, changing, wasting, encumbrance, assignment, dissipation, conversion, concealment, or other disposal whatsoever of any funds, assets, securities, or other real or personal property, wherever located, of Defendants and Relief Defendant, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, including assets held in business, corporate or partnership accounts in which Defendants and Relief Defendant have an interest, except as otherwise ordered by the Court. This Order expressly includes a prohibition on opening

or causing to be opened any safe deposit box titled in the name of, or subject to access by, Defendants or Relief Defendant.

## IV.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, and subject to the provisions of Paragraph X, any financial or brokerage institution or other person or entity holding or that has held at any time since January 1, 2008, any funds or other assets, in the name, for the benefit or under the control of Defendants or Relief Defendant, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service or otherwise, shall:

- A. Hold and retain within its control and prohibit Defendants, Relief Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such account or asset except as directed by further Order of the Court.

- B. Deny Defendants, Relief Defendant and all other persons access to any safe deposit box that is titled in the name of either Defendant either individually or jointly, or otherwise subject to access by any Defendants or Relief Defendant.

- C. Within three business days of receipt of this Order, serve on counsel for the SEC a statement setting forth the name and identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of, Defendants or Relief Defendant. With respect to each such account or other asset, the statement shall include the balance in the account or description of the assets as of the close of business on the date of receipt of this Order, and, if the account or other asset has been closed or removed, the date closed

or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted. The statement shall also include the identification of any safe deposit box that is either titled in the name, individually or jointly, of any Defendant or Relief Defendant or is otherwise subject to access by any Defendant or Relief Defendant. Service of such statement on counsel for the SEC shall be by e-mail, overnight courier service or telefax directed to Richard E. Simpson at the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone number (202) 551-4492), e-mail address simpsonr@sec.gov, telefax number (202) 772-9292.

D. Upon request by the SEC, promptly provide the SEC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, the SEC may file Notices of *Lis Pendens* on all pieces of real property in which the Defendants or Relief Defendant have an interest in order to put the public on notice that these properties have been implicated in litigation in this Court. Should the Defendants or Relief Defendant wish to sell any piece of real property in which they have an interest, the Defendants or Relief Defendant shall give counsel for the SEC notice of the proposed sale and seek the concurrence of the Court in the transaction prior to its consummation. The Defendants or Relief Defendant shall fully account

for any proceeds received from the sale of such property to the Court and counsel for the SEC and any proceeds of such sale that are paid to the Defendants or Relief Defendant shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court.  The Defendants and Relief Defendant are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation.

## VI.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendants, Relief Defendant, and their officers, agents, servants, employees, attorneys, accountants, depositories, banks, financial or brokerage institutions, providers of any services related to offsite document storage, computing resources, the internet or electronic communications (including providers of electronic hosting or storage and of internet-based audio, video and/or written communications), and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby restrained and enjoined from, directly or indirectly, destroying, mutilating, altering, concealing, disposing of, transferring, or otherwise interfering in any manner with the SEC's access to any and all documents, books, records, correspondence, written communications, ledgers, accounts, statements, files, audio recordings, video recordings, and assets or other property of or pertaining to Defendants or Relief Defendant, the allegations of the Complaint, or any investment program, wherever located and in whatever form, electronic or otherwise.

## VII.

**IT IS FURTHER ORDERED** that within seven calendar days following the service of this Order, each Defendant and Relief Defendant shall:

A.  Provide the SEC with a verified, written accounting, signed by the Defendant or Relief Defendant under penalty of perjury, of all funds, assets and liabilities, including: all real and personal property exceeding $5,000 in value, located both within and outside the United States, held by such Defendant or Relief Defendant on his or its own behalf, or under his or its direct or indirect control, whether jointly or singly, or in which he or it has an interest, all funds and assets that each Defendant or Relief Defendant received from investors, and the ultimate use or current location of those funds or assets. The accountings shall include a description of the source(s) of all such assets and all bank, securities, futures and other accounts controlled by the Defendant or Relief Defendant, directly or indirectly, identified by institution, branch address and account name and number.

B.  Provide the SEC with access to all records held by financial institutions located both within and outside the territorial United States by signing a Consent to Release of Financial Records in the form directed by counsel for the SEC.

C.  Provide the SEC with a complete list of investors in the investment program alleged in the Complaint, including, without limitation, the names, addresses and telephone numbers of all persons who transferred funds to Defendant MRI International, Inc. from January 1, 2008 to the present, and the amounts received, and whether or not those investors have received funds from Defendants. The accountings and investor list shall be filed with the Court, and copies shall be delivered to Richard E. Simpson, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone number (202) 551-4492). After submission

7

of the accountings and investor list, Defendants and Relief Defendant shall each produce to the SEC, at a time and place agreeable to the SEC, all books, records and other documents called for in paragraph (A) above or that support or underlie their accountings.

## VIII.

**IT IS FURTHER ORDERED** that the parties may continue conducting discovery. The parties may serve document requests and interrogatories with return dates of no less than thirty calendar days. The parties may take depositions subject to ten calendar days' notice. Written discovery requests and deposition notices may be served by e-mail. Written responses to discovery shall be delivered by e-mail or overnight courier.

## IX.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and e-mail, upon any entity or person that may have possession, custody, or control of any documents or assets of Defendants or Relief Defendant, or that may be subject to any provision of this Order, and, additionally, that representatives of the SEC are specially appointed by the Court to effect service.

## X.

**IT IS FURTHER ORDERED** that, notwithstanding the foregoing provisions, Defendant MRI International, Inc. and Relief Defendant CSA Service Center, LLC, and any related entity, affiliated company, or subsidiary, may open new checking and payroll accounts at financial institutions of their choosing to enable them, their affiliates and subsidiaries to collect upon and pay for medical and/or pharmaceutical accounts receivable, meet their payroll to employees, pay necessary operating expenses, and operate the Harmon Medical Center. The

sources of funds deposited into these new accounts shall be limited to the proceeds from the operation of Harmon Medical Center and from collecting medical accounts receivable, including but not limited to collecting such receivables related to Hoy's, Inc. and/or Hoy's Hospital, Wheatbridge Pharmacy (Haldun, Inc.), One-Stop Pharmacy, Ryan's Pharmacy, and Harmon Medical Center, with such collection on these receivables being expressly authorized pursuant to this stipulation and order.  No funds from investors shall be deposited into these new accounts. Disbursements from these new accounts shall be limited to the purchase of medical accounts receivable, the expenses of collecting medical accounts receivable and operating the Harmon Medical Center and/or any of the pharmacies listed above, including overhead, and the payment of payroll and necessary operating expenses.  Subject to the provisions in this paragraph pertaining to operational expenses and payroll, none of the funds deposited into these new accounts shall be disbursed or paid to Defendant Edwin Fujinaga, his spouse June Fujinaga, any entity that either of them owns or controls, or any entity in which either of them has a beneficial interest, with the exception of a total, aggregated salary, for both Defendant Edwin Fujinaga and June Fujinaga, of no more than $2,000.00 ($1,000.00 each) per month.

      The SEC shall be allowed to monitor these new accounts by being included as an addressee of the periodic account statements from the financial institutions.  Defendant MRI International, Inc. and Relief Defendant CSA Service Center, LLC shall serve the SEC with a report of the activities and status of these new accounts and the revenues and expenses of collecting medical accounts receivable and operating the Harmon Medical Center on the fifteenth and at month-end of each month.

    This paragraph X shall operate for a probationary period of 45 calendar days after the entry of this Order.  The parties may move for a continuation of this paragraph X in the final 14 days of the 45-day probationary period.

XI.

    **IT IS FURTHER ORDERED** that nothing in this Order shall prevent the SEC from seeking such further relief against the Defendants and Relief Defendant as it may find necessary because of the discovery of additional facts in this litigation.

Dated: Washington, D.C.
       October 7, 2013

Respectfully submitted,

/s/ *Richard E. Simpson*
Richard E. Simpson
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4492 (Simpson)
simpsonr@sec.gov

/s/ *Erick Ferran*
Erick Ferran
Nevada Bar # 9554
Hitzke & Associates
Attorneys for Defendants
And Relief Defendant
3753 Howard Hughes Parkway
Suite 200
Las Vegas, NV 89169
Erick.ferran@ahlaw.net

**HEARING SCHEDULED FOR TUESDAY, OCTOBER 15, 2013, AT 11:00 AM IS HEREBY VACATED.**

**SO ORDERED.**

**DATE:** October 7, 2013.

_____
**HONORABLE JAMES C. MAHAN**
**UNITED STATES DISTRICT JUDGE**