1  DANIEL L. HITZKE, ESQ. (pro hac vice)
   Cal. State Bar No. 220872
2  HITZKE & ASSOCIATES
   100 Oceangate, Suite 1100
3  Long Beach, CA 90802
   *Telephone No.: (562) 437-2807*
4  *Facsimile No.: (562) 595-9983*

5  ERICK M. FERRAN, ESQ.
   Nevada State Bar No. 9554
6  HITZKE & ASSOCIATES
   3753 Howard Hughes Parkway, Ste. 200
7  Las Vegas, NV 89169
   *Telephone No.: (702) 784-7660*
8  *Facsimile No.: (702) 784-7649*
   ferranlawoffice@gmail.com

9  *Attorneys for Defendants and Relief Defendant*

10                 **UNITED STATES DISTRICT COURT**

11                      **DISTRICT OF NEVADA**

12                              * * *

13                                        CASE NO.:   2-13-cv-1658-JCM-CWH
   SECURITIES AND EXCHANGE
14 COMMISSION,                            **DEFENDANTS, EDWIN YOSHIHIRO**
                                          **FUJINAGA, MRI INTERNATIONAL,**
15                                        **AND CSA SERVICE CENTER, LLC'S**
                         Plaintiff,       **RESPONSES TO COURT'S ORDER TO**
16                                        **SHOW CAUSE OF FEBRUARY 7, 2014.**
17        v.

18 EDWIN YOSHIHIRO FUJINAGA, et al.,

19                       Defendants.

20

21                          **INTRODUCTION**

22         Defendants, Edwin Yoshihiro Fujinaga (Mr. Fujinaga), MRI International (MRI), and

23 Relief-Defendant CSA Service Center, LLC. (CSA), respectfully submit the following response to

24 the Court's Order to Show Cause of February 7, 2014.

25         As set forth more fully below, the imposition of a contempt order would be unjustified

26 because Mr. Fujinaga, MRI, and CSA have not acted in a manner warranting said Order.  The SEC

27

28 _____
                                          1
   **DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA**
   **SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF**
   **FEBRUARY 7, 2014.**

has failed to indicate the actions taken by the Defendant's that show a violation of the asset freeze Order.  Furthermore, because of the difficulty of performing a full accounting given the amount of assets and the difficulty in valuing the same, Defendants have been unable to procure an accounting and valuation of all of the assets, including personal and corporate, until such time that payment for is made to the accounting firm assisting in this matter.  Due to the asset freeze, the Defendant's have no ability to provide the accountants such funds and thus they are unable to fully comply with the Court's Order regarding the same.

Ultimately, the accounting listed is to be verified and provided under the penalty of perjury. However, Plaintiff makes it appear as though this is a simple accounting of only a few assets. There are multiple entities, multiple companies, personal financials, corporate financials, real estate holdings, personal and corporate holdings, and, additionally, business valuations (including interests in pharmacies and other ventures) that must be considered as part of this accounting.  To that end, as set forth in the Declaration of Counsel, filed concurrently herewith, numerous financials for these entities, including bank statements, tax returns, claims data, have already been provided to the Plaintiff.  Plaintiff has made it appear as though nothing has been produced by Defendants, which is simply untrue.  As set forth herein, Defendants will gladly submit in-camera for this Court's review the thousands of pages of financial and other data provided to the Plaintiff. Moreover, Defendants have openly offered Plaintiff the ability to come and inspect, download, and review any additional data it believes has not been provided.  Defendants have and continue to produce each and every document in its possession, including the aforementioned financial documents.

/ / /

/ / /

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

**STATEMENT OF FACTS**

On September 11, 2013, the SEC brought an action against Mr. Fujinaga, MRI, and CSA, alleging that Mr. Fujinaga and MRI operated a Ponzi scheme.  The next day, September 12, 2013, the SEC filed an Ex Parte Application for a Temporary Restraining Order, and a hearing on the Order to Show Cause was set for September 25, 2013.  Prior to the hearing on September 12, 2013, the Court entered into a Temporary Restraining Order and Orders to: Show Cause Regarding a Preliminary Injunction; Freeze Assets; Prohibit the Alternation or Destruction of Documents; Expedite Discovery; Provide an Accounting and Authorize Alternative Service of Process. (Doc. 10)  After Defendants/Relief Defendant received the Complaint and Temporary Restraining Order, counsel of record for the Defendants/Relief Defendant immediately reached out to the Plaintiff and worked out a Stipulated, Consented Preliminary Injunction which was entered into on October 7, 2013, whereby requiring Defendants to produce documents as well as an accounting of assets. (Doc. 20)  Following the Injunction, on or about October 15, 2013 (Doc. 22) and November 21, 2013 (Doc. 26), respectively, the parties stipulated to allow certain bank accounts to be unfrozen and the continued operation of the Harmon Medical Clinic.

On November 18, 2013, in an email correspondence, Defendants/ Relief Defendant offered, pursuant to the Stipulated Injunction on October 15, 2013, to immediately execute releases for the release of all financial information to the Plaintiffs.  As of the time of this filing, the SEC has failed to provide releases despite an open invitation by the Defendants/ Relief Defendant for the release of all financial information. (Decl. E. Ferran Exhibit 1)  As such, the Defendants/ Relief Defendant produced and continue to produce thousands of pages of documents per the SEC's request on a rolling basis.

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA
SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF
FEBRUARY 7, 2014.**

On a conference call on January 10, 2014, counsel for the Defendants/ Relief Defendant invited the SEC to personally come to the Defendant's offices and collect any and all data (except for privileged material). This inspection was never done.

On January 10, 2014, a conference call was held between Defendants/ Relief Defendant's counsel and counsel for the SEC regarding the continued production of documents and the final accounting. The Defendants/ Relief Defendant requested assistence to release funds for the completion of the final accounting and they also advised the SEC of property that may be sold off to pay for the accounting bill. As such, counsel for the SEC requested copies of the bills as well as the property information. This information was provided to the Plaintiff.

Next, on January 22, 2014, a correspondence was sent to the SEC from defense counsel responding to the SEC's allegations that records were not produced showing payment of Mr. Fujinaga's personal expenses. In fact, it was explained that ALL records were "disclosed pursuant to the Commission's request, for the business entitles and for the accounts on which Mr. Fujinaga is named and/or authorized to sign for." That letter also discussed how "all banking records and financial statements in our client's care, custody, and control" have been produced to the SEC. It further explained that all "day to day expenses for the household (i.e., groceries, gas, utilities) have been paid by Mrs. Fujinaga." However, another correspondence was sent to the SEC "containing a breakdown of the monthly bills and expenses at the Fujinaga household." on February 3, 2014. (Decl. E. Ferran Exhibit 29)

On January 28, 2014, the SEC filed an Application for an Order to Show Cause: Why Defendants Should Not Be Held in Contempt of the Court's Orders.

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

# ARGUMENT

I.     **THERE IS NO BASIS FOR HOLDING DEFENDANTS IN CONTEMPT OF COURT FOR ALLEGED VIOLATION OF THE COURT'S SEPTEMBER 12, 2013 AND OCTOBER 17, 2013 ORDERS.**

   A.     **There Is No Clear and Convincing Evidence That Defendants And Relief Defendant Are In Violation Of The Court's September 12, 2013 And October 17, 2013 Orders to Freeze Assets of All Defendants and Relief Defendant.**

The Court's February 7, 2014 Order purports to hold Mr. Fujinaga, MRI, and CSA in contempt of Court's September 12, 2013 and October 17, 2013 Orders, freezing all assets under their direction or control.

"It is firmly established that in a civil contempt proceeding, the party seeking an order of contempt need only establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Piggly Wiggly Clarksville, Inc. v. Mrs Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. Tex. 1999).

The SEC alleges the Defendants are in violation of Paragraph IV of the TRO which states:

> **IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendants Fujinaga and MRI, and Relief Defendant CSA, and their officers, agents, servants, employees, family members, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any direct or indirect withdrawal, disposition, sale, transfer, pledge, hypothecation, changing, wasting, encumbrance, assignment, dissipation, conversion, concealment, or other disposal whatsoever of any funds, assets, securities, or other real or personal property. Wherever located, of Defendants, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, including assets held in business, corporate or partnership accounts in which Defendants Fujinaga and MRI, and Relief Defendant CSA, have an interest, except as otherwise ordered by the Court.  This Order expressly includes a prohibition on opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, the Defendants or the Relief Defendant.

First, there is no disputing there is a valid Order made, required Defendants to act (or withhold from acting) in a certain manner.  However, the Plaintiff, the Securities and Exchange Commission (SEC) alleges in their Application for Order to Show Cause (Application) that Mr. Fujinaga has failed to comply with the Court's Order to freeze assets because "Someone has been paying Fujinaga's expenses since [on or around September 12, 2013]."  However, that statement goes to show that Mr. Fujinaga is in fact acting in conformity with the Court's Orders, instead of violating those Orders because Mr. Fujinaga is not paying for his own expenses (as all his assets have been frozen).

Furthermore, in order "to hold a party in civil contempt, a court must find that the offending party violated a definite and specific court order, and the moving party has the burden of showing the violation by clear and convincing evidence."  *In re Wallace*, 490 B.R. 898, 906 (9th Cir. BAP 2013).

The SEC alleges in their Application that the funds used "are ultimately derived from Fujinaga's fraudulent activities."  The SEC fails to establish the bridge between Mr. Fujinaga's expenses being paid by "someone" (who the SEC fails to indicate), with the allegation that the funds being used to pay those expenses are derived from Mr. Fujinaga's fraudulent activities.  In fact, the SEC indicated in the Application that it is their "suspicion" that the funds are derived from Mr. Fujinaga's fraudulent activities, rather than from actual proof of such a serious allegation.  Mr. Fujinaga has not violated the Court's Order freezing all his assets; mere speculation does not rise to the level of "clear and convincing" and thus it is not indicative of such a violation.  The SEC's Application only details their suspicions; however, suspicions fall short of proof and thus there is no basis in fact based on admissible facts, or lack thereof presented.

Moreover, the SEC argues that Mr. Fujinaga "has refused each request from the SEC to identify the source of funding [of] those expenses."  In fact, this statement is completely false.

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

Most recently, in a correspondence dated and served on January 22, 2014, and prior to the SEC's filing of the Application, Mr. Fujinaga, by and through his counsel of record, informed the SEC that "the day-to-day expenses for the household have been paid by Mrs. Fujinaga."  Mrs. Fujinaga's assets were not subject to the Court's September 12, 2013 and October 17, 2013 asset freeze Order.  Further, the SEC is unable to establish that Mr. Fujinaga funded Mrs. Fujinaga's checking and credit accounts with his alleged "fraudulent activities." In fact, based on Mr. Fujinaga's production of bank statements, there was no unauthorized withdrawal of any monies from his accounts.  In fact, the only withdrawals were two stipulated withdrawals. And further, based on those bank records, there is also no indication that Mr. Fujinaga deposited any of his funds into Mrs. Fujinaga's credit or checking accounts.  Therefore, it has been made clear that Mr. Fujinaga has been compliant with the SEC and their requests for information regarding the source of funds used to pay for his expenses.

The SEC goes further and claims that Mrs. Fujinaga does not have any personal income or wealth that would allow her to provide funding without the use of Mr. Fujinaga's funds.  In fact, the SEC once again overlooks information provided to them indicating that Mrs. Fujinaga purchased property from her own wealth, prior to her marriage to Mr. Fujinaga.  Mrs. Fujinaga does in fact have personal wealth irrespective of her husband, as she was able to procure personal property through her own means.  As such, it would be grossly unfair to merely speculate that Mr. Fujinaga is the source of the funding for his own expenses.  Furthermore, there is also no showing that there was any asset freeze Order limiting Mrs. Fujinaga from the use of her bank accounts.  Therefore, the SEC did not establish by clear and convincing evidence that Mr. Fujinaga violated the Court's September 12, 2013 and October 17, 2013 Orders, and thus he should not be held in contempt of such.

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

Finally, the SEC alleges in footnote three (3) of the Application that Mr. Fujinaga has not answered their requests made on January 23, 2014 for a telephone deposition.  In fact, based on a correspondence with the SEC dated January 24, 2014, the parties agreed to set the deposition of Mr. Fujinaga for the week of February 24, 2014.  Moreover, a notice of deposition was emailed to defense counsel on February 4, 2014, setting the deposition for February 27th and 28th.  Regrettably, this deposition will have to be rescheduled as a hearing on this Order to Show Cause has been set for February 27, 2014.  However, as set forth in the concurrently filed Declaration, there has been no concealing of documents, and, certainly, no attempt to ignore any of the requests made by the Plaintiff.  Gigabyte upon Gigabyte of data has been produced to the Plaintiff, including financial records for all of the entities and bank accounts for Defendant Fujinaga.  Tax returns have been produced, financials have been produced, bank statements have been produced, and, still the Plaintiff is unable to document any violations of any asset freeze by the Defendant.  Moreover, Plaintiff has placed lis pendens on all of the real property owned by Defendants, which, Defendants gave the Plaintiffs a list of; moreover, when Defendants wanted to conduct a transaction regarding one of the parcels, specifically requested permission and sought consent from the SEC so they would not violate the asset freeze and injunction.  See Ferran Declaration.

**B.    Defendants Have Made Efforts To Finalize The Accounting, But Require Assistance From The Court As Plaintiff Have Refused To Release Funds To Pay The Accountant.**

The SEC alleges the Defendants are in violation of the Court's October 7, 2014 Preliminary Injunction, specifically Paragraph VII, which states:

**IT IS FURTHER ORDERED** that within seven calendar days following the service of this Order, each Defendant and Relief Defendant shall:

A. Provide the SEC with a verified, written accounting, signed by the Defendant or Relief Defendant under penalty of perjury, of all funds, assets and liabilities, including: all real and personal property exceeding $5,000 in value, located both within and outside the United States, held by such Defendant or Relief Defendant on his or its own behalf, or under his or its direct or indirect control, whether jointly or singly, or in which he or it

has an interest, all funds and assets that each Defendant or Relief Defendant received from investors, and the ultimate use or current location of those funds or assets. The accountings shall include a description of the source(s) of all such assets and all bank, securities, futures and other accounts controlled by the Defendant or Relief Defendant, directly or indirectly, identified by institution, branch address and account name and number.

The SEC argues that "The Defendants have violated the Court's Orders for an accounting and have failed to provide evidence that Fujinaga is not violating the asset freeze." The SEC states that it is the Defendants' burden to show that they are NOT violating the Court's Order. However, in *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.,* "the party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence." 923 F. Supp. 1231 (N.D. Cal. 1995).

Simply put, it is a legally incorrect assertion for the SEC to state that Defendants have the burden of proof to establish that they have not violated the asset freeze. In fact, the burden of proof is on the party bringing the action, specifically the SEC in this matter. The SEC has an elevated threshold, a clear and convincing standard, to show that the Defendants violated the Court's Order. Moreover, the Court has made no specific orders shifting the burden over to Mr. Fujinaga to prove that he has not violated the asset freeze Order. Therefore, the SEC is the party bringing this action and thus has the burden of proof that Mr. Fujinaga violated the asset freeze Order by clear and convincing evidence.

"Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *Id.*

The SEC argues that the Defendants' violated Paragraph VII of the Preliminary Injunction. The Defendant's fully complied with all portions of the Order, except for the Order for an accounting. For the past four months after the Order, the Defendants have made it clear that they have made every effort to comply with the Order for an accounting, specifically retaining the accounting firm, Gilmore & Gilmore, for the preparation of those financial statements and assets.

However, Gilmore & Gilmore has indicated that the release and preparation of full financials will be made and done upon payment of monies owed to them.  As set forth in the Ferran Declaration, the outstanding invoices were provided to the Plaintiff, who, much like with the rest of the materials provided, would have simply ignored the Defendants.

The Defendants are personally unable to make such payment for the substantial accounting invoices pursuant to the Court's September 12, 2013 Order, which froze all of Defendants' assets. In fact, the Defendants informed the SEC of property worth $1.7 million (one million, seven hundred thousand dollars), which the SEC can sell and use those funds to pay Gilmore & Gilmore for the accounting.  The SEC has been privy to this information for the previous month. Additionally, Plaintiff has frozen an additional 1.5 million in liquid funds which could be used for the same.  In past conversations, the SEC indicated willingness to release funds to make payment for the accounting upon the showing of the accounting bill.  A bill was provided, yet there was no response back from the SEC.  As such, the SEC has also not stipulated to the withdrawal of funds from the frozen accounts to pay for this accounting.  The Defendants have done everything in their power to comply with the Court's Order, even going so far as to request the SEC to release funds to allow Defendants to procure the requested accounting, to no avail.

Again, it must be stated that the Order provides that the accounting must be verified and "under the penalty of perjury."  It is simply unreasonable for Defendant Fujinaga individually to be held to this standard, when such an accounting and valuation would entail the valuation of businesses, of personal and corporate holdings, of real estate holdings, and, additionally, of the pharmaceutical and outstanding claims in existence at present.  Given the fact that the Plaintiff appears only to criticize the substantial financial documents provided to date, forcing Defendant to provide this accounting—to which he simply is not qualified to complete on his own—is essentially ensuring that the Plaintiff will somehow seek a perjury charge against him.  Despite

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

this, however, Defendants have produced financials to-date, all of his banking and tax records, and financials (which contain balance sheets and holdings, including real estate) for the entities. Defendants have complied with the accounting provision in providing these financials, lists of holdings, profit/loss, and balance sheets, in addition to banking records for all of the entities requested by Plaintiff and more. Defendants have worked in good faith to continue to produce documents, and, are not in contempt of the Court's Order. Plaintiff is free to depose—and haven't as of yet—any of the banks, employees, and/or other individuals for any additional records. Defendants, in turn, have cooperated in the transmission of data, and have even worked to set a deposition date for Defendant Fujinaga.

In *United States v. Ryanlander*, the Court concluded that the "inability to comply with the court's order would be a complete defense." 714 F.2d 996, 1002 (9th Cir. Cal. 1983). Mr. Fujinaga hired an accounting firm to assist in the financial statements and accounting requested by the Plaintiff. However, because of the asset freeze Order, Mr. Fujinaga is unable to pay the accounting firm the monies necessary to release the accounting. Mr. Fujinaga has made every cognizable attempt to pay for the accounting, yet all those efforts have proven unfruitful. Mr. Fujinaga does not have the means, the expertise, or the financial capability to produce the accounting on his own; nor would the SEC likely consider his opinion relevant on valuation of all of the assets for the Defendant and the related entities. Despite this, Defendants have made their best efforts to provide all of the financial information to the Plaintiff, including information on collection and valuation of pharmaceutical claims, which the Plaintiff deemed "irrelevant" (despite their main allegation against Defendants being that no claims were purchased). Defendants are not in contempt of Court, and have and will continue to produce documentation responsive to all of the Plaintiff's request.

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

As an example, one of the business ventures involves a state-of-the-art pharmaceutical repackaging plant.  Without the assistance of an accountant/valuator, it is simply impossible to provide a valuation for this asset.  Plaintiff's counsel, in turn, believes that the accounting should be a relatively simple task, when this is not the case.  Defendant Fujinaga individually is not capable of valuating such assets without additional expertise, and if he tried to do so undoubtedly would be criticized by the Plaintiff and its counsel for attempting to do so.  The value of this business alone is likely in the millions of dollars, and, yet, despite requests for assistance and cooperation in preservation of assets and business, the SEC is intent only on punishing the Defendants rather working to resolve this matter for the benefit of the investors.

### C.   There is No Basis for the SEC's Allegation that the Defendant's are Hiding Assets and Thus They are in Not in Violation of the Court's Orders.

"The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence." *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.,* at 1231.

The SEC claims that Defendants are hiding their assets because the Defendants have not provided an accounting of the assets.  This statement is once again mere speculation.  The Defendants have indicated on multiple occasions that they have been unable to procure the accounting because of failure to pay invoices.  Short of the accounting, the Defendants have provided the SEC with massive amounts of information for each of Defendants' companies and for Defendant individually, ranging from bank account information to balance sheets to bank ledgers to bank statements to tax returns, all providing the SEC with broad insight into Defendants' assets. Further, the SEC has continued to accuse Defendant of not producing any records.  This is simply not the case, as is evident from the constant communication and ongoing production, and from the summary of records outlined below.  Moreover, for the first time—and not found anywhere in the

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

stipulated injunction—Plaintiff's requested the production of records not within the control of these Defendants, and records regarding every expenditure over the sum of $50.00. The SEC has only thrown out speculation about the Defendants' conduct, rather than proving that the Defendants are in violation of the asset freeze by clear and convincing evidence, as required.

The SEC also understands the complexity and constraints of this case as indicated in footnote two (2) in the Application for Order to Show Cause. The SEC explained that the lack of accounting has hampered the SEC's ability to appoint a receiver to run checks on the businesses that are still in operation by the Defendants. The reason being is that "receivers must be paid, so it is necessary to obtain a reasonable estimate of what value the assets have in order to determine if they are sufficient to warrant paying a receiver." The SEC overlooks information that they are in possession of, which displays all of the Defendants financial information that the SEC is requesting in an accounting. The SEC argues that they need the accounting before deciding to pay a receiver to run checks on the business. However, whenever Mr. Fujinaga makes the same argument, showing that he has no ability to pay Gilmore & Gilmore for the prepared accounting, it is labeled an attempt to delay instead. As discussed above, the SEC has the ability to sell off certain property valued at around $1.7 million (one million, seven hundred thousand dollars). The money received from the sale then could have been used to assist in payment for the accounting and/or further business valuation and/or discovery necessary on this matter, obviating the need for this motion. Additionally, it should be noted that the SEC is already in constructive possession of frozen funds in the amount of approximately 1.5 million dollars.

Interestingly, the SEC also alleges that another reason they believe Mr. Fujinaga is shielding assets is because "no tax return has been provided for 2013 income." Mr. Fujinaga, like millions of Americans, has not yet prepared such a tax return for his 2013 income for the April 15, 2014 filing date. Even so, Mr. Fujinaga does not have the means to pay for an accountant to

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

prepare his tax returns as his assets are still frozen.  Thus Mr. Fujinaga's only means of providing the SEC with such information would be to prepare the reports on his own or hire an accountant. The SEC alleges that the Defendants have defrauded around $800 million of investor money. Understandably, it would be nearly impossible for Mr. Fujinaga to personally, properly, and adequately prepare his own income tax returns, let alone prepare an accounting of all his assets.

### D. The SEC Has No Basis for Their Allegation, Claiming the Defendants Have Removed Funds From Their Bank Accounts and Thus are in Violation of the Asset Freeze Order

The SEC claims that the Defendants "have used this time to violate provisions of the asset freeze and probably to remove funds from easily detected domestic bank accounts."  If these bank accounts are "easily detected" as the SEC contends, then the SEC already has all of Defendants' bank account information and they also would know whether funds were removed from these accounts.  The Defendant's have complied almost fully, short of the final accounting, with the Temporary Restraining Order and the Preliminary Injunction.  The Defendants bank accounts have all been disclosed to the SEC, who has been monitoring the accounts to make sure the asset freeze was in compliance by the Defendants.  Now, the SEC makes unsubstantiated allegations claiming that the Defendants "probably" removed funds from those accounts.  These speculations are unsupported.  Moreover, Defendants have invited the SEC for a site inspection to download any and all financial data.  Moreover, the SEC has all of the data from Sterling Escrow Company, who managed the books for Defendants, and has not provided one shred of evidence of any transferring of any funds outside of the United States or to any unknown bank accounts.  The SEC has failed, despite multiple requests, to forward releases for any financial information—which the Defendants have invited on at least five (5) different occasions.   From September, 2013 until the present, the SEC could have deposed Defendants, the accountants, any banks, and/or individuals from Sterling Escrow, and did not.  The invitation from Defendants remains open—the SEC can come to

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

1
2      Defendants' office and inspect all of its financial data and servers, and could arrange for the same during the week of the hearing on the Order to Show Cause.

3
4      Furthermore, the SEC complains they are unable to substantiate the discrepancy between
5      the monies in the bank accounts and Mr. Fujinaga's 2012 tax return.  However, bank account
6      information of Mr. Fujinaga's Factoring Company account, which Mr. Fujinaga used as his
7      personal account, has been provided to the SEC showing the money at issue.  The SEC is grasping
8      at straws to bridge this gap and thus they are making allegations based on suspicions.  The SEC
9      fails to see that Mr. Fujinaga has provided access to all bank accounts in his possession.  The SEC
10     fails to take into account the notion that Mr. Fujinaga placed the money discussed into the
11     Factoring Company accounts, which have been provided, and thus the money is in fact accounted
12     for.  In fact, Defendants have previously advised that most of the expenses were handled and run
13     through the Factoring Company account, and not the personal accounts provided for Defendant
14     Fujinaga.
15
16     The entire argument the SEC is putting forward relies solely on suspicions and not specific
17     facts.  Plaintiff has alleged no facts and no evidence to support the conclusions that the Defendant's
18     are removing funds.

19     **II.     THERE IS NO BASIS TO THE SEC'S ALLEGATION THAT DEFENDANT**
20             **FUJINAGA MAY LEAVE THIS COUNTRY AND THUS HIS PASSPORT**
               **SHOULD BE SURRENDERED**.

21     The SEC argues that Mr. Fujinaga's passport should be surrendered because he "will be
22     tempted to use his hidden resources to leave the country and reach of this Court and the SEC."
23     The SEC fails to show that Mr. Fujinaga has any "hidden resources," and omits important facts to
24     this Court—such as the fact that Defendants, including Fujinaga, have offered open invitations to
25     visit and collect data, and, further, to execute any and all releases for personal and financial
26     information.  In fact, they have no evidence showing that Mr. Fujinaga transferred assets to hidden
27
28

accounts in ANY country.  Plaintiff has lis pendens on all of the properties, has encumbered and frozen all of the assets, and has control of all of the accounts in question.  Moreover, all of the account statements have been provided to the SEC, and Defendants continue to do so on a rolling basis.

There is no credible evidence of any attempt to flee by Defendants.  Defendant has continued to operate the businesses, has continued to pay employees, and, frankly, has worked to Defendant against this lawsuit, the related lawsuit, and the investigation in Japan since it began *over a year ago*.  If Defendant was truly interested in fleeing, he would have done so long ago prior to the intervention of the SEC and the filing of the other lawsuits.  Instead, Defendant has attempted to work with the SEC in resolving this matter, despite the SEC's clear motive to simply destroy the value inherent in the legitimate businesses operated by the Defendants.  In fact, as recently as only weeks before the SEC's filing, Defendants again attempted to reach out to the SEC to resolve this matter for the benefit of the investors—needless to say, these requests have been ignored.

Nobody, and certainly not these Defendants, is running away from the SEC and/or the facts of this case.  Defendants have been providing documentation and complying with the Court's Orders to the best of their abilities, and will continue to do so.  Any intimation otherwise is simply an attempt by the SEC to harass these Defendants, and is unsupported by the constant (and almost daily) communication between the undersigned and the Plaintiff.

## **CONCLUSION**

For the foregoing reasons, the Court should not enter contempt sanctions against the Defendants because they did not violate the asset freeze set forth in the September 12, 2013 and October 17, 2013 Orders and also because Defendants have made substantial efforts to comply with the production of the financial documents for the accounting.  The accounting in this matter is

**DEFENDANTS, EDWIN YOSHIHIRO FUJINAGA, MRI INTERNATIONAL, AND CSA SERVICE CENTER, LLC'S  RESPONSES TO COURT'S ORDER TO SHOW CAUSE OF FEBRUARY 7, 2014.**

complex, and to require the Defendant to personally prepare this under the penalty of perjury, given the complexity of the businesses and the assets, would be essentially to ensure that the Plaintiff would attempt to later accuse him of discrepancies in the preparation of the same. Realistically, it was likely the undersigned's error in agreeing to such a rapid deadline for the production of such a complex document. The shear amount of financial data produced, the number of accounts, the financials involved entail a high level of complexity. Defendants, upon request, would gladly produce to the Court for in-camera review all of the data to-date submitted to the SEC so that the Court may be satisfied that Defendants have made substantial productions in this case.

Ultimately, Defendants request this Court to order payment and funds to Gilmore & Gilmore and any business valuator deemed necessary to finalize the accounting and provide it to the SEC.

The SEC's remaining arguments are unfounded and unsupported by any evidence, and certainly not clear and convincing evidence. There are no facts, no documents to support the request, and, the concurrently filed Declaration and supporting documents indicate Defendants' good-faith compliance and continued production. As such, the Court should not enter the proposed Order against the Defendants.

Dated: February 14, 2014                    Respectfully Submitted,

                                            _____/s/_____.
                                            Daniel L. Hitzke, Esq.

                                            _____/s/_____.
                                            Erick Ferran, Esq.

                                            HITZKE & ASSOCIATES
                                            Attorneys for Defendants,
                                            Edwin Yoshihiro Fujinaga
                                            MRI International, Inc.
                                            CSA Service Center, LLC

17