RICHARD SIMPSON
JAMES A. KIDNEY
GERALD W. HODGKINS
GREGORY G. FARAGASSO
DANETTE EDWARDS
THOMAS SWIERS
100 F St., NE
Washington, D.C. 20549-5949
(202) 551-4492 (Simpson)
(202) 772-9282 (Fax)
simpsonr@sec.gov
Attorneys for the Securities and Exchange Commission

| | |
|---|---|
| **SECURITES AND EXCHANGE COMMISSION,** | )<br>)    Case No.: 2-13-cv-1658<br>)    JCM-CWH |
| Plaintiff, | ) |
| | ) |
| v. | )    **PLAINTIFF'S MEMORANDUM IN**<br>)    **SUPPORT OF MOTION TO FILE**<br>)    **FIRST AMENDED COMPLAINT** |
| **EDWIN YOSHIHIRO FUJINAGA,**<br>et al., | )<br>) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| **CSA SERVICE CENTER, LLC, THE FACTORING CO., JUNE FUJINAGA and THE YUNJI TRUST** | )<br>)<br>) |
| | ) |
| Relief Defendants | ) |

     Plaintiff, the Securities and Exchange Commission ("SEC" or "the Commission"), moves to file a first amended complaint naming three new relief defendants as parties for purposes of better assuring that investors defrauded by the principal defendants may be able to recover at least some of their losses.  The motion is timely filed pursuant to Rule 15(a)(2), F.R.Civ.P. and the Court's scheduling order entered on January 7, 2014, providing that an amended complaint must be filed on or before March 11, 2014.

## **PURPOSE OF THE AMENDED COMPLAINT**

Naming three new relief defendants – The Factoring Co., June Fujinaga and The Yunji Trust – will be enable the Commission to secure more effective relief for investors defrauded by the principal defendants and deprive those defendants, MRI International ("MRI") and Edwin Y. Fujinaga ("Fujinaga") of the benefits of their unlawful conduct.

Bank records obtained by the Commission during initial discovery disclose that The Factoring Co., wholly owned by Fujinaga, was used to funnel funds from MRI and associated entities to Fujinaga's personal use, including payment of alimony to his former spouse. Public property records and information from counsel for proposed relief defendant June Fujinaga disclose that defendant Fujinaga contributed funds derived from investors to at least partially pay for purchase of condominium apartments owned in June Fujinaga's name at the MGM Grand residential tower in Las Vegas. June Fujinaga, in turn, transferred title to these properties to The Yunji Trust in the fall of 2013, about the time the instant lawsuit was filed. June Fujinaga is believed to fully control The Yunji Trust.

In addition, the Fujinagas have rejected repeated requests from the SEC to disclose the source of funds purportedly used by June Fujinaga to pay expenses for the family since bank accounts of the principal defendants and relief defendant CSA Service Center, LLC ("CSA") were frozen pursuant to temporary and preliminary injunctions entered by the Court. Based on available records, the only employment June Fujinaga appears to have had was as a licensed hairdresser in Hawaii early in this century. Repeated refusals to disclose information about June Fujinaga's ability to maintain homes in three states (Hawaii, California and Nevada) and to pay for family living expenses, plus the evidence that defendant Fujinaga paid significant amounts for property in his wife's name, cause a reasonable belief that June Fujinaga has been given access to funds from defrauded investors by which she has sustained these expenses. Naming her as a party will better enable the Commission to examine her finances and hold her accountable for money she received from investors which she has not earned.

**ARGUMENT**

Current defendants and the relief defendant have rejected entreaties from the Commission that they consent to filing of an amended complaint. Nevertheless, Rule 15(a)(2) provides that the court should "freely give leave [to amend] when justice so requires." Amendment is generally permitted absent undue delay, bad faith or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962) as quoted in *Dobson v. Sprint Nextel Corp.*, 2014 WL 553314 (D. Nev. Feb. 10, 2014, Navarro, C.J.). Of these factors, "prejudice is the touchstone of the inquiry under Rule 15(a)." Cunningham-Dirks v. Nevada, 2013 WL 6183934, *2 (D. Nev. 2013, report of Magistrate Ferenbach, adopted by Pro, J.), citing *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973) and *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff is not guilty of undue delay in seeking to amend. Bank records were produced in small batches by the defendants over the course of the fall and winter which disclosed the role of The Factoring Co. in funneling funds to defendant Fujinaga for disposition to his ex-wife and to others. Nor was the SEC informed until after January 1 of this year that June Fujinaga had put her MGM Grand condominiums on the market, which prompted further investigation by the Commission which led to information that her husband had at least contributed to purchasing the units. Only after Christmas, after the defendants broke repeated promises to provide an accounting of the defendants' assets, did the Commission begin to inquire how Fujinaga was being supported. The defendants responded that June Fujinaga was the source of funds, but then refused to disclose where she had received those funds. The Commission has acted reasonably promptly after having first reasonably explored whether naming three new entities as relief defendants was warranted.

No current defendant will be legally prejudiced by permitting the amended complaint. No new claims are alleged against the defendants. No new facts are alleged against them, other than that the relief defendants were provided with funds from defrauded investors. No depositions have yet been taken. In fact, discovery has been delayed and the plaintiff, who bears the burden of proof, has been prejudiced by the long delay and obstructive conduct of the

3

defendants in producing an accounting, complete banking records and information about June Fujinaga's sources of income. Defendants' lack of cooperation and inability to comply with orders of this Court has required that the Court step in to force production of an accounting. No party is more anxious to begin more substantive discovery from non-parties than the plaintiff, which has been prejudiced by delay. Certainly, there is no reasonable argument that three entities closely aligned with, if not controlled by, the defendants should not be added as parties to protect the interests of victims.

## CONCLUSION

For the reasons stated herein, plaintiff's motion to amend the complaint should be granted.

Date: March 7, 2014

Respectfully submitted,

/s/Richard Simpson
RICHARD SIMPSON
JAMES A. KIDNEY
DANETTE EDWARDS
THOMAS SWIERS
100 F St., NE
Washington, D.C. 20549-5949
(202) 551-4441 (Kidney)
(202) 772-9282 (Fax)
kidneyj@sec.gov
Attorneys for the Securities and Exchange Commission