UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : Case No.: 2:13-cv-1658-JCM-CWH |
| Plaintiff, | : |
| v. | : **STIPULATED REQUEST FOR** |
| | : **EXTENSION OF THE DISCOVERY** |
| EDWIN YOSHIHIRO FUJINAGA and | : **CUTOFF AND JOINT REQUEST** |
| MRI INTERNATIONAL, INC., | : **FOR REVISED SCHEDULING** |
| | : **ORDER** |
| Defendants, | : **(Submitted in Compliance With** |
| | : **LR 26-4; First Request as to Newly** |
| and | : **Added Relief Defendants)** |
| CSA SERVICE CENTER, LLC, | : |
| THE FACTORING COMPANY, | : |
| JUNE FUJINAGA, and | : |
| THE YUNJU TRUST, | : |
| Relief Defendants. | : |

Pursuant to Local Rule 26-4, plaintiff Securities and Exchange Commission (the "SEC") and Relief Defendants June Fujinaga and The Yunju Trust (collectively, the "relief defendants") respectfully request that this Court extend the discovery cutoff for approximately 180 days for the reasons stated below and as requested herein. The parties also submit the following revised stipulated discovery plan and jointly request that the Court: (1) approve this plan, and (2) implement the plan as a revised scheduling order. The revised scheduling order will allow the parties to take discovery for the first time pertaining to the SEC's claim against the relief defendants, who were added in a recent amended complaint solely as a means of facilitating collection. The reasons for the requested extension are as follows:

On January 7, 2014, the Court adopted the parties' proposed Discovery Plan and Scheduling Order with some modifications. (ECF Nos. 29 and 30) The Discovery Plan and Scheduling Order included a discovery cutoff date of June 9, 2014, which was subsequently extended to July 9, 2014. (ECF No. 85) On July 22, 2014 – *i.e.*, after the discovery cutoff – the Court granted the SEC's motion to amend the complaint. (ECF No. 117) The SEC filed the amended complaint on July 24, 2014, adding The Factoring Company, June Fujinaga and The Yunju Trust as relief defendants. However, with respect to discovery as to these relief defendants, Section 6(e) of the current Discovery Plan and Scheduling Order provides that its deadlines, including the discovery cutoff, "shall apply to . . . later appearing parties unless the Court orders otherwise upon stipulation or motion" (ECF No. 29) – which, in effect, would preclude any discovery of or by the newly added relief defendants, unless the Court otherwise orders upon this stipulation.

The SEC brought this problem to the Court's attention in a motion for a telephonic conference. (ECF No. 151) The Court subsequently directed the parties to meet and confer to determine whether extension of the discovery deadlines is required. (ECF No. 152) Because of critical personal commitments, counsel for relief defendants June Fujinaga and The Yunju Trust was out of the office and could not meet and confer until October 6, 2014. In the meet and confer, the parties determined that an approximately 180-day extension of the discovery cutoff is required, with respect *only* to the SEC's claim against June Fujinaga and The Yunju Trust. The SEC does not believe that an extension of the discovery cutoff is required with respect to its claim against relief defendant The Factoring Company.

The SEC's case against June Fujinaga and The Yunju Trust centers principally around June Fujinaga's acquisition of two condominium units at the MGM Grand Towers, Units Nos.

2

3219 and 3221 (the "MGM Grand condominiums"). The SEC alleges that the purchase money for these acquisitions constitutes ill-gotten gains to which June Fujinaga does not have a legitimate claim.

An extension of the discovery cutoff as to June Fujinaga and The Yunju Trust will not delay this action or a trial on the merits against defendants Edwin Fujinaga and MRI International, Inc. because, on October 6, 2014, the Court granted the SEC's motion for summary judgment on liability against these defendants. (ECF No. 156) Discovery as to the relief defendants is appropriate now because the SEC added the relief defendants in the amended complaint "purely as a means of facilitating collection." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998)(quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). *Accord FTC v. Johnson*, Case No. 2:10-cv-2203-MMD-GWF, 2013 WL 2460359, at *6 (D. Nev. June 6, 2013)(same); *FTC v. Ivy Capital, Inc.*, Case No. 2:11-cv-283 JCM (GWF), 2011 WL 2118626, at *4 (D. Nev. May 25, 2011)(Mahan, J.)("the relief defendants are essentially nominal defendants, against whom the FTC has alleged no wrongful conduct but from whom the FTC seeks to recover ill-gotten gains").

For these reasons, the SEC and relief defendants June Fujinaga and The Yunju Trust respectfully request that this Court extend the discovery cutoff for approximately 180 days. The parties also submit the following:

**1. Timeliness of Request.** This request is being made subsequent to the July 9, 2014 discovery cutoff. The fact that the SEC was not granted leave to file an amended complaint against June Fujinaga and The Yunju Trust until after the discovery cutoff constitutes good cause for extension of the discovery cutoff. The fact that the SEC was not granted leave to file an amended complaint against June Fujinaga and The Yunju Trust until after the discovery cutoff

3

also demonstrates that the parties' failure to act was the result of excusable neglect within the meaning of Local Rule 26-4.

**2. Status/Discovery Completed.**  The SEC, defendants Edwin Fujinaga and MRI International, Inc., and relief defendant CSA Service Center, LLC, completed discovery on the merits – including all document productions and, with one exception, all depositions – within the discovery cutoff of July 9, 2014.  The one exception is that June Fujinaga, at that time a third-party witness, failed to appear for her deposition on July 1, 2014.  According to her counsel, June Fujinaga was in China and did not appear because she was under the mistaken belief that she was not required to appear because she intended to invoke her Fifth Amendment privilege against self-incrimination and refuse to answer any questions.

After the discovery cutoff, the SEC moved for summary judgment against the defendants on liability, and the defendants moved for partial summary judgment against the SEC on statute of limitations grounds.  (ECF Nos. 113, 122)  On October 6, 2014, the Court granted the SEC's motion for summary judgment and denied the defendants' motion for summary judgment.  (ECF No. 126)  Now that liability as to the defendants has been adjudicated, discovery as to June Fujinaga and The Yunju Trust can be taken at the same time as the case on the merits against the defendants proceeds through the remedies phase and final judgment.

**3. Discovery Remaining.**  With the filing of the amended complaint pursuant to the leave granted by the Court, the SEC requires times to take and complete the following discovery:

a. Document production requests to be propounded on relief defendants June Fujinaga and The Yunju Trust.

      b.  Document production requests to be propounded on Bank of America, which issued cashier's checks that were used as part of the purchase money for the MGM Grand condominiums.

      c.  Document production requests to be propounded on the corporate successor of Soma Financial, which loaned June Fujinaga funds that were used as part of the purchase money for the MGM Grand condominiums.

      d.  Deposition to be taken of June Fujinaga.

In addition, June Fujinaga and The Yunju Trust will have the right to take discovery in the extended discovery period.  Specifically, counsel for June Fujinaga and The Yunju Trust has advised that after obtaining and reviewing the relevant discovery already completed to date, he intends to depose Edwin Fujinaga, representatives of MRI International, representatives of CSA Service Center, and representatives of the Factoring Company in connection with their alleged relationship with June Fujinaga and The Yunju Trust.  Further, counsel has advised that he anticipates that numerous individuals involved with the document preparation, purchase and escrow of the two condominiums may need to be deposed.

    **4. Reasons For Extension.**  In the discovery period on the merits of the action, June Fujinaga and The Yunju Trust were not parties, and discovery as to them would not have been relevant to any party's claim or defense.  The Court did not grant the SEC's motion to amend the complaint to add these relief defendants until July 22, 2014 – *i.e.*, after the July 8, 2014 discovery cutoff.  (ECF No. 117)  The SEC filed the Amended Complaint on July 24, 2014, adding The Factoring Company, June Fujinaga and The Yunju Trust as relief defendants.  (ECF No. 118)

**5. Revised Discovery Schedule.**  The parties stipulate and agree to the following revised discovery plan and ask that the Court adopt it as the revised scheduling order in this case.

   **a. Discovery Cutoff Date.**  The parties respectfully request that the discovery cutoff be extended until Friday, April 3, 2015, as to the SEC's claim against relief defendants June Fujinaga and The Yunju Trust *only*.

   **b. Amendment of Pleadings And Adding Parties.**  The parties agree that this deadline shall not be reopened.

   **c. Expert Disclosures.**  The parties agree that these deadlines shall not be reopened.

   **d. Interim Status Report.**  The parties agree that this deadline shall not be reopened.

   **e. Dispositive Motions.**  The deadline for filing dispositive motions as to the SEC's claim against relief defendants June Fujinaga and The Yunju Trust *only* shall be thirty (30) days after the close of discovery:  Sunday, May 3, 2015.

   **f. Pretrial Order.**  The Joint Pretrial Order referenced in LR 26-1(e)(5), as to the SEC's claim against relief defendants June Fujinaga and The Yunju Trust *only*, shall be filed no later than thirty (30) days after the date set for filing dispositive motions:  Tuesday, June 2, 2015. However, in the event that dispositive motions are filed, the date for filing a Joint Pretrial Order

shall be suspended until thirty (30) days after a decision is rendered by the Court regarding the dispositive motions, or upon further order of the Court.

| | |
|---|---|
| Dated:  Washington, D.C.<br>           October 8, 2014 | Respectfully submitted,<br><br>/s/ *Richard E. Simpson*<br>Richard E. Simpson<br>Attorney for Plaintiff<br>Securities and Exchange Commission<br>100 F. Street, N.E.<br>Washington, D.C. 20549<br>(202) 551-4492 (Simpson)<br>simpsonr@sec.gov<br><br><br>/s/ *Johnny L. Griffin, III*<br>Johnny L. Griffin III<br>1010 F Street<br>Suite No. 200<br>Sacramento, California 95814<br>(916) 444-5557<br>jgriffin@johnnygriffinlaw.com<br>Attorney for Relief Defendants<br>June Fujinaga and The Yunju Trust |

**IT IS SO ORDERED.**

**DATE:**

_____
**HONORABLE CARL W. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**