**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EDWIN YOSHIHIRO FUJINAGA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:13-cv-01658-JCM-CWH <br><br> **ORDER** |

**INTRODUCTION**

Before the Court is Plaintiff's Proposed Order Appointing an Equitable Receiver (doc. # 174), filed November 7, 2014, Defendants' response (doc. # 175), filed November 10, 2014, and Plaintiff's reply (doc. # 176), filed November 10, 2014.  Also before this Court are the receiver bid proposals.

**BACKGROUND**

At a hearing conducted on October 30, 2014, this Court ruled on Plaintiff's motion to appoint a receiver and determined that it would recommend appointing a limited receivership to the district judge for the purpose of managing and maintaining real property in the instant case.  See Doc. # 145; Doc. # 170.  At the hearing, moreover, this Court directed the parties to meet and confer, and submit a proposed stipulated order addressing the issues raised by Plaintiff's motion, along with Defendants' and this Court's comments, and to file a joint status report no later than November 13, 2014.  On November 12, 2014, the parties filed their joint status report.  See Doc. # 177.  Thereafter, Plaintiff filed the proposed order at issue.  Plaintiff also forwarded the receiver bid proposals to this Court.

**DISCUSSION**

**1.      Proposed Order Appointing a Receiver**

Plaintiff has submitted an unstipulated proposed order appointing an equitable receiver in the

instant case. See Doc. # 174. Defendants, in opposition, contend they did not stipulate to Plaintiff's proposed order because it is "far more expansive" than this Court's ruling. Doc. # 175 at 2. For example, Defendants point out that the proposed order erroneously includes "all personal property" of Defendants. Id. at 3. Defendants explain that Plaintiff is not entitled to computers, servers, and technical equipment, which are protected because they contain confidential information and have nothing to do with the management or sale of real property. Defendants then point out that one of the properties listed, the Harmon Medical Center, is neither vacant nor unused, and not entirely owned by Defendants and, thus, should not fall within the scope of the Court's limited receivership order. Defendants also contend that Defendant MRI International, Inc., should not be required at this point to indemnify, defend, and hold harmless any receiver because Plaintiff has not yet established damages in the instant case and Defendants prefer to retain any and all rights to hold a wayward receiver accountable.

In reply, Plaintiff argues that personal property should be included in the proposed order because it would be "disruptive" to allow Defendants continued access to personal property, and such property cannot remain, especially once the real property is sold. See Doc. # 176 at 2. To address Defendants' concerns, per Plaintiff, the Court could add a provision in the order directing the receiver to maintain the confidentiality of information contained in any personal property, and to dispose of such information in an appropriate manner and in consultation with Defendants. Plaintiff also argues that the Harmon Medical Center should be included in the receivership roster because the property "closed" several weeks ago due to nonpayment of its medical malpractice insurance. Id. To the extent a tenant occupies a portion of the property, per Plaintiff, the order includes language that allows the receiver to serve as a landlord and collect all rents. According to Plaintiff, moreover, the owner of the Harmon Medical Center is no longer a viable legal entity, which confirms the need to appoint a receiver for that property. Plaintiff further argues that the indemnification clause should remain to protect the receiver from "intimidating strike suits" by Defendants or their creditors "seeking an unfair advantage." Id. at 3.

As a preliminary matter, this Court notes that the proposed order is rife with issues, including failing to adequately describe the properties, and failing to state why the properties should be included

in the receiver's roster (i.e., due to vandalism, waste, etc.). The proposed order also includes provisions this Court did <u>not</u> grant, such as: (1) a provision allowing the receiver to employ other persons to assist it in its duties, and (2) a provision allowing the receiver to list and market "all" properties (i.e., real and personal property) for sale or lease, which Defendants rightly point out. This Court addresses each of the issues raised by Plaintiff's proposed order:

    **a.**    **Property List**

This Court finds that the property list submitted by Plaintiff is inadequate. As such, Plaintiff shall submit a list to this Court, attached as an exhibit to the proposed order, containing <u>all</u> the properties Plaintiff believes the receiver should assume control over and conserve, and provide a fuller description of each of these properties and reasons <u>why</u> (e.g., waste, vandalism, no viable owner) these properties should be included on the list.

    **b.**    **Harmon Medical Center Property**

This Court finds that the property should be included on the list because, as Plaintiff rightly points out, the property is closed and no viable legal owner exists. Moreover, to the extent a tenant occupies a portion of that property, the receiver can serve as a landlord to manage the property and collect rent.

    **c.**    **Personal Property**

This Court agrees with Plaintiff that it would be disruptive to allow Defendants continued access to personal property. This Court also agrees with Plaintiff that the proposed order should include a provision allowing the receiver to: (1) assume control over personal property, (2) maintain the confidentiality of information contained in such property, and (3) dispose of such information in an appropriate manner and in consultation with Defendants.

    **d.**    **Indemnification of Receiver**

This Court finds that the indemnification provision should remain in the proposed order to allow the receiver to effectively carry out his or her duties.

    **e.**    **Employing Other Persons**

The Court finds the provision allowing the receiver to employ other persons is unwarranted. If the issue ever arises, the receiver shall bring by motion his or her request.

     **f.**     **Status Report**

The Court also finds value in adding a new provision in the proposed order requiring the receiver to submit a report to this Court as required by Civil Local Rule 66-4, and a status report every 90 days for the purpose of apprising the Court of the receiver's activities.

Accordingly, this Court directs the parties to meet and confer, and submit a revised proposed order pursuant to the Court's discussion above.

**2.**     **Receiver Bid Proposals**

The Court has received the bid proposals. The Court will review the proposals and make a recommendation to the district judge in due course.

## CONCLUSION AND ORDER

Based on the foregoing and good cause appearing therefore, **IT IS HEREBY ORDERED** that the parties meet and confer, and submit a revised, proposed stipulated order pursuant to the Court's discussion in this order. The parties shall submit the proposed order to this Court **no later than December 16, 2014**.

DATED: December 2, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**