## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION, )
)
                  Plaintiff,                   )
)
vs.                                             )
)
EDWIN YOSHIHIRO FUJINAGA, *et al.*,   )
)
                  Defendants.             )
_____)

Case No. 2:13-cv-01658-JCM-CWH

**REPORT AND RECOMMENDATION**

## INTRODUCTION

This matter was referred to this Court on Plaintiff's Motion to Appoint Receiver (doc. # 145), filed September 12, 2014, Defendants' response (doc. # 153), filed September 29, 2014, and Plaintiff's reply (doc. # 155), filed October 3, 2014. Also referred to this Court are the receiver bid proposals.

## BACKGROUND

At a hearing conducted on October 30, 2014, this Court ruled on Plaintiff's motion to appoint a receiver and determined that it would recommend appointing a limited receivership to the district judge for the purpose of managing and maintaining real property in the instant case. See Doc. # 170. At the hearing, moreover, this Court directed the parties to meet and confer, and submit a proposed stipulated order addressing the issues raised by Plaintiff's motion, along with Defendants' and this Court's comments, and to file a joint status report no later than November 13, 2014. On November 7, 2014, Plaintiff filed a proposed order, to which Defendants objected, and Plaintiff replied. See Docs. # 174-176. On November 12, 2014, the parties filed their joint status report. See Doc. # 177. Plaintiff also forwarded the receiver bid proposals to this Court.

Upon review of the proposed order and related pleadings, this Court determined that the proposed order was rife with issues, which led the Court to enter an order requiring Plaintiff and Defendants to meet and confer, and to submit a joint revised proposed order reflecting the Court's findings and instructions. See Doc. # 180. Thereafter, the parties filed a revised proposed order on December 10, 2014. See Doc. # 181; see also Doc. # 183.

## DISCUSSION

### 1. Appointing a Receiver

Under federal law, appointing a receiver is an "extraordinary equitable remedy" that is employed with the utmost caution. Canada Life Assur. Co. v. LaPeter, 563 F.3d 837, 844 (9th Cir. 2009) (citation omitted). No precise formula exists for determining when a receiver is appointed. Id. However, federal courts have considered a variety of factors in making such determinations, including whether: (1) the party seeking the receiver has a valid claim; (2) there is fraudulent conduct or the probability of fraudulent conduct by defendant; (3) the property is in imminent danger of loss, concealment, injury, squander, or diminution in value; (4) the legal remedies are inadequate; (5) the harm to plaintiff by denial of a receiver would outweigh injury to the defendant opposing appointment; (6) plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and, (7) plaintiff's interests will be well-served by the receivership. Id. Generally, a receiver should be appointed only when notice has been given. Solis v. Matheson, 563 F.3d 425, 438 (9th Cir. 2009).

Here, Plaintiff has given notice to Defendants in filing its motion to appoint a receiver. Applying the factors considered by courts in receivership determinations, moreover, this Court finds that Plaintiff, as the party seeking a receiver, has a valid claim in the instant case and Plaintiff has shown that a receivership is appropriate because Defendants are being prosecuted for engaging in a Ponzi scheme, a fraudulent activity. Indeed, the district judge in this case has already found Defendants liable for violations of federal securities laws. In addition, Plaintiff, at the October 30, 2014 hearing and in its attachment to the revised proposed order (doc. # 181-1), demonstrates that the real property at issue here are in imminent danger of, among others, loss and diminution in value due to vandalism, waste, and/or the lack of a viable owner. Plaintiff further demonstrates the need for a

receiver to manage personal property in the instant case. See Docs. # 174; # 176; 180.

This Court finds that denying the appointment of a receiver here would cause irreparable injury to plaintiff's interest in the properties. Given such, the Court finds that a limited receivership is appropriate in the instant case to assume control over the properties and to manage and protect these properties, with the Court having the option to appoint a general, or unrestricted, receivership once a final judgment has been entered against Defendants. The parties have submitted a revised proposed order that is compliant with this Court's instructions and findings. Accordingly, this Court recommends that a limited receivership be appointed in the instant case and, in doing so, the revised proposed order submitted by the parties (doc. # 181) be adopted in its entirety.

**2.   Receiver Bid Proposals**

This Court has reviewed the receiver bid proposals submitted by Plaintiff. The Court recommends the appointment of Robb Evans & Associates LLC, which this Court believes is best suited for the limited receivership position.

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY RECOMMENDED** that a limited receiver be appointed in the instant case and, in doing so, the revised proposed order submitted by the parties (doc. # 181) be adopted in its entirety.

**IT IS FURTHER RECOMMENDED** that Robb Evans & Associates LLC be appointed as the limited receiver in the instant case.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the district court's order and/or appeal factual issues from the order of the district court. Martinez v. Ylst, 951 F.2d 1153, 1157

(9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 7, 2015

_____
**C.W. Hoffman, Jr**
**United States Magistrate Judge**