UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>   v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Hoffman. (Doc. # 186). Defendants filed an objection, (doc. # 187), and the SEC filed a reply, (doc. # 192).

**I.   Background**

The instant case arises from a Ponzi scheme perpetrated by defendants. Defendants collected hundreds of millions of dollars for purported investments in medical accounts receivable. Defendants used these funds to repay earlier investments as well as for their own personal expenses. By May 2013, defendants had entirely depleted the invested funds. (Doc. # 118).

On September 11, 2013, the SEC filed a civil enforcement action against defendants. (Doc. # 2). On October 7, 2013, the parties stipulated to the entry of a preliminary injunction. (Doc. # 20). On December 11, 2013, defendants filed an answer to plaintiff's complaint. (Doc. # 27). The parties completed discovery by July 8, 2014. (Doc. # 138).

On July 16, 2014, the SEC filed a motion for summary judgment on liability. (Doc. # 113). On October 3, 2014, the court granted the SEC's motion. (Doc. # 156).

**James C. Mahan**
**U.S. District Judge**

1    On September 12, 2014, the SEC filed a motion to appoint an equitable receiver. (Doc. # 145). Defendants filed a response, (doc. # 153), and the SEC filed a reply, (doc. # 155). The court also received bid proposals from potential receivers. (Doc. # 186).

On October 30, 2014, Judge Hoffman held a hearing on the motion. (Doc. # 170). The court determined that it would recommend appointing a limited receiver to manage and maintain real property involved in the instant case. (Doc. # 186). The court directed the parties to submit a proposed stipulated order. (Doc. # 170).

On November 7, 2014, the SEC filed a proposed order. (Doc. # 174). Defendants objected, (doc. # 175), and the SEC replied, (doc. # 176). The court reviewed the proposed order and noted many issues. (Doc. # 186). Accordingly, the court ordered the parties to submit a joint revised proposed order reflecting the court's findings and instructions. (Doc. # 180).

On December 10, 2014, the SEC submitted a proposed order. (Doc. # 181). On December 11, 2014, Judge Hoffman issued a minute order noting that the SEC's proposed order did not appear to be stipulated to by the parties. (Doc. # 182). Accordingly, Judge Hoffman allowed defendants time to file a responsive pleading. (Doc. # 182).

On December 16, 2014, defendants filed a response explaining that they had agreed with the SEC on the language of the proposed order. (Doc. # 183). Defendants noted that they asked the SEC to remove the term "stipulated" to preserve appellate rights or rights to request reconsideration. (Doc. # 183). However, defendants stated that they had "no objection to the form of the Proposed Order as submitted by the SEC." (Doc. # 183).

On January 7, 2015, Judge Hoffman issued a report and recommendation. (Doc. # 186). Judge Hoffman recommended that a limited receiver be appointed and that the revised proposed order, (doc. # 181), be adopted in its entirety. (Doc. # 186). Judge Hoffman further recommended that Robb Evans & Associates LLC be appointed as the limited receiver in the instant case. (Doc. # 186).

On January 24, 2015, defendants filed an objection to the report and recommendation, belatedly highlighting perceived issues with the joint proposed order and arguing that a limited

James C. Mahan
U.S. District Judge

- 2 -

receiver should not be appointed. (Doc. # 187). On February 9, 2015, the SEC filed an opposition to defendants' objections. (Doc. # 192).

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. LR IB 3-2(a). Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen days after service of the motion. LR 7-2.

## III. Discussion

In the instant objection, defendants first claim that appointment of a receiver is not necessary in this case. (Doc. # 187). Defendants contend that the SEC has made an insufficient showing as to the necessity of a receiver. (Doc. # 187).

Further, defendants claim that the proposed order improperly "contains numerous provisions not envisioned or addressed at the October 30, 2014 hearing . . . ." (Doc. # 187). Defendants accordingly argue that they should be afforded an opportunity for a full hearing or full briefing on the merits of imposing these additional requirements. (Doc. # 187).

Having reviewed the parties' filings de novo, the court concurs with Judge Hoffman's report and recommendation and will adopt them in their entirety. The court has already granted summary judgment for the SEC and entered judgment in the instant case. These findings demonstrate defendants' fraudulent conduct. At the hearing before Judge Hoffman, the parties presented competent evidence of damage to the properties. Judge Hoffman properly concluded that appointment of a limited receiver is warranted to preserve the properties and interests at issue.

James C. Mahan
U.S. District Judge

1  *See Solis v. Matheson*, 563 F.3d 425, 438 (9th Cir. 2009) (discussing factors to be considered upon
2  request to appoint receiver).
3      Defendants' arguments regarding the proposed order's additions are without merit. The
4  SEC properly included the proposed order's additions pursuant to the court's December 2, 2014,
5  order. (Doc. # 180). Having reviewed the evidence and the court's December 2, 2014, order, the
6  court finds these additions to be appropriate.
7      Additionally, defendants expressly consented to the proposed order in their December 16,
8  2014, response to the court. (Doc. # 183). Defendants had an adequate opportunity to raise
9  objections to the appointment of a receiver, and the scope of that appointment, at the hearing before
10  Judge Hoffman on October 30, 2014. (Doc. # 170).
11      For the foregoing reasons, the court will adopt Judge Hoffman's report and
12  recommendation in their entirety. The court will enter the SEC's proposed order and will appoint
13  Robb Evans & Associates LLC as the limited receiver in this case.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Hoffman, (doc. # 186), are ADOPTED in their entirety.

The court will enter the proposed order, (doc. # 181), appointing Robb Evans & Associates LLC as the limited receiver in this case.

DATED February 23, 2015.

                                                                /s/ James C. Mahan
                                                                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**