UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>    v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants Edwin Fujinaga and MRI International's (hereinafter "defendants") motion for reconsideration. (Doc. # 196). Plaintiff Securities and Exchange Commission (hereinafter "the SEC") filed a response, (doc. # 198), and defendants filed a reply, (doc. # 204).

Also before the court is defendants' motion for extension of time. (Doc. # 205).

**I.  Background**

The instant case arises from a Ponzi scheme perpetrated by defendants. Defendants collected hundreds of millions of dollars for purported investments in medical accounts receivable. Defendants used these funds to repay earlier investments as well as for their own personal expenses. By May 2013, defendants had entirely depleted the invested funds. (Doc. # 118).

On September 11, 2013, the SEC filed a civil enforcement action against defendants. (Doc. # 2). On October 7, 2013, the parties stipulated to the entry of a preliminary injunction. (Doc. # 20). On December 11, 2013, defendants filed an answer to the SEC's complaint. (Doc. # 27). The parties completed discovery by July 8, 2014. (Doc. # 138).

**James C. Mahan**
**U.S. District Judge**

1       On July 16, 2014, the SEC filed a motion for summary judgment on liability. (Doc. # 113). On October 3, 2014, the court granted the SEC's motion. (Doc. # 156). On November 24, 2014, the SEC filed a motion for judgment against defendants Fujinaga and MRI International, Inc. (Doc. # 178). Defendants filed a response, (doc. # 184), and the SEC filed a reply, (doc. # 185).

On January 27, 2015, the court granted the SEC's motion for judgment, holding defendants jointly and severally liable for the disgorgement of proceeds in the amount of $442,229,611.70, and prejudgment interest in the amount of $102,129,752.38. The court also held defendants liable for civil money penalties of $20,000,000.00 each. Finally, the court permanently enjoined defendants from any further securities violations. (Doc. # 188).

On the same date, the clerk entered judgment in favor of the SEC in the same amounts. (doc. # 189). On February 4, 2015, the SEC filed a motion to certify the court's judgment as final pursuant to Federal Rule of Civil Procedure 54(b). Defendants did not file a response, and the court granted the motion on February 25, 2015. (Doc. # 195).

On March 9, 2015, defendants filed the instant motion for reconsideration. (Doc. # 196). On April 15, 2015, upon filing their reply, defendants filed the instant motion to extend time. (Doc. # 205).

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**III.    Discussion**

In the instant motion, defendants argue that the court should reconsider its January 27, 2015, order on the SEC's motion for judgment. (Doc. # 196). Defendants contend that reconsideration is proper because "the SEC failed to meet its burden of reasonably approximating

James C. Mahan
U.S. District Judge

- 2 -

a disgorgement value, and provided improper, inadmissible, and previously unproduced expert testimony in support of its Motion." (Doc. # 196). The SEC responds that defendants' motion is no more than "a veiled attempt to re-argue their opposition to the SEC's motion for final judgment." (Doc. # 198).

Defendants argue that the court committed clear error in granting the SEC's motion for judgment in the amounts requested. Defendants also state that there is new evidence in this case that warrants reconsideration. These arguments will be addressed in turn.

*A. Clear error*

Defendants contend that the court erroneously considered improper evidence and applied inconsistent legal standards, such that reconsideration is warranted. (Doc. # 196). The court will address each clear error argument individually.

*i.     Rand declaration*

Through the instant motion, defendants restate their objections to Mr. Rand's declaration already made in their response to the SEC's motion for judgment. The court rejected these arguments in concluding that Mr. Rand served as a summary witness for the SEC. The court did not consider Mr. Rand's declaration as expert testimony, and finds that defendants' arguments do not provide a basis for reconsideration. *See United States v. Ransfer*, 749 F.3d 914, 937 (11th Cir. 2014) ("The testimony did not require expertise because it was a summary of financial records the witness reviewed and an explanation of how the summary was calculated."); *see also SEC v. Blackwell*, No. 3:11-CV-0234-L, 2012 WL 13564, at *3 (N.D. Tex. 2012) (considering declaration of SEC accountant based on analysis of bank account activity and concluding that method of calculating interest was reasonable).

Mr. Rand's declaration provided an explanation of the SEC's calculation methods for profits to be disgorged in this case. The court independently reviewed the SEC's proposed figures and calculations, concluding that the SEC produced sufficient evidence to show that its disgorgement approximation was reasonable. (Doc. # 188).

Pursuant to the applicable legal standard, the burden then shifted to defendants to show that the SEC's figures were not reasonable. The court found that defendants failed to meet this

**James C. Mahan**
**U.S. District Judge**

- 3 -

burden.[1]  Accordingly, the court found it appropriate to hold defendants liable for disgorgement in the amount requested by the SEC.

The court has already rejected defendants' arguments that Mr. Rand's declaration constitutes improper expert testimony.  Mr. Rand's declaration served as a summary of the SEC's evidence in support of disgorgement, and did not constitute opinion testimony based on specialized knowledge.  Because defendants cannot show that the court committed clear error in considering Mr. Rand's declaration, reconsideration is not appropriate on these grounds.

    *ii.*  *Inconsistent legal standards*

Defendants contend that the court applied inconsistent legal standards in reviewing the evidence in the case.  Specifically, defendants argue that the court accepted the SEC's reliance on summary charts while penalizing defendants for failing to produce voluminous records in support of their opposition. (Doc. # 196).

The SEC responds that this argument is baseless and that the court "ruled consistently with a record that contained glaring differences in proof." (Doc. # 198).  The SEC contends that Mr. Rand's declaration was inherently more reliable than that of Mr. Fujinaga, for a few reasons. (Doc. # 196).

First, the SEC notes that Mr. Fujinaga's declaration was properly viewed with suspicion, considering his implication in the wrongdoing at issue in this case.  Second, the SEC points out that while Mr. Rand prepared his spreadsheets based on the records at issue, Mr. Fujinaga did not personally create the tables attached to his declaration.[2]  Third, the SEC contends that its calculations were more trustworthy because Mr. Rand's declaration included an explanation of the methodology used to obtain the disgorgement amounts, while the declaration of defendant Fujinaga did not include such a description.

---

[1] In particular, the court rejected defendants' argument that the disgorgement amount should not include funds received before 2008.  In doing so, the court cited applicable case law supporting its conclusion and noted that the amended complaint in this case included allegations of conduct predating 2008. (Doc. # 188).

[2] Mr. Fujinaga's declaration included the following statement: "To my knowledge, this [compilation from the bank statements] was prepared by Shiu Ling Lam, an employee of MRI, at my direction.  Ms. Lam is no longer employed by MRI." (Doc. # 184-2).

James C. Mahan
U.S. District Judge

1   The court agrees. The SEC's calculations were based on MRI's balance sheet, which the court considered in determining whether the SEC's approximations were reasonable. After concluding that the SEC had met its burden, the court looked to the evidence produced by defendants in opposition.

The court concluded that defendants failed to show how the SEC's calculations were unreasonable. While the court noted that defendants failed to provide records in support of their calculations, the court did not base its analysis on this fact alone. Instead, the court reviewed defendants' arguments and concluded that they failed to refute the SEC's reasonable calculations. (Doc. # 188).

The court did not apply two different evidentiary standards to the parties' data. Instead, the court first considered the SEC's disgorgement calculations, concluding based on the evidence provided that they were reasonable. The court then appropriately shifted the burden to defendants to show that the SEC's approximation was improper. Upon considering defendants' supporting evidence, the court concluded that defendants did not meet this burden.

On this basis, the court found that the SEC was entitled to disgorgement in the amount requested. This was not clear error. The motion for reconsideration will not be granted on defendants' theory of inconsistent legal standards.

*iii.     Failure to include liquidations*

Defendants also take issue with the fact that the court failed to offset the disgorgement amount with defendants' proposed amounts of liquidations or redemptions paid out to investors. As the court previously held, the SEC met its burden to show a reasonable approximation of disgorgement funds. By contrast, the court found that defendants failed to meet their burden of proving the SEC's approximation unreasonable. (Doc. # 188).

In the instant motion, defendants provide the same arguments as to why the court should offset the disgorgement amounts with liquidations. Defendants attempt to bolster their contentions by attaching bank statements and further declarations. Defendants argue that the court should consider this evidence and alter its ruling because defendants were not provided an appropriate opportunity to respond to the SEC's evidence produced in support of its motion for judgment.

James C. Mahan
U.S. District Judge

- 5 -

The court has already declined to entertain defendants' objections regarding Mr. Rand's declaration. The court will not readdress these previously rejected arguments on a motion to reconsider. Defendants have not shown that the court committed clear error in failing to adopt the defendants' proposed calculations. Accordingly, reconsideration on these grounds is not appropriate.

    *iv.*  *Prejudgment interest*

Defendants argue that the court improperly calculated prejudgment interest. In support of this contention, defendants largely restate arguments previously made in support of their response to the SEC's motion for judgment, as well as reasoning contained in the instant request for reconsideration of the disgorgement amounts imposed.

Prejudgment interest is contingent on the proper disgorgement amount. Pursuant to the analysis above, the court finds that reconsideration of the disgorgement amount in this case is not appropriate. Accordingly, the court will also decline the request to reconsider prejudgment interest.

Defendants do not show clear error or new evidence warranting reconsideration of the prejudgment interest amounts. The court imposed prejudgment interest consistent with the SEC's reasonable approximation for disgorgement. For these reasons, the motion to reconsider will not be granted on these grounds.

    *v.*  *Penalties*

The court will not reconsider its decision to impose civil monetary penalties on defendants. Here, defendants again restate arguments previously made in their response to the SEC's motion for judgment. In essence, defendants argue that penalties are inappropriate because defendants do not pose a threat of future violations. (Doc. # 196).

Defendants seek to introduce further support for this argument in the form of correspondence between Mr. Fujinaga and other individuals regarding Japanese securities laws. These attachments do not constitute "newly discovered evidence," and are not relevant to the court's decision to impose civil monetary penalties. Accordingly, reconsideration on this basis is not appropriate.

**James C. Mahan**
**U.S. District Judge**

- 6 -

The court imposed third-tier civil penalties in light of the amounts fraudulently obtained from investors in this case. Defendants fail to show clear error. In fact, the court believes that the applicable case law clearly supports the imposition of third-tier penalties in this case. The motion will not be granted on this basis.

*B. New evidence*

Defendants purport to submit new evidence and analysis, contending that they should have been afforded the opportunity to cross-examine and challenge the SEC's reasonable approximation of disgorgement. In particular, defendants attach proposed tax returns and bank statements. Defendants state that "[d]ue to both time and monetary constraints, this information was not previously available; moreover, it is the byproduct of months of effort, which was required to reanalyze MRI's income position and the subsequent tax returns." (Doc. # 196).

The SEC responds that all evidence submitted in conjunction with defendants' motion was available to defendants to use in their response to the SEC's motion for judgment, with the exception of the amended tax return drafts. However, the SEC contends that these documents have no weight because they are simply unsigned drafts prepared by accountants for defendant Fujinaga. Further, the SEC notes that the documents upon which these drafts are based were previously available. (Doc. # 198).

The court agrees with the SEC on this issue. Defendants have not shown "newly discovered evidence" warranting reconsideration. Instead, defendants simply present evidence that was previously available in additional forms, in an attempt to obtain a different result. The court is not persuaded that reconsideration is warranted on these grounds. Accordingly, the court will not grant the motion to reconsider on the basis of newly discovered evidence.

*C. Motion for extension of time*

On April 15, 2015, defendants filed a motion for extension of time within which to present new evidence. Defendants note that they have recently obtained new counsel. Defendants seek an additional fourteen days to review records and present new evidence to the court. They state that the SEC declined to stipulate to this request, in light of its desire to secure a final judgment as soon as possible. (Doc. # 205).

**James C. Mahan**
**U.S. District Judge**

The court will deny defendants' request. The instant issues have been briefed extensively, and the court has already ruled on them. Further, defendants had the chance to present new evidence through the instant motion. The court will not delay resolution of this case any further.

### IV. Conclusion

Overall, the court is not persuaded by defendants' arguments. The court considered the evidence produced by the SEC in support of its motion for judgment and concluded that the proposed amounts for disgorgement, prejudgment interest, and civil penalties were reasonable. As already stated, defendants have been provided more than sufficient opportunity to respond and refute the SEC's arguments. They still fail to do so.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for reconsideration, (doc. # 196), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion for extension of time, (doc. # 205), be, and the same hereby is, DENIED.

DATED April 20, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**