UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : Case No.: 2:13-cv-1658-JCM-CWH |
| Plaintiff, | : |
| v. | : **ORDER** |
| | : **APPOINTING A FULL** |
| EDWIN YOSHIHIRO FUJINAGA and | : **EQUITABLE RECEIVER TO** |
| MRI INTERNATIONAL, INC., | : **ASSUME CONTROL OVER THE** |
| | : **DEFENDANTS' ASSETS AND** |
| Defendants, | : **ENFORCE THE FINAL** |
| | : **JUDGMENT** |
| and | : |
| CSA SERVICE CENTER, LLC, | : |
| THE FACTORING COMPANY, | : |
| JUNE FUJINAGA, and | : |
| THE YUNJU TRUST, | : |
| Relief Defendants. | : |

This cause comes before the Court on the motion of Plaintiff Securities and Exchange Commission ("SEC"), pursuant to Rule 66 of the Federal Rules of Civil Procedure and Local Rules 66-1 through 66-10, for an order appointing an equitable receiver for all assets owned or controlled, directly or indirectly, by judgment debtors Edwin Fujinaga and MRI International, Inc., including, but not limited to, Relief Defendants CSA Service Center, LLC, and The Factoring Company, and all of their assets. On January 27, 2015, the Court entered a Judgment against Defendants Fujinaga and MRI finding them jointly and severally liable for a total of $584,359,363 in disgorgement, prejudgment interest, and civil penalties and, on February 25, 2015, certified pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that this Judgment is a Final Judgment (the "Final Judgment")(ECF Nos. 188, 189, 195). In connection with the

instant motion for the appointment of a full equitable receiver, the Court has received, read and considered the papers submitted by the parties, held the hearing required by Local Rule 66-2 and, being fully advised in the premises,

THE COURT HEREBY ORDERS THAT:

1. The SEC's motion is granted.

2. Robb Evans & Associates LLC ("Robb Evans" or the "Receiver") is hereby appointed to be the Receiver for all assets owned or controlled, directly or indirectly, by judgment debtors Edwin Fujinaga and MRI International, Inc., including, but not limited to, Relief Defendants CSA Service Center, LLC, and The Factoring Company, and all of their assets. The Court previously selected Robb Evans to be the Receiver of certain parcels of commercial property owned or controlled by the Defendants (ECF Nos. 193, 194), following a process in which three receiver candidates submitted proposals to the Court. This Order supersedes that previous Order Appointing an Equitable Receiver (ECF No. 194).

3. The Receiver shall have all powers conferred by the provisions of 28 U.S.C. § 754.

4. The Receiver is hereby authorized, empowered, and directed to perform the following duties and responsibilities, as reasonably appropriate and necessary to comply with and effectuate the goals and purposes of the equitable receivership:

a. Levy on assets, file collection actions, file fraudulent transfer actions, and take all reasonable measures to enforce the Final Judgment as though the Receiver were the judgment creditor in this action. The Receiver may take the measures described in this sub-paragraph concurrently with the SEC or, following consultation with the SEC, may take such measures solely and independently. The SEC shall also retain its rights to solely and independently enforce the Final Judgment.

    b. Take and retain immediate possession, custody, and control of all assets owned or controlled, directly or indirectly, by any of the Defendants. The term "assets" as it is used in this Order includes, but is not limited to, real property, personal property, money and funds, and the books and records pertaining to the assets.

    c. Take and retain immediate possession, custody, and control of Relief Defendants CSA Service Center, LLC, and The Factoring Company, and any other entities in which the Defendants hold an ownership interest, including, but not limited to, HMC Service Center, LLC. Defendants Fujinaga and MRI are hereby ordered to turn over to the Receiver all shares, stock certificates, partnership interests, and any other forms of ownership in Relief Defendants CSA Service Center, LLC, and The Factoring Company; HMC Service Center, LLC; and any other entities in which the Defendants hold an ownership interest. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of those entities under applicable state and federal law, by the governing chargers, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver in equity.

    d. Take and retain immediate control over any civil action in which one or more of the Defendants is a party including, but not limited to, *Hoy's, Inc. v. EBJ&F, LLC*, Case No. 2:13-cv-912, in the United States District Court for the District of Nevada, and act as though the Receiver were the real party-in-interest in any such action and, if the Receiver determines, following consultation with the SEC, that any of the following measures are in the best interest of the receivership estate, to negotiate a settlement of any such action and to consent to the sale, transfer, or disposal of any real or personal property involved in that action, with the proceeds to be placed in escrow pending the final settlement or adjudication of the action. This sub-

paragraph shall not apply to *Takiguchi v. MRI International, Inc.*, Case No. 2:13-cv-1183, in the United States District Court for the District of Nevada, in which Defendants Fujinaga and MRI are Defendants.

 e. Take and retain immediate and exclusive possession, custody, and control from the Defendants of all keys, key cards, passwords, user names, and any other means of access to the real or personal property owned or controlled, directly or indirectly, by the Defendants and any locked or secure areas within the Defendants' real property including, but not limited to, safes, secure computer or information systems, secure rooms, and locked cabinets.  The Receiver also shall take immediate and exclusive possess, custody, and control from the Defendants of all keys to any safe deposit boxes within the Defendants' control.

 f. Take all steps the Receiver deems necessary to secure and protect the real property owned or controlled by the Defendants including, but not limited to, their personal property, premises, files, and computer or information systems.

 g. Engage and employ persons to assist the Receiver in carrying out its duties and responsibilities herein including, but not limited to, maintenance, repair, and security personnel.

 h. Engage and employ attorneys, accountants, or investigators to assist the Receiver in carrying out its duties and responsibilities herein.

 i. May, in the Receiver's discretion, pay all debts and remove all encumbrances as necessary and reasonable to preserve the real property owned or controlled, directly or indirectly, by the Defendants against foreclosure and loss including, but not limited to, all local, state and federal taxes, priority liens, and property insurance.  The Receiver may pursue negotiated settlements of all such debts and encumbrances.

j. Immediately report to the SEC any transactions by the Defendants after the date of the temporary restraining order (September 12, 2013) that appear not to be in the normal course of business.

k. Immediately take and retain possession of, open, and, monitor all deliveries, email, facsimiles, mail, and any other correspondence directed to or received by the Defendants or their agents, pertaining to any assets owned or controlled, directly or indirectly, by the Defendants.

l. Subject to the provisions of paragraph 5 below, retain one or more qualified real estate brokers to list and market one or more of the parcels of real property (including, but not limited to, any personal property located in or at any such parcels).

m. Take such further action as the Court determines to be equitable, just, and appropriate under the circumstances upon proper application.

5. The Receiver shall obtain prior approval of the Court, upon reasonable notice to the SEC's counsel of record, for any proposed actions or decisions taken in the course of the receivership that will involve or necessitate the substantial commitment, liquidation, or transfer of assets owned or controlled, directly or indirectly, by the Defendants (*i.e.*, beyond day-to-day management expenses), or any other substantial commitment (*i.e.*, beyond day-to-day management activities) of, affecting, or binding upon the Defendants.

6. Insofar as there is a tenant occupying any portion of any parcel of real property owned or controlled, directly or indirectly, by the Defendants, the Receiver shall take over the role of landlord, collect all rents and issues paid by the tenant, and take over the occupancy of the property upon the expiration or termination of the lease.

7. In accordance with Local Rule 66-6, the Receiver shall not employ an attorney, accountant, or investigator without first obtaining an order of the Court authorizing such

employment.  The compensation of such persons shall be fixed by the Court, after hearing, upon the applicant's verified petition setting forth in reasonable detail the nature of the services.  The application shall state under oath that the applicant has not entered into any agreement, written or oral, express or implied, with any other person concerning the amount of compensation paid or to be paid from the assets of the estate, or any sharing thereof.

8.  In accordance with Local Rule 66-7, and except as otherwise allowed by statute or ordered by the Court, no party in interest, and no accountant, attorney, employee or representative of a party in interest, shall be employed by the Receiver.

9.  The check proceeds and other assets deposited into the custodial account of a federally insured bank pursuant to paragraphs 7 and 8 of the Order Appointing an Equitable Receiver entered on February 23, 2015, in this action (ECF No. 194) shall be used to pay the reasonable costs, expenses, and fees of the Receiver incurred in connection with the performance of its duties described herein, including, but not limited to, the reasonable costs, expenses, and fees of all persons who may be engaged by the Receiver to assist in the carrying out of the Receiver's duties.  All requests for payment of costs, expenses, and fees of the Receiver and those employed by the Receiver shall be made by application to the Court, setting forth in reasonable detail the nature of any such costs, expenses, and fees.  Within forty-five (45) days after the end of each calendar quarter, the Receiver and Court-approved personnel retained by the Receiver shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least five (5) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by the SEC.

10. The Receiver shall take all necessary steps to enable the assets described in paragraph 9 above to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Settlement Fund.  The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund."  The Defendants shall cooperate with the Receiver in fulfilling the Settlement Fund's obligations under Treas. Reg. § 1.468B-2.

11. The Receiver shall deposit the net sale proceeds of any sale or lease effected pursuant to paragraph 5(l) above into the custodial account described in paragraph 9 above.

12. The Receiver and all persons the Receiver may engage or employ to assist in carrying out the Receiver's duties and obligations shall not be liable for any act or omission of the Receiver or such person, respectively, or any of their agents, employees or partners, unless it is proven that the Receiver or such other person acted, or omitted to act, in bad faith.  This provision shall apply to claims based on conduct during the term of any agreement that may be entered into between the Receiver and any other person who may be engaged or employed by the Receiver, even if such claims are filed after the termination of any such agreement.

13. The Defendants shall indemnify, defend, and hold harmless the Receiver, the Receiver's firm, and the Receiver's agents, consultants, employees, successors and assigns from and against all actions (pending or threatened and whether at law or equity in any forum), liabilities, and damages. This paragraph applies to costs, expenses, and losses including, but not limited to, reasonable attorneys' and other professional fees, arising from acts or omissions of the Receiver or the Receiver's agents, consultants, employees, and firm under the terms of this Order.

14. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

15. The Receiver may be removed at any time by the Court and replaced with a successor, *sua sponte*, upon request of the SEC, or otherwise. In the event that the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.

16. All persons who receive actual notice of this Order by personal service or otherwise are enjoined from in any way disturbing the assets of the Defendants and from filing or prosecuting any judicial action or proceeding of any kind, civil or criminal, pertaining to the assets or funds of the Defendants, and from appointing a receiver or administrator of the assets or funds of the Defendants, except on leave having been granted by this Court. The Receiver shall not be required to respond to any subpoena or other court process (for documents or testimony) relating to the Receiver's duties, except on order of this Court.

17.  On the request of the SEC, the Receiver shall provide the SEC with any documentation that the SEC considers necessary to meet its reporting obligations, that is mandated by Congress or statute, or that is otherwise necessary to further the SEC's mission.

18.  The Receiver shall make all reasonable efforts to maintain the privacy and confidentiality of all information that it obtains in the course of the receivership.

19.  In accordance with Local Rule 66-4, within sixty (60) days of being appointed, the Receiver shall file a verified report and account of the Receiver's administration, which shall be heard in a hearing before the Court upon fourteen days' notice to all parties and known creditors of the Defendants.  The report and account shall contain the following:

a.  A summary of the operations of the Receiver.

b.  An inventory of the known assets owned or controlled, directly or indirectly, by the Defendants, and the appraised value of such assets.

c.  A schedule of all the Receiver's receipts and disbursements.  The Receiver shall identify against whom funds were collected and against which Judgment(s) the funds collected should be credited.

d.  A list of all known creditors with their addresses and the amounts of their claims.  This sub-paragraph does not apply to investors who purchased certificates of investment from MRI.

e.  The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

20.  At the hearing provided for in paragraph 19 above, the Court shall approve or disapprove the Receiver's report and account, determine whether the receivership may continue, and fix the time for further regular reports by the Receiver, if applicable.

21. In accordance with Local Rule 66-5, the Receiver shall give all interested parties and creditors at least fourteen (14) days' notice of the time and place of hearings of:

   a. All further reports of the Receiver.

   b. All petitions for approval of the payment of dividends to creditors.

   c. All petitions for confirmation of sales of real or personal property.

   d. All applications for fees of the Receiver, or of any attorney, accountant, or investigator.

   e. Any application for the discharge of the Receiver.

   f. All petitions for authority to sell property at private sale.

22. In accordance with Local Rule 66-10, and in all other respects or as ordered by the Court, the Receiver shall administer the estate as nearly as may be in accordance with the practice in the administration of estates in Chapter 11 bankruptcy cases.

23. Subject to all rights and privileges available under the law, the Defendants, and their agents, directors, officers, servants, employees, and attorneys-in-fact, and anyone affiliated with, in control of, or under the control of, the Defendants, shall:

   a. Provide to the Receiver complete and unfettered access to all books, documents, and records pertaining to their assets, wherever located, and in whatever form or format they exist, including computerized and electronic records, contracts, and tax returns. The Defendants shall cooperate fully with the Receiver in this regard, and shall turn over or provide complete and unfettered access to such books, documents, and records.

   b. Provide to the Receiver complete, immediate and exclusive possession, custody, and control of all keys, key cards, passwords, user names, and any other means of access to their real

or personal property including, but not limited to, safes, secure rooms, secure computer or information systems, locked cabinets, and keys to safe deposit boxes.

 c.  Take no action, directly or indirectly, to delay, hinder, obstruct, delay, or otherwise interfere in any manner with the actions of the Receiver or any other person engaged or employed by the Receiver to assist in carrying out the Receiver's duties herein.

 24.  At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by the SEC, as well as the Receiver's final application for compensation and expense reimbursement.

SO ORDERED.

Dated:  Las Vegas, Nevada
   May 15, 2015

                 _____
                 HON. JAMES C. MAHAN
                 UNITED STATES DISTRICT JUDGE