UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>    v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants Edwin Fujinaga and MRI International, Inc.'s (collectively "defendants") motion to stay execution of judgment pending appeal. (Doc. # 236). The SEC filed a response, (doc. # 237), and defendants filed a reply, (doc. # 240).

I.     **Background**

The instant case arises from a Ponzi scheme perpetrated by defendants. Defendants collected hundreds of millions of dollars for purported investments in medical accounts receivable. Defendants used these funds to repay earlier investments as well as for their own personal expenses. By May 2013, defendants had entirely depleted the invested funds. (Doc. # 118).

On September 11, 2013, the SEC filed a civil enforcement action against defendants. (Doc. # 2). On October 7, 2013, the parties stipulated to the entry of a preliminary injunction. (Doc. # 20). On December 11, 2013, defendants filed an answer to the SEC's complaint. (Doc. # 27). The parties completed discovery by July 8, 2014. (Doc. # 138).

On July 16, 2014, the SEC filed a motion for summary judgment on liability. (Doc. # 113). On October 3, 2014, the court granted the SEC's motion. (Doc. # 156). On November 24, 2014,

**James C. Mahan**
**U.S. District Judge**

the SEC filed a motion for judgment against defendants Fujinaga and MRI International, Inc. (Doc. # 178).  Defendants filed a response, (doc. # 184), and the SEC filed a reply, (doc. # 185).

On January 27, 2015, the court granted the SEC's motion for judgment, holding defendants jointly and severally liable for the disgorgement of proceeds in the amount of $442,229,611.70, and prejudgment interest in the amount of $102,129,752.38.  The court also held defendants liable for civil money penalties of $20,000,000.00 each.  Finally, the court permanently enjoined defendants from any further securities violations.  (Doc. # 188).

On the same date, the clerk entered judgment in favor of the SEC in the same amounts. (doc. # 189).  On February 4, 2015, the SEC filed a motion to certify the court's judgment as final pursuant to Federal Rule of Civil Procedure 54(b).  Defendants did not file a response, and the court granted the motion on February 25, 2015.  (Doc. # 195).

On March 9, 2015, defendants filed a motion to reconsider.  (Doc. # 196).  The SEC filed a response, (doc. # 198), and defendants filed a reply, (doc. # 204).  On April 20, 2015, the court denied the motion.  (Doc. # 210).  On May 20, 2015, defendants filed a notice of appeal.  (Doc. # 227).

Defendants then filed the instant motion to stay execution of judgment pending appeal.

## II.     Legal Standard

While a notice of appeal generally divests the district court over jurisdiction over matters being appealed, "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  Federal Rule of Appellate Procedure 8(a) provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . ."  Fed. R. App. P. 8(a)(1)(A).

Federal Rule of Civil Procedure 62(d) allows a district court to stay execution of a judgment pending appeal.  Fed. R. Civ. P. 62(d).  "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983); *see also Nev. Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n.3 (9th Cir. 1980).

James C. Mahan
U.S. District Judge

In the Ninth Circuit, there are two tests to determine whether the issuance of a preliminary injunction is necessary.  *Lopez*, 713 F.2d at 1435.  Under the first test, a moving party must show a probability of success on the merits and the possibility of irreparable injury.  *Id.*; *see also Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). Under the second test, a moving party must show "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

### III.     Discussion

Defendants' motion does not present any argument regarding a likelihood of success on the merits.  (Doc. # 236).  The SEC highlights this fact in its response.  (Doc. # 237).  Defendants did not set forth any argument on the relevant factors until their reply.  (Doc. # 240).

A party is generally prohibited from raising new arguments for the first time in its reply. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).  The SEC has not been afforded an opportunity to respond to defendants' new arguments.  Denial of the instant motion would therefore be appropriate on this basis.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Further, defendants have not posted a supersedeas bond, and state that they are unable to do so.  Defendants ask the court to exercise its discretion and waive the requirement for a supersedeas bond.  (Doc. # 236).

The court is not inclined to waive the requirement for a supersedeas bond in this instance. The court agrees with the SEC that the SEC's interest in the judgment is not sufficiently protected by the appointment of the equitable receiver and the asset freeze in this case.  (Doc. # 237).

In any case, the arguments in defendants' reply do not show a likelihood of success on the merits.  Defendants argue that the SEC's evidence in support of its motion for summary judgment was inconsistent and unsubstantiated.  (Doc. # 240).

In granting the SEC's motion, the court found that the SEC produced sufficient evidence to show liability.  The court then noted that defendants failed to contradict the SEC's evidence, arguing solely that the court did not possess jurisdiction.  Accordingly, the court concluded that there was no genuine issue of material fact, and that summary judgment was proper.  (Doc. # 156).

James C. Mahan
U.S. District Judge

- 3 -

In light of these prior findings, the court does not believe that defendants are likely to succeed on the merits of their appeal. Therefore, the court will deny the instant motion. Defendants may seek the requested relief from the appellate court as appropriate.

IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to stay execution of judgment pending appeal, (doc. # 236), be, and the same hereby is, DENIED.

DATED July 29, 2015.

_____
UNITED STATES DISTRICT JUDGE