UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:13-CV-1658 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Securities and Exchange Commission's ("the SEC") motion for summary judgment against relief defendants June Fujinaga and the Yunju Trust ("relief defendants"). (Doc. # 219). Relief defendants filed a response, (doc. # 230), and the SEC filed a reply, (doc. # 233).

I.  **Background**

The instant case arises from a Ponzi scheme perpetrated by defendants Edwin Fujinaga and MRI International, Inc. ("defendants"). Defendants collected hundreds of millions of dollars for purported investments in medical accounts receivable. Defendants used these funds to repay earlier investments as well as for their own personal expenses. By May 2013, defendants had entirely depleted the invested funds. (Doc. # 118).

Relief defendant June Fujinaga, defendant Edwin Fujinaga's wife, received investor funds to buy real estate. Certain real estate purchased with these proceeds is titled in the name of relief defendant the Yunju Trust. (Doc. # 118).

On September 11, 2013, the SEC filed a civil enforcement action against defendants and relief defendants. (Doc. # 2). On October 3, 2014, the court granted summary judgment in favor

**James C. Mahan**
**U.S. District Judge**

of the SEC on liability against defendants. (Doc. # 156). In the same order, the court denied relief defendants' motions to dismiss for lack of subject matter jurisdiction and failure to plead with specificity. (Doc. # 156).

On October 14, 2014, the court granted the parties' stipulation to extend discovery as to relief defendants. Pursuant to the stipulation, the court set a discovery deadline of April 3, 2015, and a dispositive motions deadline of May 3, 2015. (Doc. # 162).

On November 24, 2014, the SEC filed a motion for judgment against defendants. (Doc. # 178). On January 27, 2015, the court granted the motion, holding defendants (1) jointly and severally liable for $442,229,611.70 in disgorgement; (2) jointly and severally liable $102,129,752.38 in prejudgment interest; and (3) individually liable for civil money penalties of $20,000,000.00 each. (Doc. # 188).

On the same date, the clerk entered judgment in favor of the SEC in the same amounts. (Doc. # 189). On February 25, 2015, the court certified the judgment as final pursuant to Federal Rule of Civil Procedure 54(b). (Doc. # 195). On April 20, 2015, the court denied defendants' motion to reconsider. (Doc. # 210). On May 20, 2015, defendants filed a notice of appeal. (Doc. # 227).

The SEC now timely moves for summary judgment against relief defendants.

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

James C. Mahan
U.S. District Judge

1      In determining summary judgment, a court applies a burden-shifting analysis. "When the
2 party moving for summary judgment would bear the burden of proof at trial, it must come forward
3 with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at
4 trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine
5 issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests.,*
6 *Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).
7      By contrast, when the non-moving party bears the burden of proving the claim or defense,
8 the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential
9 element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed
10 to make a showing sufficient to establish an element essential to that party's case on which that
11 party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving
12 party fails to meet its initial burden, summary judgment must be denied and the court need not
13 consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-
14 60 (1970).
15      If the moving party satisfies its initial burden, the burden then shifts to the opposing party
16 to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
17 *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the
18 opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient
19 that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
20 versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,
21 631 (9th Cir. 1987).
22      "A trial court can only consider admissible evidence in ruling on a motion for summary
23 judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is
24 a condition precedent to admissibility." *Id.* (internal quotation marks omitted). Authentication
25 requires that the proponent produce evidence that is sufficient to support a finding that the
26 document is what the proponent claims it is. Fed. R. Evid. 901(a).
27 . . .
28 . . .

James C. Mahan
U.S. District Judge

- 3 -

### III. Discussion

#### A. Stay pending appeal

In their response to the instant motion, relief defendants initially suggest that a stay pending appeal may be appropriate.[1] Defendants Edwin Fujinaga and MRI International filed a separate motion to stay execution of judgment pending appeal, (doc. # 236), which the court will address in a separate order.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Relief defendants contend that a stay may be appropriate because any duty they may have to disgorge funds is contingent on the issue of defendants' liability, which has been appealed. (Doc. # 230).

The issues presented in the instant motion against relief defendants are not before the Ninth Circuit on appeal. Therefore, the court does not believe that it has been divested of jurisdiction over the instant motion such that a stay is necessary or appropriate.

Further, "[t]he party seeking a stay—or continuation of a stay—bears the burden of showing his entitlement to a stay." *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014). In considering whether a stay may be proper, courts consider: (1) likelihood of success on the merits; (2) irreparable injury; (3) balancing of hardships; and (4) the public interest. *See Nken v. Holder*, 556 U.S. 418, 426 (2009); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

While relief defendants contend that a stay may be appropriate, they do not address or provide any evidence in support of the above factors warranting a stay. (Doc. # 230). Accordingly, the court finds that a stay of its ruling on the instant motion is not appropriate. The court will resolve the motion for summary judgment against relief defendants on the merits.

---

[1] Relief defendants have not filed a separate motion to stay the proceedings against them in this case. Pursuant to District of Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket for each purpose. *See Stacey v. Mercury Cas. Co.*, No. 2:14-cv-814-JCM-GWF, 2014 WL 3816513, at *1 (D. Nev. Aug. 4, 2014). Therefore, relief defendants' request for a stay would appropriately be denied for failure to comply with the special order. In any case, having reviewed the substance of the parties' filings, the court finds that a stay is inappropriate based on the discussion above.

James C. Mahan
U.S. District Judge

- 4 -

B.  Motion for summary judgment

The SEC argues that summary judgment is appropriate because there is no dispute that (1) relief defendants received $2,383,382.18 from defendant Fujinaga, and (2) relief defendants were not entitled to these funds.  The SEC seeks disgorgement of these proceeds, to return them to defendants' victims.  (Doc. # 219).

According to relief defendants, the SEC fails to meet its burden of proving that they were not entitled to the proceeds at issue.  Relief defendants also object to a number of the SEC's exhibits, on the grounds that they are unauthenticated.  (Doc. # 230).  The court will address the authentication issues first, followed by relief defendants' arguments regarding entitlement to proceeds.

i.   Authentication

Relief defendants argue that the court should not consider certain of the SEC's exhibits filed in support of its motion, because those exhibits have not been properly authenticated.  Relief defendants do not object to consideration of the deposition transcript (exhibit G).  However, they take issue with the remaining exhibits on the grounds that (1) the bank records (exhibits A through E) have not been authenticated by a bank representative, and (2) the copy of the grant deed (exhibit F) has not been authenticated by an authorized representative of the Clark County Recorder's Office.  (Doc. # 230).

In an attempt to authenticate the exhibits to its motion, the SEC attaches the declaration of its counsel, Richard E. Simpson.  In his declaration, Mr. Simpson attests that the attached exhibits are true and correct copies of (1) relief defendants' bank records and checks, with redactions; (2) the grant, bargain, and sale deeds for relief defendants' properties; and (3) June Fujinaga's deposition transcript.  (Doc. # 219-1).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  Federal Rules of Evidence 901 and 902 set forth methods by which exhibits may be properly authenticated.

James C. Mahan
U.S. District Judge

1         The court will address the authenticity of the bank records and the grant deed in turn.

2                                     a.   Bank records and checks

3         Relief defendants contend that the bank records attached at exhibits A through E to the SEC's motion have not been properly authenticated.  The court agrees.  The sole source of purported authentication produced by the SEC is the affidavit of its counsel that the exhibits are true and correct copies of the bank records and checks.  (Doc. # 219-1).

        An affidavit or declaration in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4); *see also* Fed. R. Evid. 901(b)(1); *Orr v. Bank of Am.*, 285 F.3d 764, 773-74 (9th Cir. 2002).

        "A writing is not authenticated simply by attaching it to an affidavit."  *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) (holding that exhibits were not authenticated where attached to affidavit without supporting facts); *see also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (finding that affidavit characterizing a document as a "true and correct copy" was insufficient to authenticate it).

        Mr. Simpson's declaration provides no detail or foundation as to his personal knowledge of the financial exhibits.  He states that the exhibits are true and correct copies, but fails to inform the court as to how they were obtained in a way that would verify that the documents are what the SEC claims they are.  *See Dibble*, 429 F.2d at 602.

        Based on the foregoing, the court finds that the bank records have not been properly authenticated.  As a result, the court will not consider these documents in ruling on the instant motion.

        Nevertheless, the SEC's statement of undisputed facts outlines in detail the checks and deposits received.  Relief defendants do not challenge the fact that these transactions occurred.  Instead, they argue solely that they have a legitimate claim to the funds at issue.

        Accordingly, the SEC has substantiated its claim for the $2,383,382.18 disgorgement amount against relief defendants even without the bank record exhibits.  *See* Fed. R. Civ. P.

**James C. Mahan**
**U.S. District Judge**

56(e)(2) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion).

### b. Grant deed

Relief defendants also dispute the authenticity of the grant deeds attached at exhibit F to the SEC's motion. (Doc. # 230). A document is self-authenticating if it is accompanied by a certificate of acknowledgement lawfully executed by a notary public. Fed. R. Evid. 902(8). The deeds of trust included at exhibit F meet this standard. (Doc. # 219-7).

Accordingly, the court finds that these documents are self-authenticating and the court will consider them to the extent appropriate in ruling on the instant motion. In any case, these exhibits are not necessary to the court's ruling in light of relief defendants' failure to challenge the SEC's statement of undisputed facts.

The court will now turn to the substance of the motion for summary judgment.

### ii. Entitlement to funds

The SEC contends that relief defendants improperly obtained $2,383,382.18 in fraudulent proceeds. (Doc. # 219). Relief defendants do not dispute that they received payments in the amounts argued by the SEC, and do not challenge any points set forth in the SEC's statement of undisputed facts.[2] (Doc. # 230). However, the parties disagree as to whether relief defendants were entitled to these funds such that disgorgement is proper.

In their response to the SEC's motion, relief defendants argue that they have presumptive title to the funds at issue. They assert that the SEC has failed to rebut this presumption by producing evidence that defendants lack a legitimate claim to the proceeds. On this basis, relief defendants contend that the SEC has failed to meet its burden under the summary judgment standard, such that the burden never shifts to relief defendants to show a genuine dispute of material fact. (Doc. # 230).

---

[2] However, relief defendants did submit their own statement of undisputed facts, which does not include the same extensive list as the SEC's statement. (Doc. # 230-1).

*SEC v. Colello*, 139 F.3d 674 (9th Cir. 1998), is factually similar to the instant case and dictates the appropriate result here. In *Colello*, a nominal defendant[3] contended that the money he obtained was properly awarded to him as fees for legitimate services. *Id.* at 677. The Ninth Circuit found that because Colello repeatedly invoked his Fifth Amendment privilege, the district court properly shifted the burden to him to show a legitimate claim to the funds at issue. *Id.*

In her deposition, relief defendant June Fujinaga asserted privilege in response to every interrogatory regarding the case and the disputed proceeds. (Doc. # 219-8). Relief defendants in this case have produced no evidence to substantiate their claim that they were entitled to payment as fees for legitimate services.[4] (Doc. # 230).

Relief defendants cite *SEC v. Ross*, 504 F.3d 1130, 1142 (9th Cir. 2007), in support of their argument that they have presumptive title to the funds at issue. That case is distinguishable, and did not involve invocation of Fifth Amendment privilege. *See Ross*, 504 F.3d at 1142 (reversing disgorgement where district court based ruling on nominal defendant's own securities violations).

Pursuant to the Ninth Circuit's holding in *Colello*, an adverse inference may be drawn from an assertion of privilege.[5] 139 F.3d at 678. Relief defendants are not entitled to a presumption of title in such cases. *Id.*

---

[3] A nominal defendant, referred to as a relief defendant in this case, is a person who "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *Colello*, 139 F.3d at 676 (quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). These defendants are properly joined in securities actions "to collect the proceeds of fraud." *Id.*

[4] Relief defendants refer to the proceeds received as "marketing fees," and note that relief defendant June Fujinaga produced copies of her W-2 forms showing certain payments as income. However, relief defendants do not attach the W-2 forms to their response to the instant motion. Relief defendants have not produced any evidence in support of their alleged right to the funds at issue. (Doc. # 230).

[5] Plaintiff argues that the court should not draw an adverse inference from her invocation of the Fifth Amendment, citing *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258 (9th Cir. 2000). This case is factually distinguishable and inapplicable here. *See id.* at 1265-66 (finding that adverse inference from invocation of privilege was inappropriate where independent corroborative evidence of facts being questioned was absent).

James C. Mahan
U.S. District Judge

In their response to the SEC's motion, relief defendants also argue that "the burden should remain with the SEC to trace specifically each dollar it alleges was received by relief defendants." (Doc. # 230). Relief defendants cite no case law in support of this proposition, and the Ninth Circuit has explicitly held the contrary. *See SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1113-14 (9th Cir. 2006) ("A disgorgement calculation requires only a reasonable approximation of profits causally connected to the violation . . . ."); *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1192 n.6 (9th Cir. 1998) (holding that the SEC need not trace every dollar for disgorgement purposes).

The court has already ruled on disgorgement in this case as to defendants Edwin Fujinaga and MRI International. The SEC's motion adequately substantiates its disgorgement request as to relief defendants, and the court finds that the SEC's approximation is reasonable. Relief defendants produce no evidence showing otherwise. *See First Pac. Bancorp*, 142 F.3d 1192 n.6 (placing this burden on defendants once the SEC produces a reasonable estimate).

Based on the parties' filings and the evidence properly before the court, the court finds that the SEC has produced sufficient evidence that relief defendants possess funds to which they are not entitled. As previously addressed, the SEC's statement of undisputed facts sets forth a number of transactions showing that relief defendants received the total amount in question from defendants. (Doc. # 219-9). The grant deeds further corroborate the SEC's contention that relief defendant the Yunju Trust holds title to properties obtained with fraudulent proceeds. (Doc. # 219-7).

This evidence, coupled with the adverse inference from relief defendant June Fujinaga's assertion of privilege, warrants summary judgment against relief defendants. *See Colello*, 139 F.3d at 678 (holding that summary judgment was warranted in light of nominal defendant's inability, and apparent refusal, to produce sufficient evidence in support of claims to funds).

Relief defendants fail to show any dispute of material fact to preclude summary judgment. The cases cited by relief defendants in support of their claims to the funds at issue are distinguishable. As provided above, the applicable case law warrants summary judgment against relief defendants. The court will therefore grant the instant motion.

James C. Mahan
U.S. District Judge

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the SEC's motion for summary judgment, (doc. # 219), be, and the same hereby is, GRANTED.

DATED July 29, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge