UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff(s),

v.

EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,

Defendant(s).

Case No. 2:13-CV-1658 JCM (CWH)

ORDER

Presently before the court is receiver Robb Evans & Associates LLC's (hereinafter "receiver") motion for order approving and authorizing payment of receiver's and professionals' fees and expenses. (Doc. # 244). No response was filed, and the deadline to respond has now passed.

Also before the court is the receiver's motion for order granting relief from Local Rule 66-5 pertaining to notice of creditors.[1] (Doc. # 245). No response was filed, and the deadline to respond has now passed.

The receiver first requests an order "approving and authorizing payment of receivership fees and expenses incurred for the period from February 23, 2015 through March 31, 2015 ("expense period"), including the fees of the receiver, the receiver's members and staff in the sum of $71,831.55 and receiver's costs in the sum of $1,489.73, for total receiver's fees and expenses incurred in the expense period of $73,321.28." (Doc. # 244).

[1] The instant motions are actually a single document filed twice on the docket. The court will reference the filings as two separate motions, based on the receiver's method of filing. However, because the motions are related, the court will discuss them together.

The motion sets out the receiver's services and activities during the expense period as well as the law supporting an award of the requested fees. (Doc. # 244). District of Nevada Local Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). The court will therefore grant the instant unopposed motion.

The receiver next requests an order "deeming notice of this motion to be sufficient under Local Civil Rule 66-5 based on the service of the notice of the filing of this motion and the motion on all parties and service of the notice of the filing of the motion on all known non-consumer creditors of the estate concurrent with the filing of this motion with the court." (Doc. # 245).

Local Rule 66-5 provides that unless the court otherwise orders, the receiver shall give all interested parties and creditors at least fourteen (14) days' notice of the time and place of hearings on applications for fees of the receiver. D. Nev. R. 66-5(d). The court has not scheduled a hearing on the instant motion, and finds that it is unnecessary to do so.

However, to the extent that Local Rule 66-5 applies here, the court finds that the receiver has given sufficient notice to creditors under the rule. The receiver filed the instant motion on the public CM/ECF docket in this case. The court set response deadlines for the motions. These deadlines have now passed and no response or other objection has been filed by any party.

Good cause appearing, the court will grant the motions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the receiver's motion for an order approving and authorizing payment of fees, (doc. # 244), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the receiver's motion for an order finding notice to creditors to be sufficient under Local Rule 66-5, (doc. # 245), be, and the same hereby is, GRANTED.

DATED August 10, 2015.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge