Michael F. Lynch
Nevada Bar No. 8555
LYNCH LAW PRACTICE, PLLC
3613 S. Eastern Ave.
Las Vegas, NV 89169
702.684.6000
702.543.3279 (fax)
Michael@LynchLawPractice.com

*Counsel for Receiver*
*Robb Evans & Associates LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC.,<br><br>　　　　　　　Defendants,<br>　and<br><br>CSA SERVICE CENTER, LLC, THE FACTORING COMPANY, JUNE FUJINAGA, and THE YUNJU TRUST,<br><br>　　　　　　　Relief Defendants. | Case No. 2:13-CV-1658-JCM-CWH<br><br>**STIPULATION FOR ORDER AUTHORIZING SALE OF PERSONAL PROPERTY VIA AUCTION** |

This Stipulation for Order Authorizing Sale of Personal Property Via Auction ("Personal Property Stipulation") is made by and between Robb Evans & Associates, LLC as Receiver ("Receiver") on the one hand, and defendants Edwin Fujinaga ("Fujinaga"), MRI International, Inc. ("MRI"), and their affiliated entities (collectively, the "Defendants") on the other hand, each by and through their counsel. The Personal Property Stipulation is made with reference to the following:

**RECITALS**

A.　On January 27, 2015, the Clerk of the Court entered judgment against the Defendants (Dkt. 189) ("Judgment") pursuant to the Court's order granting summary judgment in favor of plaintiff Securities and Exchange Commission ("SEC").

B.     On February 23, 2015, the Court issued its Order Appointing an Equitable Receiver (Dkt. 194) ("Appointment Order") pursuant to which Receiver was appointed as receiver for various commercial properties and their rents and profits (defined in the appointment order as the "Properties") as more fully set forth in the appointment order.

C.     On February 25, 2015, the Court issued its Rule 54(b) Certification (Dkt. 195) pursuant to which the judgment was made the final judgment as to the Defendants.

D.     On May 15, 2015, Receiver's duties and responsibilities of receiver were enlarged by that certain Order Appointing a Full Equitable Receiver to Assume Control over the Defendants' Assets and Enforce the Final Judgment entered on (the "Order Appointing Receiver") (Dkt. 226). The Order Appointing Receiver supersedes the previous order, and directs the Receiver to take and retain immediate possession, custody, and control of all assets owned or controlled, directly or indirectly, by any of the Defendants in the this case, including Edwin Fujinaga, Defendant herein. *Id.*

E.     When the receiver took possession and control of the Properties, Receiver determined that there is a significant amount of personal property located at the following receivership Properties (the "Personal Property")[1]. The following chart summarizes the primary types of personal property to be auctioned, and the locations of the personal property:

| Property Address | Personal Property |
| --- | --- |
| 2875 Coleman Road<br>North Las Vegas, NV 89032 | Medical supplies and associated inventory, miscellaneous office furniture and equipment, forklifts, material handling equipment, etc. |
| 5330 Durango Blvd.<br>Las Vegas, NV 89113 | Office furniture and equipment, miscellaneous racks and contents |
| 5370 Durango Blvd.<br>Las Vegas, NV 89113 | Office furniture and equipment, miscellaneous racks and contents |
| 5420 Durango Blvd.<br>Las Vegas, NV 89113 | Construction materials and supplies |

---

[1] The term "Personal Property" includes all personal property located at the listed properties, *except* the existing racking and perimeter fencing in the 2875 Coleman Street property, which will be sold together with the real property.

1  F. The Parties agree that it makes economic sense to the receivership estate to auction the personal property because (i) the personal property is not needed due to the termination of the businesses formerly conducted at the properties, and (ii) the personal property must be removed from the referenced properties so that the real property may be sold, and an auction will eliminate the time and cost of moving and/or storing the personal property, as the personal property will be auctioned off as-is and where-is.

G. Based upon the nature of the Personal Property, and the time and costs that would be incurred in connection with other methods of liquidation, the parties agree that it is in the best interests of the receivership estate and its creditors for Receiver to engage an auctioneer to liquidate the Personal Property.

H. Receiver has obtained a proposal from R.L. Spear Co., Inc. ("Spear"), a recognized auctioneer of this type of personal property. Spear inspected the Personal Property and has recommended a public on-line auction to maximize the return in a timely fashion. A true and correct copy of Spear's bid is attached hereto as **Exhibit 1**.

I. The parties agree that Spear is a well-known auctioneer of this type of property and that it would be an inefficient use of the estate's funds for the Receiver to expend money hiring three appraisers in order to comply with Section 2001(b).

J. The parties request the Court exercise its discretion under Section 2004 to modify the sale procedures set forth in Section 2001(b) with respect to the sale of the Personal Property because those requirements are impractical and unnecessary in this instance.

K. If this Stipulation is approved, Spear will supplement its advertising campaign with pictures of the Personal Property with descriptive text on its web site as well as with a telemarketing campaign to likely buyers, such as medical supply businesses, clinics and hospitals, liquidators, surplus dealers and other parties. Spear will also e-mail companies and persons who participate in auctions of this type.

J. The parties agree that (a) Spear's proposed compensation, in an amount equal to 10% of gross receipts is fair and appropriate, (b) a 13% buyer's premium is customary, fair, and appropriate.

K.  Receiver has presented this proposed stipulation to counsel for plaintiff SEC, and the SEC has advised Receiver and counsel for Defendants that it has no objection to this stipulation and to the liquidation of the Personal Property as provided for herein.

Based upon the foregoing, Receiver and Defendants hereby stipulate and agree:

1.  Receiver may engage Spear to advertise and conduct an auction, and consummate the full and final sale of the Personal Property in accord with the bid attached hereto as Exhibit 1.

Dated: 9-28-2015

LYNCH LAW PRACTICE, PLLC

/s/ Michael F. Lynch

Michael F. Lynch
Nevada Bar No. 8555
3613 S. Eastern Ave.
Las Vegas, NV 89169
702.684.6000
702.543.3279 (fax)
Michael@LynchLawPractice.com

Counsel for Receiver
Robb Evans & Associates LLC

Dated:

JORDEN & WHITE, LLP

/s/ William T. Jorden

William T. Jorden (PA SBN 10162)
billjorden@jordenandwhite.com
Matthew B. Jorden (PA SBN 209688)
mattjorden@jordenandwhite.com
966 South Main Street
Meadville, PA 16335
Telephone: 814-724-1771
Facsimile: 814-724-1774

LAW OFFICE OF HAYES & WELSH
Larson Welsh
Nevada Bar No. 12517
lwelsh@lvlaw.com
199 N. Arroyo Grande Blvd., Ste. 200
Henderson, NV 89074
Telephone: 702-434-3444
Facsimile: 702-434-3739

Attorneys for Defendants Edwin Yoshihiro Fujinaga; MRI International, Inc.; CSA Service Center LLC and The Factoring Co.

IT IS SO ORDERED:

/s/ James C. Mahan

The Honorable James C. Mahan
UNITED STATES DISTRICT COURT JUDGE

DATED: October 5, 2015.

4

# Exhibit 1

Exhibit 1

# R.L. Spear Co., Inc.
# 5776 D Lindero Canyon Road, #409
# Westlake Village, CA 91362
# 818/735-0822    fax 805/845-3808   www.rlspear.com

September 16, 2015

Mr. Val Miller
Robb Evans & Associates
Federal Court Receiver
11450 Sheldon Ave.
Sun Valley, CA 91352

Via e-mail: val_miller@robbevans.com

Re: Liquidation of Inventory and Equipment- Robb Evans as Receiver for MRI International, Inc.

Dear Mr. Miller,

     Thank you for contacting us regarding the liquidation of inventory and equipment located at the former MRI International, Inc. facilities in Las Vegas, NV and  North Las Vegas, NV .  After our earlier inspection of the assets, I believe that a public on-line auction will maximize return to you in a timely fashion.

     The assets at 2875 Coleman Road consist primarily of medical supplies and associated inventory.  Other items in the warehouse include office FF&E, forklifts and material handling equipment, narcotics vault, etc.  We will sell or leave pallet racks and shelving at your direction.

The assets in the buildings at 5330 and 5370 Durango Blvd. in Las Vegas consist of office furniture and equipment, with some warehouse racks with contents. The assets at 5420 Durango Blvd. contains construction supplies.

Let me briefly discuss our auction process, so that you are aware of considerations concerning time and costs.

Advertising is the most critical component of a successful auction. In most cases, both direct marketing and general web notices are used to notify prospective buyers.

We will supplement our advertising campaign with pictures and text on our web site as well as with a telemarketing campaign to likely buyers, such as medical supply businesses, clinics and hospitals, liquidators, surplus dealers and other parties. We will also e-mail companies and persons who participate in auctions of this type.

Concurrent with our advertising campaign, our staff will clean, organize, lot and catalogue the merchandise in preparation for the sale at the North Las Vegas facility.

All lots are sold on-line, numerically, to best maximize those items of most value and importance. Our pace usually averages about 300 lots per hour. This sale should take no longer than four or five hours. We will sell all designated equipment and inventory at your direction.

Upon completion of the sale, our computer will print invoices for every registered buyer against which we will release the merchandise. Nothing is taken before the end of the sale or before the bill is paid in full. A full accounting of all auction proceeds is provided to you. To protect both us and our client all bills are to be paid either in cash, cashier's check, Mastercard or Visa, business check with a bank letter of guaranteed payment, or business check with the trustee's approval. The checkout process begins after the conclusion of the sale. All merchandise must be removed by the buyer within a specific time period after the sale, in this case, we will require removal within 4 or 5 days after the conclusion of the sale, with provisions for the removal of stock shelving and racks when empty.

R.L. Spear Co. will receive as compensation 10% of gross receipts. Commission will be deducted from the proceeds of the sale.

We will charge a 13% Buyer's Premium to all buyers at the auction. This is a standard charge that has become customary at auction sales, and auction buyers will be aware that a premium will be paid and retained by R.L. Spear Co.

Expenses for this sale, including all advertising, labor, permits, etc. cannot be determined as yet. All expenses will be taken from gross proceeds. No outlay of cash will be required from you for purposes of advertising and/or conducting the auction sale.

  Given prompt approval, our staff can begin marketing, with an auction sale date in October or November, 2015.

  We have found the on-line auction method to be superior for selling surplus assets from a return standpoint as well as from a time management perspective. We look forward to another sale in which all parties are well satisfied.

  If you have any questions regarding this proposal, please feel free to contact me at our Westlake Village offices.

  Thank you for this opportunity to be of service.


Sincerely,

*David Spear*

David Spear
R.L. Spear Co., Inc.