Michael F. Lynch
Nevada Bar No. 8555
LYNCH LAW PRACTICE, PLLC
3613 S. Eastern Ave.
Las Vegas, NV 89169
702.684.6000
702.543.3279 (fax)
Michael@LynchLawPractice.com

*Counsel for Receiver*
*Robb Evans & Associates LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br>v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC.,<br><br>          Defendants,<br>and<br><br>CSA SERVICE CENTER, LLC, THE FACTORING COMPANY, JUNE FUJINAGA, and THE YUNJU TRUST,<br><br>          Relief Defendants. | Case No. 2:13-CV-1658-JCM-CWH<br><br>**STIPULATION FOR ORDER FOR DISPOSITION OF MEDICATIONS BY RECEIVER; AND ORDER THEREON** |

This Stipulation for Order for Disposition of Medications by Receiver ("Medication Disposition Stipulation") is made by and between Robb Evans & Associates LLC as Receiver ("Receiver") on the one hand, and defendants Edwin Fujinaga ("Fujinaga"), MRI International, Inc. ("MRI"), and their affiliated entities (collectively, the "Defendants") on the other hand, each by and through their counsel. The Medication Disposition Stipulation is made with reference to the following:

## RECITALS

A.   On January 27, 2015, the Clerk of the Court entered judgment against the Defendants (Dkt. 189) ("Judgment") pursuant to the Court's order granting summary judgment in favor of plaintiff Securities and Exchange Commission ("SEC").

B.  On February 23, 2015, the Court issued its Order Appointing an Equitable Receiver (Dkt. 194) ("Appointment Order") pursuant to which Receiver was appointed as receiver for various commercial properties and their rents and profits (defined in the appointment order as the "Properties") as more fully set forth in the appointment order.

C.  On February 25, 2015, the Court issued its Rule 54(b) Certification (Dkt. 195) pursuant to which the judgment was made the final judgment as to the Defendants.

D.  On May 15, 2015, Receiver's duties and responsibilities of receiver were enlarged by that certain Order Appointing a Full Equitable Receiver to Assume Control over the Defendants' Assets and Enforce the Final Judgment entered on (the "Order Appointing Receiver") (Dkt. 226). The Order Appointing Receiver supersedes the previous order, and directs the Receiver to take and retain immediate possession, custody, and control of all assets owned or controlled, directly or indirectly, by any of the Defendants in the SEC Receivership Litigation, including Edwin Fujinaga, Defendant herein. *Id.*

E.  In connection with various businesses previously operated at the Properties, when the receiver took possession and control of the Properties, Receiver determined that there are significant quantities of Class III, IV, and V controlled substances, as classified by the federal United States Drug Enforcement Administration ("DEA"), consisting of hundreds of thousands of prescription medications in thousands of containers, located in a large vault at the Properties (the "Controlled Substances"). Receiver's inspection indicates that the vast majority of the controlled substances are past the expiration dates for medical use of the controlled substances and further that the controlled substances, if not properly used in accordance with prescriptions from a qualified physician, may be hazardous to the user.

F.  Based on the expiration of the medications, the nature and restrictions on the medications, the hazards potentially posed by the medications and the cost of any attempt to liquidate any unexpired mediations, Receiver has determined that it is in the best interests of the receivership estate and its creditors for Receiver to dispose of the controlled substances by causing the controlled substances to be destroyed or otherwise disposed of by a vendor approved by the DEA in such manner as is consistent with the DEA rules and procedures. Receiver has obtained

1  bids estimating the cost of destruction or other similar disposition of the controlled substances in
2  accordance with the rules and procedures of the DEA, and has selected National Product Sales,
3  Inc. Pharmaceutical Division ("NPS") to perform the destruction/disposition of the controlled
4  substances which estimates the cost of such destruction/disposition will not exceed $3,500.
5      G.    Receiver has conferred with Defendants regarding the disposition of the controlled
6  substances, and Defendants have agreed that disposition of the controlled substances in
7  accordance with the rules and procedures of the DEA and that payment for such disposition from
8  the assets of the receivership estate is in the best interests of the receivership estate as well as
9  Defendants under the circumstances.
10     H.    Receiver has presented this proposed stipulation to counsel for plaintiff SEC, and
11 the SEC has advised Receiver and counsel for Defendants that it has no objection to this
12 stipulation and to the disposition of the controlled substances as provided for herein.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Based upon the foregoing, Receiver and Defendants hereby stipulate and agree:

1. Receiver may dispose of the controlled substances in accordance with the rules and procedures of the DEA, including, without limitation and by way of example only, by taking all steps necessary or appropriate to transfer the controlled substances to a company specializing in the proper destruction of controlled substances and which is listed on the DEA Registered Reverse Distributors, such as NPS, to have the controlled substances destroyed or otherwise disposed of and to pay the cost of such destruction and disposition from assets of the receivership estate.

Dated: 9-28-2015

LYNCH LAW PRACTICE, PLLC

Michael F. Lynch
Nevada Bar No. 8555
3613 S. Eastern Ave.
Las Vegas, NV 89169
702.684.6000
702.543.3279 (fax)
Michael@LynchLawPractice.com

Counsel for Receiver
Robb Evans & Associates LLC

Dated:

JORDEN & WHITE, LLP

William T. Jorden (PA SBN 10162)
billjorden@jordenandwhite.com
Matthew B. Jorden (PA SBN 209688)
mattjorden@jordenandwhite.com
966 South Main Street
Meadville, PA 16335
Telephone: 814-724-1771
Facsimile: 814-724-1774

LAW OFFICE OF HAYES & WELSH
Larson Welsh
Nevada Bar No. 12517
lwelsh@lvlaw.com
199 N. Arroyo Grande Blvd., Ste. 200
Henderson, NV 89074
Telephone: 702-434-3444
Facsimile: 702-434-3739

Attorneys for Defendants Edwin Yoshihiro Fujinaga; MRI International, Inc.; CSA Service Center LLC and The Factoring Co.

IT IS SO ORDERED:

The Honorable James C. Mahan
UNITED STATES DISTRICT COURT JUDGE

DATED: October 5, 2015.