1   Michael F. Lynch, Esq.
    Nevada Bar No. 8555
2   **LYNCH LAW PRACTICE, PLLC**
    3613 S. Eastern Ave.
3   Las Vegas, Nevada 89169
    702.684.6000
4   702.413.8282 (direct)
    702.543.3279 (fax)
5   Michael@LynchLawPractice.com

6   *Attorney for Receiver Robb Evans*
    *& Associates LLC*

7

8               **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10  SECURITIES AND EXCHANGE            Case No.: 2:13-cv-01658-JCM-CWH
    COMMISSION,
11                                     **STIPULATION FOR ORDER**
                        Plaintiff,     **AUTHORIZING, APPROVING AND**
12                                     **CONFIRMING SALE OF 2865**
                        vs.            **COLEMAN WITH OVERBID**
13                                     **PROCEDURES** AND ORDER
    EDWIN YOSHIHIRO FUJINAGA and
14  MRI INTERNATIONAL, INC.,

15                        Defendants,

16              and

17  CSA SERVICE CENTER, LLC
    THE FACTORING COMPANY,
18  JUNE FUJINAGA, and
    THE YUNJU TRUST,
19
                        Relief Defendants.
20

21          This Stipulation for Order Authorizing, Approving and Confirming Sale of 2865

22  Coleman with Overbid Procedures (the "Stipulation") is made by and between Robb Evans &

23  Associates LLC as the Receiver ("Receiver") on the one hand, and defendants Edwin Fujinaga

24  ("Fujinaga"), MRI International, Inc. ("MRI"), and their affiliated entities (collectively, the

25  "Defendants", and together with the Receiver, the "Parties") on the other hand, each by and

26  through their counsel.

27

28

The Parties hereby stipulate and agree that:

**RECITALS**

A.       On January 27, 2015, the Clerk of Court entered judgment against the Defendants (Dkt. 189) ("Judgment") pursuant to the Court's order granting summary judgment in favor of the Securities and Exchange Commission ("SEC"), plaintiff herein.

B.       On February 23, 2015, the Court issued its Order Appointing an Equitable Receiver (Dkt. 194) ("Appointment Order") pursuant to which the Receiver was appointed as receiver for various commercial properties and their rents and profits (defined in the appointment order as the "Properties") as more fully set forth in the appointment order.

C.       On February 25, 2015, the Court issued its Rule 54(b) Certification (Dkt. 195) pursuant to which the judgment was made the final judgment as to the Defendants.

D.       On May 15, 2015, the Receiver's duties and responsibilities were enlarged by that certain Order Appointing a Full Equitable Receiver to Assume Control over the Defendants' Assets and Enforce the Final Judgment (the "Order Appointing Receiver") entered on May 15, 2015 (Dkt. 226). The Order Appointing Receiver supersedes the Appointment Order, and directs the Receiver to take and retain immediate possession, custody, and control of all assets owned or controlled, directly or indirectly, by any of the Defendants in this case, including CSA Service Center, LLC, a Relief Defendant herein. *Id.*

E.       Pursuant to the Order Appointing Receiver, the Receiver is currently in possession, custody, and control of the real property located at 2865 Coleman Street, North Las Vegas, Nevada 89032 (the "2865 Coleman") and identified by the Clark County Assessor as parcel no. 139-17-610-007.

F.       2865 Coleman is a vacant commercial property with approximately 28,366 square foot of leasable space, located on approximately 1.39 acres. Title to 2865 Coleman is held in the name of Relief Defendant CSA Service Center, LLC.

G.       The Parties agree that it makes economic sense to sell 2865 Coleman, as (a) it is not needed due to the termination of the business formerly conducted at 2865 Coleman; and (b) selling the property will eliminate expenses related to owning and safeguarding 2865 Coleman

2

1    and the ongoing risk, attendant to some degree to all vacant properties, of theft, break-ins and

2    vandalism.

3         H.      2865 Coleman was subject to liens for accruing real property taxes and other liens

4    including judgment liens. The Receiver has already satisfied most or all real property liens, but

5    to the extent any real property liens remain, these will be satisfied along with property taxes

6    accrued through the date of closing, at the time of closing.

7         I.      On June 5, 2015, the Receiver entered into an exclusive right to sell listing

8    agreement and agency disclosure ("Listing Agreement") with Donna Alderson of CBRE, Inc.

9    ("Broker") a true and correct copy of which is attached as **Exhibit 1** hereto. The Broker is

10   experienced in the sale of commercial real estate in Southern Nevada. 2865 Coleman was

11   formally listed for sale with a listing price of $2,358,800.00.

12        J.      The Broker listed 2865 Coleman for sale with the following services:

13             i.      Property Line - http://www.propertyline.com (±800 Members in Las

14                     Vegas)

15             ii.     LoopNet - http://www.loopnet.com (±400 Members in Las Vegas)

16             iii.    Costar - http://www.costar.com/ (±1,000 Members in Las Vegas)

17             iv.     Xceligent – http://cdx.xceligent.com

18             v.      CBRE's Website – https://intranet.cbre.com/en-US

19             vi.     In addition, an e-mail blast advertising 2865 Coleman was sent to

20                     approximately 2,000 CBRE contacts, and an ad was placed in the Vegas

21                     Inc. Magazine.

22        K.      In determining the listing price, the Receiver relied on two appraisals of 2865

23   Coleman, and a broker's opinion of value obtained by the Receiver on July 9, 2015, as well as

24   the Receiver's Broker's analysis of and recommendations regarding a listing price for 2865

25   Coleman.

26        L.      The Parties previously entered into a Stipulation for Order Authorizing,

27   Approving and Confirming Sale of 2865 Coleman with Overbid Procedures (the "First

28   Stipulation"), which First Stipulation was approved by order of this Court entered on October 16,

3

1    2015 (Dkt. 278).

2         M.    The sale of 2865 Coleman authorized by the First Stipulation did not close,

3    however, as the proposed buyer in that contemplated sale failed to close the transaction and

4    thereby forfeited its earnest money deposit to the Estate.

5         N.    Accordingly, the Receiver re-listed the 2865 Coleman property for sale under the

6    pre-existing Listing Agreement referenced hereinabove, and the Broker re-advertised the

7    property with the services listed hereinabove.

8         O.    On December 16, 2015, the Reciever received an all cash offer from SGPS

9    Holdings LLC (the "Proposed Buyer") for $2,411,000.00 without any financing contingency to

10   purchase 2865 Coleman, and the parties reached an agreement for the sale of 2865 Coleman

11   pursuant to the Offer and Acceptance Agreement and Earnest Money Receipt attached as

12   **Exhibit 2** hereto (the "Offer and Acceptance Agreement").

13        P.    The Receiver has obtained two independent appraisals of 2865 Coleman as well

14   as a broker's opinion of value, and in the Parties' considered opinions, the sale of 2865 Coleman

15   on the terms in the Offer and Acceptance Agreement is in the best interests of the receivership

16   estate. In light of the proposed overbid session with a published notice, the Receiver has not

17   disclosed the amount of these valuations of the property so as not to interfere with the overbid

18   process;[1] however, the purchase price of $2,411,000.00 under the Offer and Acceptance

19   Agreement, while lower than the previous stipulated purchase price referenced in the First

20   Stipulation, still exceeds the listing price and the minimum threshold for approval of a private

21   sale of two-thirds of the average of three appraisals of the property as required under 28 U.S.C. §

22   2001.

23        Q.    The Parties seek to sell 2865 Coleman under the Offer and Acceptance

24   Agreement to the Proposed Buyer, who is an unaffiliated, arm's length purchaser based on the

25   Receiver's investigation, subject to the Receiver's conduct of an overbid session after

26   publication of notice to provide an additional opportunity for interested purchasers to bid for the

27

28   [1] The Receiver will submit copies of the valuations with the Court for in camera inspection if
     requested by the Court.

1  property. The Offer and Acceptance Agreement provides for an "as is," all cash sale with the

2  closing to occur, conditioned upon Court approval of this Stipulation, within 10 days of the

3  conclusion of the overbid session.

4  R.    The Parties agree that it is in the best interests of the receivership estate to sell

5  2865 Coleman on an "as is" basis more fully described in the sale contract documents by private

6  sale either (a) to the Proposed Buyer pursuant to the Offer and Acceptance Agreement; or (b) to

7  such higher qualified overbidder who hereafter submits the highest qualified overbid at a

8  subsequent overbid session to be conducted under the terms and conditions more fully set forth

9  herein.

10  S.    The Parties hereby request and consent to approval of this Stipulation and

11  confirmation of the sale of 2865 Coleman under the terms and conditions set forth herein as

12  follows:

13  ### ORDER

14  1.    The Stipulation, and all relief sought therein, is hereby APPROVED in its

15  entirety;

16  2.    The Parties' proposed sale and overbid procedures for the sale of 2865 Coleman

17  are hereby authorized, and the Court hereby approves and confirms the sale of the 2865 Coleman

18  on an "as is" basis more fully described in the sale contract documents by private sale either (a)

19  to the Proposed Buyer, an arm's length buyer, at a purchase price of $2,411,000.00 pursuant to

20  the Offer and Acceptance Agreement, or (b) to such higher qualified overbidder who hereafter

21  submits the highest qualified overbid at a subsequent overbid session to be conducted under the

22  terms and conditions more fully set forth herein;

23  3.    The Receiver is hereby authorized to sell 2865 Coleman in accord with the

24  Listing Agreement and the Offer and Acceptance Agreement which are hereby approved:

25  a.    The overbid session shall be conducted within 30 days of the date of entry

26  of the order approving this Stipulation. The overbid session will be conducted at the offices of

27  Robb Evans & Associates LLC, 5560 S. Ft. Apache Road, Suite 120, Las Vegas, Nevada 89148,

28

5

1      b.     The Receiver will cause to be published a notice of the proposed sale of

2  2865 Coleman to a qualified bidder at the overbid session to be conducted in accord with this

3  Stipulation, which notice shall state the date, time and place of the overbid session, the

4  requirement for pre-qualification by overbidders and the terms and conditions of the overbidding

5  and sale of the property, as described below ("Overbid Notice"). The Receiver will cause the

6  Overbid Notice to be published in Las Vegas Review Journal one time at least ten days prior to

7  the scheduled overbid session date. The Las Vegas Review Journal is Nevada's largest

8  newspaper, which serves all of Southern Nevada, and publishes daily.[2,3] The Las Vegas Review

9  Journal's circulation includes North Las Vegas, which is where 2865 Coleman is located,

10     c.     Any person wishing to overbid at the overbid session shall be required to

11  pre-qualify with the Receiver no later than 10:00 a.m. two business days preceding the overbid

12  session by delivering to the Receiver's office located at 5560 S. Ft. Apache Road, Suite 120, Las

13  Vegas, Nevada 89148: (a) notice in writing of the prospective overbidder's intent to overbid

14  together with (b) written verification from a financial institution demonstrating to the Receiver's

15  satisfaction, in the Receiver's sole opinion and judgment, the prospective overbidder's ability to

16  complete and close a purchase of 2865 Coleman through sufficient funds or credit facilities

17  within 10 days of the date of the overbid session, and (c) a cashier's check in the sum of

18  $200,000.00 payable to "Robb Evans & Associates LLC, Receiver of MRI International, Inc. et

19  al.", which cashier's check shall become non-refundable upon acceptance of the overbidder's

20  overbid at the conclusion of the overbid session,

21     d.     Overbidders biding at the overbid session will be deemed to have

22  completed all inspections of 2865 Coleman and will be deemed to have waived and/or removed

23  all contingencies in favor of the buyer under the Offer and Acceptance Agreement, including,

24

25  [2] This information was obtained from the Las Vegas Review Journal's website, available at http://www.reviewjournal.com/contacts, last checked January 21, 2016.

26
27  [3] The foregoing publication provision meets the publication requirements for a private sale under 28 U.S.C. section 201(b) discussed hereafter. However, the Receiver also anticipates that the
28  Broker will provide additional notice of the overbid session through e-mail and/or the internet web sites where the property is listed.

6

1  without limitation any contingency pertaining to inspection of title, and will be required to
2  complete a cash purchase of 2865 Coleman and close escrow for the purchase of 2865 Coleman
3  within 10 days of the date of the overbid session. The successful overbidder will be required to
4  execute a purchase agreement for 2865 Coleman substantially in the form of the Offer and
5  Acceptance Agreement together with a waiver of all buyer contingencies promptly after
6  conclusion of the overbid session,

7        e.     The initial overbid shall be in the amount not less than $2,652,100.00 (an
8  amount that is $241,100.00, or 10%, higher than the purchase price under the Offer and
9  Acceptance Agreement), and all subsequent overbids shall be in an amount at least $25,000.00
10  higher than the preceding bid,

11        f.     Pursuant to the Offer and Acceptance Agreement and the Listing
12  Agreement with the Broker, a sales commission in the amount of 5% of the purchase price paid
13  for 2865 Coleman by the Proposed Buyer, or if a higher overbid is received and accepted at the
14  overbid session, by the wining overbidder, shall be paid from the proceeds of sale of 2865
15  Coleman at close of escrow and shall be paid to the Broker as listing agent under the Listing
16  Agreement and a cooperating broker representing the buyer, if any, under the terms of the
17  Listing Agreement;

18        4.     The Receiver is authorized to execute all documents and instruments necessary or
19  convenient to complete, implement, effectuate and close the sale of 2865 Coleman, including but
20  not limited to the deed conveying title to 2865 Coleman;

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

7

1    5.    The Receiver is authorized to permit and/or cause to be paid from the proceeds of
2  sale all ordinary and customary closing costs, all costs and expenses required to be paid under
3  the terms of the Offer and Acceptance Agreement by the seller from the proceeds of sale, all
4  commissions provided for in the Offer and Acceptance Agreement, the Listing Agreement, and
5  all real property liens and real property taxes due up to the date of closing; and

6    6.    Notice of this Stipulation is deemed sufficient under Local Civil Rule 66-5 based
7  on the service of this Stipulation on all known non-consumer creditors of the estate concurrent
8  with the filing of this Motion with the Court, but not on the tens of thousands of potential foreign
9  creditors.

10  Dated: 2/4/2016

11  LYNCH LAW PRACTICE, PLLC
12
13  Michael F. Lynch
    Nevada Bar No. 8555
14  3613 S. Eastern Ave.
    Las Vegas, NV 89169
15  702.684.6000
    702.543.3279 (fax)
16  Michael@LynchLawPractice.com

17  Counsel for Receiver
    Robb Evans & Associates LLC
18
19
20
21
22
23  IT IS SO ORDERED:
24
25
26  The Honorable James C. Mahan
    UNITED STATES DISTRICT COURT JUDGE
27
    DATED: February 8, 2016.
28

Dated: 2/4/2016

JORDEN & WHITE, LLP

William T. Jorden (PA SBN 10162)
billjorden@jordenandwhite.com
Matthew B. Jorden (PA SBN 209688)
mattjorden@jordenandwhite.com
966 South Main Street
Meadville, PA 16335
Telephone: 814-724-1771
Facsimile: 814-724-1774

LAW OFFICE OF HAYES & WELSH
Larson Welsh
Nevada Bar No. 12517
lwelsh@lvlaw.com
199 N. Arroyo Grande Blvd., Ste. 200
Henderson, NV 89074
Telephone: 702-434-3444
Facsimile: 702-434-3739

Attorneys for Defendants Edwin Yoshihiro
Fujinaga; MRI International, Inc.; CSA
Service Center LLC and The Factoring Co.

8