UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>  v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is relief defendants June Fujinaga and the Yunju Trust's ("relief defendants") motion to reconsider. (Doc. #263). Plaintiff Securities and Exchange Commission ("the SEC") filed a response (doc. #266), and relief defendants filed a reply. (Doc. #270). Also before the court is relief defendants' motion for stay pending appeal. (Doc. #264). The SEC filed a response (doc. #267), and relief defendants filed their reply. (Doc. #268). Also before the court is relief defendants' motion to seal. (Doc. #269).

**I.     Background**

The facts of the instant case are familiar to the court and the parties. The case arises from a Ponzi scheme perpetrated by defendants Edwin Fujinaga and MRI International, Inc. ("defendants"). Defendants collected hundreds of millions of dollars for purported investments in medical accounts receivable. Defendants used these funds to repay earlier investments as well as for their own personal expenses. By May 2013, defendants had entirely depleted the invested funds. (Doc. #118).

**James C. Mahan**
**U.S. District Judge**

1    Relief defendant June Fujinaga, defendant Edwin Fujinaga's wife, received investor funds
2  to buy real estate.  Certain real estate purchased with these proceeds is titled in the name of relief
3  defendant the Yunju Trust.  (Doc. #118).
4    The SEC filed a civil enforcement action against defendants and relief defendants.  (Doc.
5  #2).  The court granted summary judgment in favor of the SEC on liability against defendants and
6  relief defendants.  (Docs. #156, 253).  The court granted summary judgment in favor of the SEC,
7  holding that no genuine dispute of fact existed that demonstrated that relief defendants had a
8  legitimate claim to the $2,333,382 at issue.
9    Relief defendants then filed the instant motions to reconsider and stay entry of judgment.
10  **II.    Legal Standards**
11    *a.  Motion to reconsider*
12    A motion for reconsideration "should not be granted, absent highly unusual
13  circumstances."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).
14  "Reconsideration is appropriate if the district court (1) is presented with newly discovered
15  evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is
16  an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263
17  (9th Cir. 1993); Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment must be filed no
18  later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).
19    *b.  Stay pending appeal*
20    While a notice of appeal generally divests the district court of jurisdiction over matters
21  being appealed, "[t]he district court retains jurisdiction during the pendency of an appeal to act to
22  preserve the status quo."  *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166
23  (9th Cir. 2001).  Federal Rule of Appellate Procedure 8(a) provides that "[a] party must ordinarily
24  move first in the district court for . . . a stay of the judgment or order of a district court pending
25  appeal . . . ."  Fed. R. App. P. 8(a)(1)(A).
26    Federal Rule of Civil Procedure 62(d) allows a district court to stay execution of a judgment
27  pending appeal.  Fed. R. Civ. P. 62(d).  "The standard for evaluating stays pending appeal is similar
28  to that employed by district courts in deciding whether to grant a preliminary injunction."  *Lopez*

**James C. Mahan**
**U.S. District Judge**

- 2 -

*v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983); *see also Nev. Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n.3 (9th Cir. 1980).

In the Ninth Circuit, there are two tests to determine whether the issuance of a preliminary injunction is necessary. *Lopez*, 713 F.2d at 1435. Under the first test, a moving party must show a probability of success on the merits and the possibility of irreparable injury. *Id.*; *see also Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). Under the second test, a moving party must show "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

**III.  Discussion**

    *a.  Motion to reconsider*

In the instant motion, relief defendants argue that the court should reconsider its order granting summary judgment in favor of the SEC. (Doc. #263). Defendants contend that reconsideration is proper for three reasons: 1) the SEC double counted a $50,000 check from The Factoring Company, resulting in a $50,000 error in the final judgment; 2) the court should not have drawn an adverse inference from relief defendant June Fujinaga's invocation of the Fifth Amendment because she provided a W-2 form; and 3) relief defendant June Fujinaga obtained the $2,333,382 in repayment of a "loan agreement" between her and her husband. (Doc. #263).

The SEC responds that defendants' motion is no more than "a veiled attempt to re-argue their opposition to the SEC's motion for final judgment." (Doc. #266).

As a threshold matter, the parties agree that the SEC double-counted the same $50,000 check, resulting in a $50,000 error in the final judgment. (Docs. #263, 266). The SEC admits to the error and has agreed to submit a corrected final judgment for $50,000 less in disgorgement. (Doc. #266). This is the precise purpose of a rule 59(e) motion to reconsider. *Allstate Insurance Co.*, 634 F.3d 1101, 1111 (9th Cir. 2011) ("Rule 59(e) amendment may be particularly appropriate where, as here, the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment"). The court therefore grants defendant's motion to reconsider with respect to the disgorgement miscalculation.

Relief defendants' remaining claims concern 1) the proper weight the court should have given Ms. Fujinaga's tax returns and W-2 forms in light of her assertion of the Fifth Amendment at her deposition, and 2) the new theory that the $2,333,382 gains that Ms. Fujinaga obtained were repayment of a "loan agreement" between her and her husband. (Doc. #263).

The court agrees with the SEC. Relief defendants' claims are inappropriate to bring in a motion to reconsider as the claims do not present newly discovered evidence or an intervening change in controlling law.

Relief defendants' arguments are those that have already been made or should have made in their earlier briefs opposing summary judgment. Indeed, the Ninth Circuit has held that a motion for reconsideration may not be used as a vehicle by which a losing party raises arguments for the first time when they should have reasonably been raised earlier in litigation. *Kona Enters*, 229 F.3d at 890 ("a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). Yet that is precisely what defendants attempt to do here.

The SEC rightly notes that relief defendants' had a full and fair opportunity to present all of their evidence and legal arguments on this issue. The documents relief defendants cite were all available for submission to the court when they filed in opposition to the SEC's summary judgment motion. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) ("the evidence of exhaustion that Ybarra sought to present was not 'newly discovered' for purposes of Rule 59(e) because Ybarra was aware of it almost one year prior to the district court's denial of his habeas petition"); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'")

It appears that relief defendants have hired new counsel in light of the court's decision granting summary judgment in favor of the SEC. Nevertheless, relief defendants cannot proffer alternative legal theories in an attempt to relitigate issues disposed of at summary judgment. *Kona Enterprises, Inc.*, 229 F.3d at 890 (reconsideration was properly denied because the movant wanted "to argue for the first time" a new theory of liability). At all times, relief defendants were

**James C. Mahan**
**U.S. District Judge**

- 4 -

represented by licensed and freely chosen legal counsel. Ms. Fujinaga could have articulated her loan agreement theory and produced evidence in her opposition to the SEC's summary judgment motion. Instead, the SEC notes, she made the strategic decision to argue that The Factoring Company had a legitimate claim to the disputed gains as "marketing fees" and therefore could disburse them to her as it saw fit.

Relief defendants conclude that the courts must reconsider their claims in the interests of justice. (Doc. #263). Here too, the interests of justice weigh in the SEC's favor. Defendants in this case defrauded a number of investors who have limited means of recouping the money lost. Reconsideration of the final judgment against relief defendants would unduly frustrate and delay their ability to recover from the final judgment.

### b. *Stay pending appeal*

Defendants' motion does not present any argument regarding a likelihood of success on the merits for either a stay pending ruling on the motion for reconsideration or a stay pending appeal. (Doc. #264). The SEC highlights this fact in its response. (Doc. #267). Relief defendants did not set forth any argument on the relevant factors until their reply, and in that reply, only set forth arguments regarding their request for stay pending a ruling on the motion to reconsider. (Doc. #268).

A party is generally prohibited from raising new arguments for the first time in its reply. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). The SEC has not been afforded an opportunity to respond to defendants' new arguments. Denial of the instant motion is therefore appropriate on this basis. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Furthermore, as relief defendants provide no argument as to why this court should consider a stay pending appeal, the court will deny the instant motion. Defendants may seek the requested relief from the appellate court as appropriate.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that relief defendants' motion for reconsideration, (doc. #263), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that relief defendants' motion to stay execution of judgment pending appeal, (doc. #264), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that relief defendant's motion to seal (doc. #269) be, and the same hereby is, GRANTED. The clerk of the court shall seal defendant's reply brief. (Doc. #269).

IT IS FURTHER ORDERED that the SEC shall submit a proposed amended final judgment within seven (7) days of this order.

DATED March 4, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**