UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

EDWIN YOSHIHIRO FUJINAGA and

Defendants,

and

JUNE FUJINAGA,
CSA SERVICE CENTER, LLC,
THE FACTORING CO., and
THE YUNJU TRUST,

Relief Defendants.

Case No.: 2:13-cv-1658-JCM-CWH

**AMENDED FINAL JUDGMENT AGAINST RELIEF DEFENDANTS JUNE FUJINAGA AND THE YUNJU TRUST**

Plaintiff Securities and Exchange Commission having filed a Complaint and an Amended Complaint in this action and Relief Defendants June Fujinaga and The Yunju Trust (collectively, "Relief Defendants") having entered general appearances; and the Court having found that there is no genuine dispute of fact that the Relief Defendants received assets and funds from Defendant Edwin Fujinaga or companies that he owned or controlled to which the Relief Defendants have no legitimate claim; the Court HEREBY ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

I.

Final Judgment is hereby ENTERED in favor of Plaintiff Securities and Exchange Commission and against Relief Defendants June Fujinaga and The Yunju Trust.

II.

A.  Relief Defendants June Fujinaga and The Yunju Trust shall be jointly and severally liable to pay disgorgement in the amount of $2,333,382.18, representing assets and funds received from Defendant Edwin Fujinaga or companies that he owned or controlled to which the Relief Defendants have no legitimate claim.  The Relief Defendants shall satisfy this obligation by paying $2,333,382.18 within fourteen days after entry of this Final Judgment.

B.  The Relief Defendants may transmit payment of the disgorgement ordered herein electronically to Robb Evans & Associates LLC, the Receiver appointed in this action, which will provide detailed ACH transfer/Fedwire instructions upon request.  The Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Receiver, which shall be delivered or mailed to

> Robb Evans & Associates LLC
> Receiver in *SEC v. Edwin Fujinaga and MRI International, Inc.*
> 5560 South Fort Apache Road, Suite 120
> Las Vegas, Nevada  89148

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Relief Defendants' names as relief defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

C.  The Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case-identifying information to the Commission's counsel in this action.  By making this payment, the Relief Defendants relinquish all legal and equitable right, title and interest in such assets and funds and no part of the assets and funds shall be returned to the Relief Defendants.

D.  As part of her disgorgement obligation herein, Relief Defendant June Fujinaga shall disgorge to the Receiver all of her legal, beneficial and equitable interest in The Yunju Trust.  If

June Fujinaga is the Trustee of The Yunju Trust, the Receiver shall succeed to her powers and shall possess all powers available to the Trustee of The Yunju Trust.

  E.  The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after fourteen days following entry of this Final Judgment.  The Relief Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

  F.  The Receiver shall have the authority and power to collect and levy on this Final Judgment as though it were the prevailing plaintiff against the Relief Defendants and on an equal par and concurrently with the Commission.  This Final Judgment, and the assets and funds of June Fujinaga and The Yunju Trust up to the amount of the Final Judgment, are included in the Receivership Estate established by the Court's May 20, 2015 Order Appointing a Full Equitable Receiver (ECF No. 226), and all of the provisions of that Order are incorporated by reference and applicable herein.

  G.  Subject to the Court's approval, the Commission may propose a plan for the Receiver to distribute the assets and funds collected from the Relief Defendants pursuant to this Final Judgment.  Such a plan may provide that the assets and funds shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The plan may provide that any and all assets and funds paid as disgorgement shall be distributed to investors. The Court shall retain jurisdiction over the administration of any distribution of the Fund.

III.

  This Court shall retain jurisdiction of this action for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers at the United States Courthouse in Las Vegas, Nevada, March 14, 2016.

_____
HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE