UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is receiver Robb Evans & Associates LLC's (hereinafter "receiver") motion for order approving and authorizing payment of receiver's and professionals' fees and expenses and motion for order granting relief from Local Rule 66-5 pertaining to notice of creditors (Doc. #313). No response was filed, and the deadline to respond has now passed.

The receiver first requests an order "approving and authorizing payment of receivership fees and expenses incurred for the period from October 1, 2015, through December 31, 2015, ("expense period"). (Doc. #313). This includes fees for the receiver's deputies, agents and staff, in the amount of $125,216.45, its expenses in the amount of $5,285.29, business entity expenses in the amount of $14,536.90 and expenses relating to the estate's real property in the amount of $502,566.28. *Id.* It also includes fees to Lynch Law Practice, PLLC in the amount of $34,558.65, and its expenses in the amount of $801.03. This brings the total receiver's fees and expenses incurred in the expense period to $682,964.60. *Id.*

The motion sets out the receiver's services and activities during the expense period as well as the law supporting an award of the requested fees. (Doc. # 313). District of Nevada Local Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to

James C. Mahan
U.S. District Judge

any motion shall constitute a consent to the granting of the motion." LR 7-2(d). The court will therefore grant the instant unopposed motion.

The receiver next requests an order "deeming notice of this Motion to be sufficient under Local Civil Rule 66-5 based on the service of this Motion on all known non-consumer creditors of the estate, but not the tens of thousands of potential consumer creditors of the estate." (Doc. # 313).

Local Rule 66-5 provides that unless the court otherwise orders, the receiver shall give all interested parties and creditors at least fourteen (14) days' notice of the time and place of hearings on applications for fees of the receiver. D. Nev. R. 66-5(d). The court has not scheduled a hearing on the instant motion, and finds that it is unnecessary to do so.

However, to the extent that Local Rule 66-5 applies here, the court finds that the receiver has given sufficient notice to creditors under the rule. The receiver filed the instant motion on the public CM/ECF docket in this case. The court set response deadlines for the motions. These deadlines have now passed and no response or other objection has been filed by any party.

Good cause appearing, the court will grant the motions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the receiver's motion for an order approving and authorizing payment of fees, (doc. #313), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the receiver's motion for an order finding notice to creditors to be sufficient under Local Rule 66-5, (doc. #313), be, and the same hereby is, GRANTED.

DATED April 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**