UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>v.<br><br>EDWIN YOSHIHIRO FUJINAGA, *et al.*,<br><br>                      Defendants. | Case No. 2:13-cv-01658-JCM-CWH<br><br>ORDER |

       Presently before the court is Robb Evans & Associates LLC's, the court-appointed receiver, motion for an order authorizing the receiver to list and market for sale the real property located at 150 E. Harmon and granting relief from local rule 66-5 pertaining to notice to creditors. (Doc. #307). Defendant has not filed a response and the deadline to do so has passed.

       The receiver requests an order authorizing it to engage a broker to list and market for sale the real property located at 150 E. Harmon Street, Las Vegas, Nevada, 89109 (the "Harmon property"). It is identified by the Clark County Assessor as parcel no. 162-21-202-004. The receiver further requests authority to enter into a purchase and sale agreement of the Harmon property, providing such purchase and sale agreement is contingent upon subsequent court approval. (Doc. #307).

      As explained in greater detail in the receiver's motion, the Harmon property consists of the former Harmon Medical Center, which is a two-story structure containing a total area of approximately 25,741 square feet built upon a 1.62-acre site, title to which is held in the name of HMC Service Center, LLC. The property currently has a single tenant who recently served notice of its intent to terminate its tenancy when its lease expires on December 31, 2016. Thereafter, the

1  property will no longer generate income and may be subject to increased risk of damage,
2  vandalism, and theft. The receiver has determined in its business judgment that the interests of the
3  estate and its creditors would best be served by engaging a broker to list and market Harmon
4  property for sale.

5  Edwin Fujinaga previously opposed any sale of the Harmon property based upon his
6  contention that certain third parties own a portion of HMC Service Center, LLC. The receiver
7  states that it has verified that Mr. Fujinaga directly or indirectly owns seventy percent of HMC
8  Service Center, LLC but has been unable to confirm the rightful owner of the remaining thirty
9  percent interest. The receiver continues its efforts to determine whether these are bona fide claims.
10 In the interim, however, the receiver submits that the estate would be best served by undertaking
11 efforts to sell the Harmon property now, without waiting until the claims of the minority members
12 are fully and finally resolved.

13 Pursuant to Local Rule 7-2, an opposing party must file points and authorities in response
14 to a motion and failure to file a timely response constitutes the party's consent to the granting of
15 the motion. *See* LR IB 7-2(d); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).
16 Defendant has not filed any response in opposition to this motion and the deadline to do so has
17 passed.

18 Having reviewed the substantive merits, the court grants the receiver the authority to list,
19 market, and enter into a contingent purchase and sale agreement, with the understanding that
20 should a sale be ultimately approved by the court upon subsequent motion, the receiver will hold
21 thirty percent of the net sale proceeds pending resolution of the minority members' claims, if any.

22 The receiver next requests an order deeming notice of this motion to be sufficient under
23 Local Civil Rule 66-5. (Doc. # 307). Local Rule 66-5 provides that unless the court otherwise
24 orders, the receiver shall give all interested parties and creditors at least fourteen (14) days' notice
25 of the time and place of hearings on applications for fees of the receiver. LR 66-5(d). The court
26 has not scheduled a hearing on the instant motion, and finds that it is unnecessary to do so.

27 However, to the extent that Local Rule 66-5 applies here, the court finds that the receiver
28 has given sufficient notice to creditors under the rule. The receiver filed the instant motion on the

public CM/ECF docket in this case. The court set response deadlines for the motions. These deadlines have now passed and no response or other objection has been filed by any party.

Good cause appearing, the court will grant the motion in its entirety.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Robb Evans & Associates LLC's motion for an order authorizing the receiver to list and market for sale the real property located at 150 E. Harmon and granting relief from local rule 66-5 pertaining to notice to creditors be, and the same hereby is, GRANTED.

DATED THIS 25th day of April 2016.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE