UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>  v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is Robb Evans & Associates LLC's, the court-appointed receiver, motion for an order authorizing, approving, and confirming the settlement agreement and mutual release, and granting relief from local rule 66-5 pertaining to notice to creditors. (Doc. #305). Defendant filed a response (doc. #309), and the receiver filed a reply. (Doc. #316).

The receiver seeks an order approving the settlement agreement and mutual release (the "Hoy's settlement") entered into by and among (a) Hoy's, Inc., Skill Properties, LLC, James K. Massengill, Kaylea Massengill, Haldun, Inc., William F. Keenan, and Susan Keenan (collectively, the "Hoy's parties") and (b) EBJ&F, LLC, Med-Health Pharmaceutical Products, LLC, and Edwin Fujinaga (the "Fujinaga parties"). (Doc. #305). The receiver further requests that the court deem notice of the motion to be sufficient under local rule 66-5 and that it authorize the receiver to execute any and all documents that may be reasonably necessary or appropriate to fully effectuate the terms of the Hoy's settlement. (*Id.*).

Defendant objects to the Hoy's settlement based upon a report that was prepared with information contained in pre-existing financial statements. Defendant also asserts that twenty-five million dollars of collateral disappeared directly as a result of intentional acts of James Massengill.

**James C. Mahan**
**U.S. District Judge**

1  (Doc. #309). Defendant reiterates EBJ&F ownership claims, the value of the assets, and the
2  amount and method by which he claims that James Massengill fraudulently diverted funds and
3  value from these assets. Defendant concludes that the settlement as proposed is not in the best
4  interest of the Fujinaga estate represented by the receiver, the Japanese investors, the SEC, or the
5  defendant and relief defendants. (*Id.*)

6  The receiver responds that the defendant's claims against Mr. Massengill and the Hoy's
7  litigation are based on two pages from the McGladrey report, which states that the figures were
8  not independently verified, established, or confirmed by McGladrey. The report even discloses
9  that with respect to the "Inventory Purchase" accounts, it was not possible for McGladrey to
10 determine the owner of the assets. (Doc. #316). The receiver points to several conflicting theories
11 in defendant's opposition that suggest that there are a number of substantial disputed factual issues
12 in the Hoy's litigation that could change the outcome of the trial. The receiver concludes that it
13 unlikely that the Hoy's litigation could be disposed of summarily. Despite defendant's allegations,
14 the receiver reasserts that, after weighing the unknown outcome of trial and the lack of equity in
15 the known assets, the proposed settlement is in the best interest of the estate.

16 Having reviewed the substantive merits of the underlying briefs, the court agrees with the
17 receiver and grants the motion in its entirety. The courts directs the receiver to submit a proposed
18 order consistent with the terms of the settlement agreement set forth in its motion. (Doc. #305).

19 Accordingly,

20 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Robb Evans &
21 Associates LLC's motion for an order authorizing, approving, and confirming the settlement
22 agreement and mutual release, and granting relief from local rule 66-5 pertaining to notice to
23 creditors (doc. #305) be, and the same hereby is, GRANTED.

24 IT IS FURTHER ORDERED that the receiver shall submit a proposed order within seven
25 days of this order.

26 DATED April 27, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -