Michael F. Lynch, Esq.
Nevada Bar No. 8555
**LYNCH LAW PRACTICE, PLLC**
3613 S. Eastern Ave.
Las Vegas, Nevada 89169
702.684.6000
702.543.3279 (fax)
Michael@LynchLawPractice.com
*Attorney for Receiver Robb Evans*
*& Associates LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2:13-cv-01658-JCM-CWH |
| Plaintiff, | |
| vs. | **ORDER AUTHORIZING, APPROVING, AND CONFIRMING THE HOY'S SETTLEMENT AGREEMENT** |
| EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., | |
| Defendants, | |
| and | |
| CSA SERVICE CENTER, LLC THE FACTORING COMPANY, JUNE FUJINAGA, and THE YUNJU TRUST, | |
| Relief Defendants. | |

Presently before the Court is Robb Evans & Associates LLC's (the "Receiver"), the court-appointed receiver, motion for an order authorizing, approving, and confirming the settlement agreement and mutual release, and granting relief from local rule 66-5 pertaining to notice to creditors (the "Motion"). (Doc. #305). Defendant Edwin Yoshihiro Fujinaga filed a response (Doc. #309), and the Receiver filed a reply. (Doc. #316).

The Court entered its order granting the Motion in its entirety (Doc. #327), and directed the Receiver to submit a proposed order consistent with the terms of the Settlement Agreement and Mutual Release (the "Hoy's Agreement") entered into by and among (a) Hoy's, Inc., Skill Properties, LLC, James K. Massengill, Kaylea Massengill, Haldun, Inc., William F. Keenan, and Susan Keenan (collectively, the "Hoy's Parties") on the one hand, and (b) EBJ&F, LLC, Med-

Health Pharmaceutical Products, LLC, and Edwin Fujinaga on the other hand (the "<u>Fujinaga Parties</u>", and together with the Hoy's Parties, the "<u>Parties</u>"), a true and correct copy of which is attached and incorporated by this reference as **Exhibit "1"** hereto.

Good cause appearing, and without limiting the generality of the foregoing, it is hereby ordered, adjudged, and decreed that:

A. The Hoy's Agreement is approved as fair and equitable and in the best interests of the receivership estate;

B. Upon receipt and verification by the Receiver of an original sworn confession judgment, made by James Massengill and Hoy's, Inc. before a notary public in the amount of $350,000.00 in favor of EBJ&F, the form of which is attached to the Hoy's Agreement as Exhibit A, the Receiver shall be authorized and directed to (1) release, satisfy, and discharge the Hoy's Parties from any and all loan obligations, including personal guaranty obligations, to the Fujinaga Parties, (2) release, satisfy, and discharge any and all security interests relating to the loan obligations held by the Fujinaga Parties, including any deeds of trust or other encumbrances recorded against real property owned by the Hoy's Parties and (3) enter into a stipulation on behalf of the Fujinaga Parties to dismiss without prejudice, the case styled Hoy's, Inc., Skill Properties, LLC, James Massengill, Kaylea Massengill and Haldun, Inc., Inc. v. EBJ&F, LLC, Med-Health Pharmaceutical Products, LLC and Edwin Fujinaga, Case No. 2: 13-cv-912;

C. The Parties stipulated, and the Court hereby finds, that EBJ&F rightfully owns 49% of the issued and outstanding shares of Hoy's, Inc.;

D. Upon receipt and verification by the Receiver of $10,000.00 in immediately available funds, by or on behalf of William F. Keenan and/or Susan Keenan, within 10 days of entry of entry of this order, the Receiver shall execute and deliver to the Keenans Mortgage Releases for recordation in Laramie County, Wyoming, and the Releases set forth in the Hoy's Agreement shall be full and final as they relate to William F. Keenan and Susan Keenan only, such that no Event of Default of any other subparagraph of Section 4 of the Hoy's Agreement shall create any remedy against, or affect in any way the Release as it relates to, William F. Keenan and Susan Keenan only;

  E. Should James Massengill and/or Hoy's, Inc. cause any Event of Default to occur under the Hoy's Agreement, the Receiver shall be authorized and entitled, but not obligated, to file the Confession of Judgment in any court of competent jurisdiction and fully pursue the receivership estate's rights to collect thereunder;

  F. Upon verification by the Receiver of the Hoy's Parties' timely compliance with all of their obligations set forth in Section 4 of the Hoy's Agreement, the Receiver shall be authorized and directed to (1) sell all of EBJ&F's shares in Hoy's Inc. for $225,000.00 in immediately available funds tendered to Receiver by or before 12/31/2017, or, (2) sell all of EBJ&F's shares in Hoy's for $300,000.00 in immediately available funds tendered to the Receiver after 1/1/2018 but before 12/31/2018;

  G. So long as there is no Default under Section 4 of the Hoy's Agreement, and until such time that the Hoy's Parties' obligations under the Hoy's Agreement are fully satisfied, James Massengill shall have sole control over and authority to make decisions regarding the finances of Hoy's, and the Receiver and EBJ&F have no control over or authority to make decisions regarding the finances of Hoy's. The Receiver is authorized to execute any separate documentation to this effect that is requested by any potential or actual source of funding or any potential or actual customer of Hoy's;

  H. This Order and the terms and conditions of the Hoy's Agreement shall be binding upon, and shall inure to the benefit of, the Parties to the Hoy's Agreement and their respective heirs, personal representatives, successors, and assigns;

  I. The Receiver is authorized to execute and deliver, and to accept, on behalf of the receivership estate all documents, releases, instruments, and other related documents provided for under the Hoy's Agreement; and

  J. The Receiver is authorized to take all other steps necessary or convenient to implement and perform under the Hoy's Agreement.

  DATED May 11, 2016.

               */s/ James C. Mahan*
               UNITED STATES DISTRICT JUDGE

3

1  Respectfully prepared and submitted by:

2  **LYNCH LAW PRACTICE, PLLC**

3  /s/ Michael F. Lynch
4  Michael F. Lynch
   Nevada Bar No. 8555
5  3613 S. Eastern Ave.
   Las Vegas, Nevada 89169
6  702.684.6000
   702.543.3279 (fax)
7  Michael@LynchLawPractice.com

8  *Attorney for Receiver Robb Evans*
9  *& Associates LLC*

4

# Exhibit 1

# Exhibit 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is dated January _____, 2016 (the "Effective Date"), and is entered into by and among (a) Hoy's, Inc., Skill Properties, LLC, James K. Massengill, Kaylea Massengill, Haldun, Inc., William F. Keenan, and Susan Keenan (collectively, the "Hoy's Parties") on the one hand, and (b) EBJ&F, LLC, Med-Health Pharmaceutical Products, LLC, and Edwin Fujinaga on the other hand (the "Fujinaga Parties", and together with the Hoy's Parties, the "Parties").

### I.

### RECITALS

WHEREAS, Robb Evans & Associates LLC was appointed receiver ("Receiver") in that certain case styled *Securities and Exchange Commission vs. Edwin Yoshihiro Fujinaga and MRI International, Inc.*, pending in the United States District Court in and for the District of Nevada as case no. 2:13-cv-01658-JCM- CWH (the "SEC Receivership Litigation") by that certain Order Appointing an Equitable Receiver entered on February 23, 2015 (SEC Receivership Litigation Dkt. 194), which commanded and authorized Receiver to, among other things, take and retain immediate possession, custody, and control of certain commercial properties owned or controlled by Edwin Fujinaga and others.

WHEREAS, the duties and responsibilities of Receiver were enlarged by that certain Order Appointing a Full Equitable Receiver to Assume Control over the Defendants' Assets and Enforce the Final Judgment entered on May 15, 2015 (the "Order Appointing Receiver") (SEC Receivership Litigation Dkt. 226). The Order Appointing Receiver supersedes the previous order, and directs the Receiver to take and retain immediate control over any civil action in which one or more of the Defendants is a party including, but not limited to, *Hoys, Inc., Skill Properties, LLC, James Massengill, Kaylea Massengill and Haldun, Inc., Inc. v. EBJ&F, LLC, Med-Health Pharmaceutical Products, LLC and Edwin Fujinaga*, Case No. 2: 13-cv-912 (the "Hoy's Litigation"), in the United States District Court for the District of Nevada, and act as though Receiver were the real party-in-interest in any such action and, if the Receiver determines, following consultation with the SEC, that any of the following measures are in the best interest of the receivership estate, to negotiate a settlement of any such action and to consent to the sale, transfer, or disposal of any real or personal property involved in that action, with the proceeds to be placed in escrow pending the final settlement or adjudication of the action.

WHEREAS, certain claims, counterclaims, and disputes have arisen between the Parties in the Hoy's Litigation;

WHEREAS, to avoid the burden, uncertainty and expense of litigating claims relating to the Hoy's Litigation, regardless of whether such claim has been alleged or articulated, the Parties desire to execute this Settlement Agreement memorializing in full the Parties' settlement, which, among other things, provides for the mutual settlement and release of each other from any and all claims, actions, causes of action, suits, debts, sums of money, accounts, covenants, contracts, agreements, representations, warranties, damages, injuries, liabilities and demands whatsoever, in law, equity, arbitration, administrative proceeding or otherwise, whether known or unknown,

contingent or fixed, liquidated or unliquidated of any and every nature whatsoever existing at any time on or before the Effective Date (collectively, the "Claims"); and

WHEREAS, Receiver is not acting in its individual capacity, but solely in its capacity as Receiver and as though Receiver were the Fujinaga Parties, in accord with and subject to the limitations set forth in the Order Appointing Receiver;

NOW, THEREFORE, in consideration of the foregoing recitals, the promises, rights and benefits set forth herein, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## II.

## AGREEMENT

NOW, THEREFORE, in consideration of the promises and agreements herein and other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties agree as follows:

1. Recitals. The foregoing recitals are hereby made a part of this Agreement.

2. Mutual Release of Claims. Subject to SEC and Court approval of this Agreement, and except for and contingent upon the duties set forth in Section 4 below, the Parties, for themselves, as well as their respective owners, parents, subsidiaries, affiliate, agents, employees, shareholders, officers, directors, managers, members, representatives, and beneficiaries fully release and forever discharge one another and their respective owners, parents, subsidiaries, affiliate, agents, employees, shareholders, officers, directors, managers, members, representatives, and beneficiaries, if any, of and from:

2.1. any and all claims, known or unknown, asserted or unasserted, of whatever nature, now existing or hereafter arising, relating in any way to the Claims, its subject matter, or any matters that were or that could have been asserted in the Hoy's Litigation; and

2.2. any and all damages alleged to be sustained or actually sustained by any reason relating in any way to the Claims or the continued effects thereof; and

2.3. any and all claims arising directly or indirectly from any federal, state or local law relating in any way to the Claims, its subject matter, or any matters that were or that could have been asserted in the Hoy's Litigation.

3. Matters Not Released. Notwithstanding anything to the contrary herein, the foregoing mutual release of claims shall not include any liability or obligation created by this Agreement.

4. Settlement Consideration. The mutual releases stated above in paragraph 2, above, entitled "Mutual Release of Claims," are made and given for and in consideration of:

4.1. Forgiveness of Loan Obligation. Receiver shall forgive the Hoy's Parties from any and all loan obligations, including personal guaranty obligations, to the Fujinaga Parties.

4.2. <u>Release of Security Interests.</u> Receiver shall release any and all security interests relating to the loan obligations held by the Fujinaga Parties, including the mortgages or deeds of trust recorded against certain real property owned by the Hoy's Parties.

4.3. <u>EBJ&F's Shares.</u> The Parties hereby stipulate and agree that EBJ&F rightfully owns 49% of the issued and outstanding shares of Hoy's, Inc.

4.4. <u>Confession of Judgment.</u> James Massengill and Hoy's, Inc. shall each execute a sworn confession of judgment before a notary public in the amount of $350,000.00 in favor of EBJ&F, the form of which is attached hereto as **Exhibit "A"**. The original notarized confession of judgment will be delivered to Receiver upon the Effective Date, to be held by Receiver and not filed unless an Event of Default occurs.

4.5. <u>New Cash.</u> James Massengill shall infuse, or shall cause to be infused, $200,000.00 in new cash into Hoy's Inc. by calendar year end 2016;

4.6. <u>Additional Settlement Consideration.</u> William F. Keenan and/or Susan Keenan shall pay to Receiver the sum of $10,000.00 in immediately available funds within 10 days of entry of a Court order approving this Agreement, and upon satisfaction of this payment obligation, Receiver shall, within two (2) weeks of entry of an order approving this Agreement, deliver to William F. Keenan's counsel (a) Mortgage Releases in the form attached to this Agreement as **Exhibit "B"**, and (b) two certified copies of the court order approving this Agreement.

4.7. <u>Department of Labor Liability.</u> James Massengill shall satisfy, or cause to be satisfied, Hoy's liability to the Department of Labor, which liability is currently approximately $33,779.50;

4.8. <u>IRS Liability.</u> James Massengill shall pay, or shall cause to be paid, Hoy's liability for back taxes to the IRS in the estimated amount of approximately $12,738.43;

4.9. <u>Hoy's Management.</u> Until the Hoy's Parties purchase EBJ&F's shares of Hoy's, Inc. as set forth in Section 4.18, James Massengill shall work full-time at Hoy's Pharmacy as its pharmacist and store manager for a yearly salary of no more than $150,000 through calendar year end 2017;

4.10. <u>Hoy's Bank Statements.</u> At least 15 days prior to the Effective Date, the Hoy's Parties shall deliver to Receiver all monthly bank account statements, for any and all bank accounts relating to Hoy's for the period October 2013 through November 2015. After the Effective Date, the Hoy's Parties shall deliver to Receiver as soon as practical after its issuance by the bank, each subsequent bank statement(s), from (a) December 1, 2015, until (b) such time as all terms and conditions of this Agreement shall have been satisfied;

4.11. <u>Annual Financial Reporting.</u> Until the Hoy's Parties purchase EBJ&F's shares of Hoy's, Inc. as set forth in Section 4.18, the Hoy's Parties shall deliver to Receiver as soon as available, but in no event later than 120 days after Hoy's fiscal year end, Hoy's current financial statements (including without limitation, an income and expense statement and balance sheet) and Hoy's current tax return signed by James Massengill.

4.12.    Quarterly Financial Reporting.  Until the Hoy's Parties purchase EBJ&F's shares of Hoy's, Inc. as set forth in Section 4.18, the Hoy's Parties shall deliver, within 45 days of the end of each fiscal quarter, Hoy's quarterly financial statements, cash flow projections, ledger, and quarterly operating statements;

4.13.    Other Financial Reporting.  Until the Hoy's Parties purchase EBJ&F's shares of Hoy's, Inc. as set forth in Section 4.18, within fifteen (15) days of EBJ&F's request, the Hoy's Parties shall also deliver to the requesting party such other financial information regarding Hoy's operations as may be reasonably necessary to evaluate its financial health or operations.

4.14.    Accuracy of Financial Reporting.  The Hoy's Parties aver that all financial statements and information delivered to Receiver under this Agreement, shall fairly and accurately represent the financial condition of the subject thereof and shall have been prepared in accordance with generally accepted accounting principles consistently applied. The Hoy's Parties acknowledge and agree that Receiver may request and obtain additional information from third parties regarding any of the above, including, without limitation, credit reports.

4.15.    Shares of Hoy's.  Until the Hoy's Parties purchase EBJ&F's shares of Hoy's, Inc. as set forth in Section 4.18, Hoy's shall not issue or sell any shares of Hoy's, or otherwise dilute EBJ&F's shares in Hoy's, Inc. without Receiver's express written consent;

4.16.    Sale of Assets.  Until the Hoy's Parties purchase EBJ&F's shares of Hoy's, Inc. as set forth in Section 4.18, Hoy's shall not sell, convey or assign all or substantially all of Hoy's assets, but Hoy's may pledge its assets as collateral for business loans;

4.17.    Sales Benchmarks.  Until the Hoy's Parties purchase EBJ&F's shares of Hoy's, Inc. as set forth in Section 4.18, the Hoy's Parties agree that gross sales from Hoy's, Inc.'s operations shall reach or exceed the following benchmarks.  Receiver shall have the ability, in its sole and absolute discretion, to waive any shortcomings on these benchmarks:

- $750,000 in bi-annual sales, first half of 2016 (calendar year)
- $1 million in bi-annual sales, second half of 2016
- $1.25 million in in bi-annual sales, first half of 2017
- $1.5 million in in bi-annual sales, second half of 2017

4.18.    Buyout.  The Hoy's Parties shall either (A) purchase, or cause to be purchased, all of EBJ&F's shares in Hoy's Inc. for $225,000.00 in immediately available funds tendered to Receiver by or before 12/31/2017, or, (B) purchase, or cause to be purchased, all of EBJ&F's shares in Hoy's for $300,000.00 in immediately available funds tendered to Receiver after 1/1/2018 but before 12/31/2018.

4.19.    Hoy's Litigation.  Both Parties shall stipulate to dismiss the Hoy's Litigation without prejudice.

4.20.    Financial Control.  The Parties agree that, so long as there is no Default under this Agreement, and until such time subject to the requirements of this paragraph 4, James Massengill has sole control over and authority to make decisions regarding the finances of

Hoy's, and the Receiver and EBJ&F have no control over or authority to make decisions regarding the finances of Hoy's. The Parties agree to execute any separate documentation to this effect that is requested by any potential or actual source of funding or any potential or actual customer of Hoy's.

5. <u>Required Approvals.</u>  This Agreement shall be contingent upon SEC and Court approval in the SEC Receivership Action.

6. <u>Events of Default.</u>  The failure of any Party to abide in full by all of the terms and conditions set forth in Paragraph 4 hereinabove shall be an Event of Default, and Receiver shall be thereby authorized and entitled, but not obligated, to file the Confession of Judgment in any court of competent jurisdiction and fully pursue its rights to collect thereunder. Notwithstanding anything to the contrary herein, upon satisfaction of the obligations set forth in Paragraph 4.6 hereinabove, the Releases set forth in this Agreement shall be full and final as they relate to William F. Keenan and Susan Keenan only, such that no Event of Default of any other subparagraph of Paragraph 4 shall create any remedy against, or affect in any way the Release as it relates to, William F. Keenan and Susan Keenan.

7. <u>No Liability.</u>  By entering into this Agreement, the Parties do not admit:

   7.1.   any liability for any claim, cause of action, or demand; or

   7.2.   any wrongdoing or fault; or

   7.3.   any violation of any law, precedent, rule, regulation, or statute. Further, nothing contained in this Agreement may be construed as an admission against the interest of any of the Parties.

8. <u>Attorneys' Fees.</u>  Each of the Parties to this Agreement shall bear his/its own attorneys' fees and costs incurred in connection with or relating to the Claims and the settlement thereof.

9. <u>Acknowledgements.</u>  The Parties understand and expressly agree and warrant:

   9.1.   The releases contained herein extend and apply to and also cover and include all unknown, unforeseen, unsuspected, and unanticipated injuries, claims, damages, losses, and liability, if any, arising from or related to the subject matter of the Claims.

   9.2.   No promise or inducement has been offered except as set forth in this Agreement.

   9.3.   This settlement is made in good faith and is equitable and fair.

   9.4.   Each of the Parties is legally competent to execute this Agreement and to accept full responsibility therefor.

   9.5.   This Agreement and the releases set forth in it have been carefully read in their entirety by each of the Parties, who has had the benefit and advice of counsel of

his/its choosing, and that this Agreement and the releases set forth in it are in full and final and complete compromise, settlement, release, accord and satisfaction, and discharge of all claims and actions as stated above.

9.6. In entering into this Agreement and the settlement and releases that are encompassed herein, each of the Parties is acting freely and voluntarily and without influence, compulsion, or duress of any kind from any source, including, but not limited to, any other party or Parties, his/its/their attorneys, representatives, or anyone acting or purporting to act on behalf of any of the Parties.

9.7. The Parties have the authority and capacity to prosecute and/or defend the Claims made and they have the authority to stipulate to the release and discharge with prejudice of the Claims.

9.8. The Parties have not assigned to any other person or party all or any portion of any claim or counterclaim whatsoever that they may now or in the future have against any party arising out of the facts involved in the Claims.

9.9. Each of the Parties has participated in the preparation of this Agreement and that in construing or interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against the drafting party, or any other party to the Agreement.

10. <u>Integration.</u> This Agreement represents the full and complete integration of the agreement between/among the Parties and is the complete expression thereof. All other agreements, negotiations, and representations between/among the Parties pertaining to the subject matter of this Agreement, and to the extent not expressly set forth herein, are void and of no force or effect whatsoever. This Agreement may not be amended or modified except in writing and signed by each of the Parties.

11. <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. Venue for any litigation that may arise out of the breach of any obligations set forth in this Agreement shall be in the United States District Court for the District of Nevada.

12. <u>Counterparts.</u> This Agreement may be executed in any number of counterparts confirmed by facsimile signatures transmitted by telephone, each of which shall be deemed a duplicate original.

13. <u>Severability.</u> If any provision of this Agreement or the application thereof to any person, entity, or circumstance shall be invalid, illegal, or unenforceable to any extent, the remainder of this Agreement and the application thereof shall not be affected and shall be enforceable to the fullest extent permitted by law.

14. <u>Successors, Affiliates, and Assigns.</u> This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, personal representatives, successors, and assigns.

15. <u>Prevailing Party.</u> Should any party initiate any action at law or in equity to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover from the

non-prevailing party his/its reasonable attorneys' fees and costs in addition to any other appropriate relief.

      IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement on the dates set forth below.

**\*\*\* SIGNATURE PAGE FOLLOWS \*\*\***

### *** SIGNATURE PAGE ***[1]

**HOY'S, INC.**

By: James Massengill
Its: President

**SKILL PROPERTIES, LLC**

By: James Massengill
Its: Manger

**JAMES MASSENGILL**

James Massengill

**KAYLEA MASSENGILL**

Kaylea Massengill

**HALDUN, INC.**

By: James Massengill
Its: President

**WILLIAM F. KEENAN**

William K. Keenan

**SUSAN KEENAN**

Susan Keenan

**EBJ&F, LLC, MED-HEALTH PHARMACEUTICAL PRODUCTS, LLC, AND EDWIN FUJINAGA**

By: ROBB EVANS & ASSOCIATES, LLC, as court-appointed receiver for EBJ&F, LLC, Med-Health Pharmaceutical Products, LLC and Edwin Fujinaga

By: Brick Kane
Its: President and Chief Operating Officer

---

[1] To the foregoing Settlement Agreement and Mutual Release.

*** SIGNATURE PAGE ***[1]

| | |
|---|---|
| **HOY'S, INC.** | **EBJ&F, LLC, MED-HEALTH PHARMACEUTICAL PRODUCTS, LLC, AND EDWIN FUJINAGA** |
| _____ | |
| By: James Massengill | By: ROBB EVANS & ASSOCIATES, LLC, as court-appointed receiver for EBJ&F, LLC, Med-Health Pharmaceutical Products, LLC and Edwin Fujinaga |
| Its: President | |

**SKILL PROPERTIES, LLC**

_____

By: James Massengill
Its: Manger

_____
By: Brick Kane
Its: President and Chief Operating Officer

**JAMES MASSENGILL**

_____
James Massengill

**KAYLEA MASSENGILL**

_____
Kaylea Massengill

**HALDUN, INC.**

_____

By: James Massengill
Its: President

**WILLIAM F. KEENAN**

*/s/ William K. Keenan*   01/21/16
William K. Keenan

**SUSAN KEENAN**

*/s/ Susan Keenan*   1/21/16
Susan Keenan

---

[1] To the foregoing Settlement Agreement and Mutual Release.

Page 8 of 8

# Exhibit A

Mutually acceptable releases of lien/mortgages to be prepared by the property owner(s) or their representatives and executed by Robb Evans & Associates, soley in its capacity as the Reciever.

# Exhibit A

# Exhibit B

# Exhibit B

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EBJ&F, LLC, | Case No.: |
| Plaintiff, | **CONFESSION OF JUDGMENT** |
| vs. | |
| HOY'S INC., and JAMES MASSENGILL, | |
| Defendants. | |

HOY'S, INC., a Wyoming corporation ("Hoy's"), and JAMES MASSENGILL ("Massengill", and together with Hoy's, the "Defendants"), hereby state the following:

Defendants hereby confess judgment, jointly and severally against themselves in favor of EBJ&F, LLC, a Nevada limited liability company ("Plaintiff"), for the principal amount of $350,000.00, with interest accruing on the unpaid balance at the legal rate from the date this Confession of Judgment is entered until paid in full.

The parties agree that this Confession of Judgment shall only be filed if the Settlement Agreement entered into by and among (a) Hoy's, Inc., Skill Properties, LLC, James K. Massengill, Kaylea Massengill, Haldun, Inc., William F. Keenan, and Susan Keenan on the one hand, and (b) EBJ&F, LLC, Med-Health Pharmaceutical Products, LLC, and Edwin Fujinaga on the other hand (the "Settlement Agreement") is in breach.

Once the terms of the Settlement Agreement are fully satisfied, Plaintiff shall return to Defendants this Confession of Judgment within 30 days of receipt of written demand by Defendants upon Plaintiff.  The demand for return of the Confession of Judgment shall be made upon:

>M. Val Miller
>Robb Evans & Associates LLC
>5560 S. Ft. Apache Road, Suite 120
>Las Vegas, NV  89148

>With copy to:  Michael Lynch (michael@lynchlawpractice.com)

Should either Party need to bring suit to defend, enforce or collect this Confession of Judgment, the Prevailing Party shall be entitled to its reasonable attorneys' fees.

Defendants knowingly and voluntarily stipulate, agree, and consent not to file any claim, answer, or other document contesting the entry or execution of this Confession of Judgment in this or any other proceeding if the Confession of Judgment was entered in accordance with the limitations herein and in the Settlement Agreement.

This Confession of Judgment shall be interpreted and enforced according to the laws of the State of Nevada, and defendants hereby consent and submit to the jurisdiction and venue of the United States District Court for the District of Nevada.

This Judgment may be filed by Plaintiff, its agents, receivers, or assigns in any appropriate court or multiple appropriate courts. This Judgment provides Plaintiff the power and authority to record, execute, and otherwise enforce said Judgment and pursue all rights and remedies, including but not limited to foreclosing and levying on any and all assets held or controlled by Defendants not exempt from execution if, and only if, the Settlement Agreement is in breach.

This Confession of Judgment shall constitute the full and final Judgment of this matter.

The invalidity or unenforceability of any provision of this Confession of Judgment shall not affect the validity or enforceability of any other provision of this Confession of Judgment.

The signatory for each party hereinbelow represents that he or she is authorized to execute this Confession of Judgment on behalf of each respective party.

Defendants further represent and declare that they have carefully read this Confession of Judgment and know the contents thereof and that they sign the same freely and voluntarily.

      The Parties agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Confession of Judgment.

      The Parties acknowledge that the terms of the Confession of Judgment were negotiated at arm's length in good faith by the Parties, and were reached voluntarily after consultation with experienced counsel.

(SIGNATURE PAGES FOLLOW)

| | |
|---|---|
| COUNTY OF _____ ) | |
| ) ss. | |
| STATE OF _____ ) | |

I, JAMES MASSENGILL, an individual, affirm under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing Confession of Judgment is true and correct.

**JAMES MASSENGILL**, an individual

_____
James Massengill

**SUBSCRIBED AND SWORN TO** before me this _____ day of January, 2016, by

_____
(name of person making statement)

_____
Notary Public in and for said County and State

| | |
|---|---|
| COUNTY OF _____ ) | |
| ) ss. | |
| STATE OF _____ ) | |

I, James Massengill, as president of HOY'S INC., affirm under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing Confession of Judgment is true and correct.

**HOY'S, INC**.

By: _____
       James Massengill

Its:  President

**SUBSCRIBED AND SWORN TO** before me this _____ day of January, 2016, by

_____
(name of person making statement)

_____
Notary Public in and for said County and State