UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Edwin Fujinaga's ("Fujinaga") motion to stay the sale of his residence located at 9009 Greensboro Lane, Las Vegas, Nevada, pending the conclusion of his civil and criminal proceedings. (ECF No. 295). The SEC filed a response, (ECF No. 296), and Fujinaga subsequently replied. (ECF No. 297).

**I.     Background**

The court and parties are familiar with the circumstances of this case, which arises from a Ponzi scheme perpetrated by Fujinaga and his co-defendants. Fujinaga collected hundreds of millions of dollars for purported investments in medical accounts receivable. (ECF No. 118). Fujinaga then used these funds to repay earlier investments as well as for his own personal expenses. (*Id.*). By May 2013, Fujinaga had entirely depleted the invested funds. (*Id.*).

On January 27, 2015, the court entered final judgment, holding defendants jointly and severally liable for the disgorgement of proceeds in the amount of $442,229,611.70 and prejudgment interest in the amount of $102,129,752.38. (ECF No. 188). The court also held defendants liable for civil money penalties of $20,000,000.00 each. (*Id.*). Finally, the court permanently enjoined defendants from any further securities violations. (*Id.*).

James C. Mahan
U.S. District Judge

On February 4, 2015, the SEC filed a motion to certify the court's judgment as final, pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 191). Defendants did not file a response, and the court granted the motion on February 25, 2015. (ECF No. 195).

On March 9, 2015, defendants filed a motion to reconsider. (ECF No. 196). The SEC filed a response, (ECF No. 198), and defendants filed a reply. (ECF No. 204). On April 20, 2015, the court denied the motion. (ECF No. 210). On May 20, 2015, defendants filed a notice of appeal. (ECF No. 227). Thereafter, defendants filed a motion to stay execution of judgment pending appeal (ECF No. 236), which the court denied. (ECF No. 252).

Fujinaga then filed the instant motion to stay the sale of his residence pending the conclusion of his civil and criminal proceedings. (ECF No. 295).

**II.     Legal Standard**

While a notice of appeal generally divests the district court over jurisdiction over matters being appealed, "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Federal Rule of Appellate Procedure 8(a) provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . ." FED. R. APP. P. 8(a)(1)(A).

Federal Rule of Civil Procedure 62(d) allows a district court to stay execution of a judgment pending appeal. FED. R. CIV. P. 62(d). "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). *See also Nev. Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n.3 (9th Cir. 1980).

In the Ninth Circuit, there are two tests to determine whether the issuance of a preliminary injunction is necessary. *See Lopez*, 713 F.2d at 1435. Under the first test, a moving party must show a probability of success on the merits and the possibility of irreparable injury. *Id. See also Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). Under the second test, a moving party must show "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

### III.     Discussion

In granting the SEC's motion for summary judgment, the court found that the SEC produced sufficient evidence to demonstrate liability. Accordingly, the court concluded that summary judgment was proper, as there was no genuine issue of material fact. (ECF No. 156). The court reinforced that conclusion when it denied Fujinaga's motion to reconsider, (ECF No. 196), noting that Fujinaga was given more than sufficient opportunity to refute the SEC's arguments, yet consistently failed to do so. (ECF No. 210).

In yet another attempt to achieve a different outcome, Fujinaga filed a motion to stay the execution of judgment pending appeal, (ECF No. 236), the standard for which requires defendants to show a probability of success on the merits and the possibility of irreparable injury. *See Lopez*, 713 F.2d at 1435. The court, finding for the second time that Fujinaga was unlikely to succeed on the merits of his appeal, denied that motion. (ECF No. 252).

Presently, Fujinaga makes yet another similar request to his motion to stay execution of judgment by asking the court to stay only the sale of his residence. (ECF No. 295). Fujinaga argues that his ability to be of assistance in gathering evidence for his criminal case will be significantly impaired should his family be required to vacate its residence. (ECF No. 295 at 3–4). He further argues that this impairment will compromise his ability to defend himself, and that no one will be harmed or prejudiced by allowing Fujinaga and his family to continue to stay at their residence. (*Id.*).

The court is unpersuaded by Fujinaga's argument. As the SEC correctly notes, there is no legitimate reason why Fujinaga would need to reside in a 7,400 square foot mansion in order to be of assistance or gather and organize evidence for his criminal case. (ECF No. 296 at 2 n. 1). Nevertheless, these arguments are inapposite under the standards for a motion to stay the execution of a judgment pending appeal. In the instant motion, Fujinaga carries the burden of demonstrating probability of success on the merits and the possibility of irreparable injury. He has failed to do either.

This court has found, on numerous occasions, that Fujinaga is unlikely to be successful on appeal. *See* (ECF Nos. 188, 210, 252). Furthermore, Fujinaga has put forth no argument

**James C. Mahan**
**U.S. District Judge**

demonstrating the possibility of irreparable injury should his motion be denied. Accordingly, the court will deny Fujinaga's instant motion to stay the sale of his residence pending appeal.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Fujinaga's motion to stay the sale of his residential property located at 9009 Greensboro Lane, Las Vegas, Nevada, pending the conclusion of his civil and criminal proceedings, (ECF No. 295), be, and the same hereby is, DENIED.

DATED July 26, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**