UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>    v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is receiver Robb Evans & Associates LLC's (the "receiver") motion for order compelling defendant Edwin Fujinaga ("defendant") to appear and show cause why he should not be held in contempt of court. (ECF No. 331). Defendant filed a response (ECF No. 334), to which the receiver replied (ECF No. 341).

Also before the court is relief defendant June Fujinaga's ("relief defendant") motion for leave to file state complaint. (ECF Nos. 356, 357). Plaintiff the Securities and Exchange Commission (the "SEC") filed a response (ECF No. 359), to which relief defendant replied (ECF No. 361).

Also before the court is relief defendant's motion for approval of budget and release of funds. (ECF No. 358). The SEC filed a response (ECF No. 362), to which relief defendant replied (ECF No. 364).

Also before the court is the SEC's motion for order directing defendant and relief defendant to vacate property and provide assistance to effectuate transfer of property. (ECF No. 363).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**I.     Facts**

The instant case arises from a Ponzi scheme perpetrated by defendants Edwin Fujinaga and MRI International, Inc. Defendants collected hundreds of millions of dollars for purported investments in medical accounts receivable. Defendants used these funds to repay earlier investments as well as for their own personal expenses. By May 2013, defendants had entirely depleted the invested funds. (ECF No. 118).

Relief defendant June Fujinaga, defendant Edwin Fujinaga's wife, received investor funds to buy real estate. Certain real estate purchased with these proceeds is titled in the name of relief defendant the Yunju Trust. (ECF No. 118).

On September 11, 2013, the SEC filed a civil enforcement action against defendants and relief defendants. (ECF No. 2). On October 3, 2014, the court granted summary judgment in favor of the SEC on liability against defendants. (ECF No. 156). In the same order, the court denied relief defendants' motions to dismiss for lack of subject matter jurisdiction and failure to plead with specificity. (ECF No. 156).

On October 14, 2014, the court granted the parties' stipulation to extend discovery as to relief defendants. Pursuant to the stipulation, the court set a discovery deadline of April 3, 2015, and a dispositive motions deadline of May 3, 2015. (ECF No. 162).

On November 24, 2014, the SEC filed a motion for judgment against defendants. (ECF No. 178). On January 27, 2015, the court granted the motion, holding defendants (1) jointly and severally liable for $442,229,611.70 in disgorgement; (2) jointly and severally liable $102,129,752.38 in prejudgment interest; and (3) individually liable for civil money penalties of $20,000,000.00 each. (ECF No. 188). On the same date, the clerk entered judgment in favor of the SEC in the same amounts. (ECF No. 189).

On February 4, 2015, the SEC filed a motion to certify the court's judgment as final pursuant to Federal Rule of Civil Procedure 54(b). Defendants did not file a response, and the court granted the motion on February 25, 2015. (ECF No. 195). On April 20, 2015, the court denied defendants' motion to reconsider. (ECF No. 210). On May 20, 2015, defendants filed a

**James C. Mahan**
**U.S. District Judge**

1  notice of appeal. (ECF No. 227). On April 4, 2016, relief defendant filed a notice of appeal. (ECF
2  No. 320).

3  **II.    Discussion[1]**

4   As an initial matter, "[t]he filing of a notice of appeal is an event of jurisdictional
5  significance—it confers jurisdiction on the court of appeals and divests the district court of its
6  control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer*
7  *Discount Co.*, 459 U.S. 56, 58 (1982); *see also Natural Resources Defense Council, Inc. v. Sw.*
8  *Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district
9  court is divested of jurisdiction over matters being appealed.").

10  However, after the notice of appeal has been filed, the final judgment in an action for an
11  injunction or a receivership, and any proceedings taken to enforce it, are not stayed. *See* Fed. R.
12  Civ. P. 62(a). This exception also includes orders to pay disgorgement. *See SEC v. Clark*, 915
13  F.2d 439, 453 (9th Cir. 1990) ("The SEC's power to obtain injunctive relief has been broadly read
14  to include disgorgement of profits realized from violations of the securities law.") (citations
15  omitted).

16  Because the receiver's motion (ECF No. 331) and the SEC's motion (ECF No. 363) involve
17  enforcing a receivership and/or an order to pay disgorgement, this court is the appropriate forum
18  to decide the merits of these motions.

19  Further, the Ninth Circuit has recognized that the district courts have an inherent power to
20  "preserve the status quo during the pendency of an appeal." *Natural Resources Defense Council,*
21  *Inc.*, 242 F.3d at 1166. Because the release of funds would diminish the funds available to
22  compensate the victims and represent a change to the status quo of the case prior to a determination
23  on appeal, this court is also the appropriate forum to decide the merits of relief defendant's motions
24  (ECF Nos. 356, 358).

---

[1] The court finds these motion properly resolved without oral argument. *See* LR 78-1.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Notwithstanding, Federal Rule of Civil Procedure 62.1 additionally provides that if a motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantive issue.

Fed. R. Civ. P. 62.1(a).

### A. *The order appointing receiver (ECF No. 226)*

On May 15, 2015, in the order appointing Robb Evans & Associates LLC as receiver, the court ordered in relevant part:

> 4. The Receiver is hereby authorized, empowered, and directed to perform the following duties and responsibilities, as reasonably appropriate and necessary to comply with and effectuate the goals and purposes of equitable receivership:
> . . . .
> c. Take and retain immediate possession, custody, and control of Relief Defendants CSA Service Center, LLC, and The Factoring Company, and any other entities in which the Defendants hold an ownership interest, including, but not limited to, HMC Service Center, LLC. Defendants Fujinaga and MRI are hereby ordered to turn over to the Receiver all shares, stock certificates, partnership interests, and any other forms of ownership in Relief Defendants CSA Service Center, LLC, and The Factoring Company; HMC Service Center, LLC; and any other entities in which the Defendants hold an ownership interest. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of those entities under applicable state and federal law, by the governing chargers, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver in equity.
>
> d. Take and retain immediate control over any civil action in which one or more of the Defendants is a party. . . .
>
> e. Take and retain immediate and exclusive possession, custody, and control from the Defendants of all keys, key cards, passwords, user names, and any other means of access to the real or personal property owned or controlled, directly or indirectly, by the Defendants and any locked or secure areas within the Defendants' real property including, but not limited to, safes, secure computer or information systems, secure rooms, and locked cabinets. The Receiver also shall take immediate and exclusive possess, custody, and control from the Defendants of all keys to any safe deposit boxes within the Defendants' control.
>
> f. Take all steps the Receiver deems necessary to secure and protect the real property owned or controlled by the Defendants including, but not limited to, their personal property, premises, files, and computer or information systems.
> . . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

> . . . .
> 16.  All persons who receive actual notice of this Order by personal service or otherwise are enjoined from in any way disturbing the assets of the Defendants and from filing or prosecuting any judicial action or proceeding of any kind, civil or criminal, pertaining to the assets or funds of the Defendants, and from appointing a receiver or administrator of the assets or funds of the Defendants, except on leave having been granted by this Court.  The Receiver shall not be required to respond to any subpoena or other court process (for documents or testimony) relating to the Receiver's duties, except on order of this Court.
> . . .
> 23.  Subject to all rights and privileges available under the law, the Defendants, and their agents, directors, officers, servants, employees, and attorneys-in-fact, and anyone affiliated with, in control of, or under the control of, the Defendants, shall:
>
> > a.  Provide to the Receiver complete and unfettered access to all books, documents, and records pertaining to their assets, wherever located, and in whatever form or format they exist, including computerized and electronic records, contracts, and tax returns.  The Defendants shall cooperate fully with the Receiver in this regard, and shall turn over or provide complete and unfettered access to such books, documents, and records.
>
> . . . .

(ECF No. 226 at 2–10).

### B. Receiver Robb Evans & Associates LLC's (the "receiver") motion for order compelling defendant Edwin Fujinaga ("defendant") to appear and show cause why he should not be held in contempt of court (ECF No. 331)

The receiver requests an order compelling defendant to show cause why he should not be held in contempt of court for maintaining a personal bank account (the "secret account") in secret during the past year and converting estate assets for his personal use in violation of the court's order (ECF No. 226 at 8 ¶16, 10 ¶23).  (ECF No. 331 at 2–3).  The receiver requests that the court enter the following orders:

> B. Order that Edwin Fujinaga immediately remit to the Receiver all money withdrawn or otherwise debited from the Secret Account, in the total amount of $64,600.00, and to contemporaneiously [*sic*] disclose to the Receiver in writing, under oath, and in detail, the precise source of such funds;
>
> C. Order that Edwin Fujinaga provide a detailed accounting to the Receiver . . ., which accounting must be made under oath and must provide itemized detailed information concerning each deposit/credit to, and each withdrawal/debit from, the Secret Account from May 1, 2015 to the present day to include, without limitation, the precise source of each such deposit/credit, the recipient or beneficiary of each withdrawal/debit, and the purpose of each debit;
>
> D. Order that Edwin Fujinaga promptly provide to the Receiver full and complete copies of his 2013, 2014, and 2015 federal income tax returns;

>E. Order that Edwin Fujinaga promptly provide to the Receiver an original, fully completed, and duly executed IRS form 2848, which is a power of attorney and declaration of representative, in which form Edwin Fujinaga must authorize the IRS to release full and complete copies of Edwin Fujinaga's 2013, 2014, and 2015 federal income tax returns to the Receiver . . .;
>
>F. Order that Edwin Fujinaga promptly provide to the Receiver an original, fully completed, and duly executed IRS form 4506, which is request for copy of tax return(s), in which form Edwin Fujinaga must authorize the IRS to mail to the Receiver full and complete copies of Edwin Fujinaga's 2013, 2014, and 2015 federal income tax returns . . .;
>
>G. Order that, upon penalty of imprisonment for contempt of court, Edwin Fujinaga immediately serve the Reciever [*sic*] with a sworn accounting of all funds and other assets that he, or any of the Relief Defendants, owns, possesses, or controls, or has a beneficial interest in, or has a right to own, possess, or control, in whatever form, and wherever located[.]

(ECF No. 331 at 5–6).

In response, defendant contends that it was not his intention to open or maintain the Mutual of Omaha account as a "secret account" and that "[i]t is a matter of public record that the second check deposited to the account was a social security payment." (ECF No. 334 at 4). Defendant further asserts that "[n]ow that the Receiver has taken the $202,706.20 balance remaining in the Mutual of Omaha bank account, [he] is left with no funds of his own to pay for living expenses, including medical necessities." (ECF No. 334 at 4).

The court finds the receiver's requests to be within the scope of authority that the court granted the receiver in its order appointing receiver. (ECF No. 226). Defendant does not dispute the fact that he is in noncompliance with the court's previous orders, but rather contends that he did not open the account in secret.

In light of the foregoing, the court will grant in part and deny in part the receiver's motion. Specifically, the court will enter orders as to (B) through (G) of the receiver's requested orders, but deny its request for a show cause order without prejudice so as to give defendant an opportunity to comply with the court's instant order. Defendant shall have thirty (30) days from the entry of this order to comply with the receiver's requests, the specifics of which are detailed below. Defendant is cautioned that failure to comply with this order may result in contempt proceedings.

. . .

. . .

James C. Mahan
U.S. District Judge

- 6 -

### C. *Relief defendant June Fujinaga's ("relief defendant") motion for leave to file state complaint (ECF No. 356)*

Relief defendant asserts that she "made lawful and legitimate loans to HMC Service Center, LLC, CSA Service Center, LLC, and Harmon Primary Care, LLC with funds that were cleared of any impropriety" by the IRS. (ECF No. 356 at 3–4). In particular, she claims that "she was absolved of any wrongdoing by the Department of Treasury Internal Revenue Service" and that from January 12, 2012, through December 31, 2013, she "made loans drawn from her retirement account as a secured party to: HMC Service Center, LLC, CSA Service Center, LLC, and Harmon Primary Care, LLC." (ECF No. 356 at 3). Relief defendant now seeks leave to pursue her "rightful claim to the funds she loaned from her retirement account." (ECF No. 356 at 4).

In response, the SEC asserts that "[t]hese funds are presently under the control of the [r]eceiver appointed by this [c]ourt, awaiting disbursement to a Fair Fund for the benefit of the investors defrauded by [r]elief [d]efendant Fujinaga's husband." (ECF No. 359 at 3). Moreover, the SEC argues that relief defendant fails to cite to any caselaw to support that she is entitled to such relief. (ECF No. 359 at 3). Further, the SEC contends that relief defendant's motion is an attempt to circumvent this court's prior decision by relitigating the issue of whether she had a legitimate claim to these funds as purported loan repayments. (ECF No. 359 at 5).

The court granted summary judgment against relief defendants June Fujinaga and the Yunju Trust and ordered relief defendants to pay $2,333,382.00 in disgorgement. (ECF No. 310). In the order appointing receiver, the court enjoined all persons with actual notice of the order from "filing or prosecuting any judicial action or proceeding of any kind, civil or criminal, pertaining to the assets or funds of the [d]efendants . . . except on leave having been granted by this [c]ourt." (ECF No. 226 at 8).

The funds relief defendant seeks to recover in her state court complaint are the same funds currently under the control of the receiver. Relief defendant provides no caselaw or arguments in support of her motion. Rather, the motion merely reasserts arguments previously rejected by the court.

Accordingly, the court will deny relief defendant's motion for leave to file a state complaint.

### D. Relief defendant's motion for approval of budget and release of funds (ECF No. 358)

Relief defendant requests that the receiver either provide her with approximately $5,000.00 for various monthly expenses or pay her monthly expenses so that her credit rating does not suffer. (ECF No. 358 at 3).

In response, the SEC argues that relief defendant fails to address whether she is employed or if anything prevents her from obtaining employment so that she can pay for her personal expenses. (ECF No. 362 at 2). The SEC notes that relief defendant and her son will receive approximately $1,826.00 per month as social security direct deposits. (ECF No. 362 at 2). Further, the SEC asserts that relief defendant has access to these incoming funds to pay for her personal expenses because the receiver has unfrozen the account. (ECF No. 362 at 3).

The relief sought is within the authority of the receiver to grant or deny based on relevant considerations presented to the receiver. Accordingly, relief defendant's motion will be denied.

### E. Plaintiff SEC's motion for order directing defendant and relief defendant to vacate property and provide assistance to effectuate transfer of property (ECF No. 363)

The SEC requests that the court order defendant and relief defendant to vacate the property located at 9009 Greensboro Lane, Las Vegas, Nevada (the "Greensboro property") and to provide any and all assistance to the receiver to effectuate the transfer of property. (ECF No. 363 at 4). The SEC asserts that defendant and relief defendant have refused to vacate the Greensboro property in contravention of the court's repeated orders (ECF Nos. 226, 346) on the issue. (ECF No. 363 at 3). Further, the SEC maintains that the receiver has sent several requests demanding that defendant and relief defendant vacate the property. (ECF No. 363 at 3–4).

On July 26, 2016, the court denied defendant's motion to stay the sale of his residential property located at 9009 Greensboro Lane, Las Vegas, Nevada, pending the conclusion of his civil and criminal proceedings. (ECF No. 346). The receiver sent a letter dated August 2, 2016, to counsel for both parties seeking access to conduct a site inspection and giving defendant and relief defendant until August 31, 2016, to vacate the premises. (ECF No. 363 at 3). The receiver sent a

**James C. Mahan**
**U.S. District Judge**

- 8 -

second letter dated September 16, 2016, giving them five days to vacate the Greensboro property. (ECF No. 363 at 3).

Defendant and relief defendant are to comply with the receiver's requests to the extent that such requests are consistent with the court's order appointing receiver. (ECF No. 226). In the event that defendant and relief defendant fail to comply with the receiver's requests, the receiver is the proper party to raise the issue to the court.

Accordingly, the court will grant in part and deny in part the SEC's motion. Specifically, defendant and relief defendant are to provide any and all assistance requested by the receiver in relation to the Greensboro property provided that such requests are in accordance with the authority granted to the receiver by the court's order appointing receiver.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that receiver Robb Evans & Associates LLC's motion for order compelling defendant Edwin Fujinaga to appear and show cause why he should not be held in contempt of court (ECF No. 331) be, and the same hereby is, GRANTED IN PART and DENIED IN PART, consistent with the following:

(1) Defendant Edwin Fujinaga shall immediately remit to the receiver all money withdrawn or otherwise debited from the secret account, in the total amount of $64,600.00, and to contemporaneously disclose to the receiver in writing, under oath, and in detail, the precise source of such funds;

(2) Defendant Edwin Fujinaga shall provide a detailed accounting to the receiver within thirty (30) days of the entry of this order, which accounting must be made under oath and must provide itemized detailed information concerning each deposit/credit to, and each withdrawal/debit from, the secret account from May 1, 2015, to the present day to include, without limitation, the precise source of each such deposit/credit, the recipient or beneficiary of each withdrawal/debit, and the purpose of each debit;

(3) Defendant Edwin Fujinaga shall promptly provide to the receiver full and complete copies of his 2013, 2014, and 2015 federal income tax returns;

(4) Defendant Edwin Fujinaga shall promptly provide to the receiver an original, fully completed, and duly executed IRS form 2848, which is a power of attorney and declaration of representative, in which form Edwin Fujinaga must authorize the IRS to release full and complete copies of Edwin Fujinaga's 2013, 2014, and 2015 federal income tax returns to the receiver;

(5) Defendant Edwin Fujinaga shall promptly provide to the receiver an original, fully completed, and duly executed IRS form 4506, which is request for copy of tax return(s), in which form Edwin Fujinaga must authorize the IRS to mail to the receiver full and complete copies of Edwin Fujinaga's 2013, 2014, and 2015 federal income tax returns; and

(6) Upon penalty of imprisonment for contempt of court, defendant Edwin Fujinaga shall immediately serve the receiver with a sworn accounting of all funds and other assets that

**James C. Mahan**
**U.S. District Judge**

he, or any of the relief defendants, owns, possesses, or controls, or has a beneficial interest in, or has a right to own, possess, or control, in whatever form, and wherever located.

Defendant is cautioned that failure to comply with the foregoing may result in civil contempt proceedings.

IT IS FURTHER ORDERED that relief defendant June Fujinaga's motion for leave to file state complaint (ECF No. 356) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that relief defendant's motion for approval of budget and release of funds (ECF No. 358) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff SEC's motion for order directing defendant and relief defendant to vacate property and provide assistance to effectuate transfer of property (ECF No. 363) be, and the same hereby is, GRANTED IN PART and DENIED IN PART, consistent with the following:

Defendant Edwin Fujinaga and relief defendant June Fujinaga shall provide assistance to the receiver to effectuate the transfer of the Greensboro property and all other requests by the receiver within the scope of its authority pursuant to the order appointing receiver (ECF No. 226).

DATED November 15, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**