UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>   v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is relief defendant June Fujinaga's ("relief defendant") motion for reconsideration. (ECF No. 370).

As an initial matter, the court finds no response necessary and further finds the motion properly resolved without oral argument. *See* LR 78-1.

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments .

**James C. Mahan**
**U.S. District Judge**

1  . . for the first time when they could reasonably have been raised earlier in litigation." *Kona*
2  *Enters., Inc.*, 229 F.3d at 890.

3  In the instant motion, relief defendant requests that the court reconsider its order (ECF No.
4  368) entered on November 15, 2016, denying her motion for leave to file a state complaint (ECF
5  No. 356). (ECF No. 370). In particular, relief defendant argues that the court erred in finding that
6  she provided no caselaw in support of her motion. (ECF No. 370 at 5). Relief defendant contends
7  that her motion did in fact provide caselaw as it included the following legal authority:

> The normal rule prevents suits against a federal receiver except by leave of the court. *Sec. & Exch. Comm'n v. United Fin. Grp., Inc.*, 576 F.2d 217, 221 (9th Cir. 1978). A suit for possession of property held by a receiver would fall outside the scope of the statute providing that trustees, receivers or managers of any property may be sued without leave of court that appointed them with respect to any of their acts or transactions in carrying on business connected with such property. *Sec. & Exch. Comm'n v. Lincoln Thrift Ass'n*, 557 F.2d 1274 (9th Cir. 1977). 28 U.S.C.A. § 959(a).

(ECF No. 370 at 5).

The court disagrees. The "legal authority" recited merely restates the obvious—that relief defendant must seek leave of court to file a state complaint involving the funds currently under the control of the receiver—and does not provide any basis upon which leave to file a state complaint would be warranted. While relief defendant did recite caselaw in her motion for leave to file a state complaint, she nonetheless failed to set forth caselaw or arguments in support of her motion.[1]

Based on the foregoing, the court finds that relief defendant has not shown that "highly unusual circumstances" are present to warrant reconsideration. *See Kona Enters., Inc.*, 229 F.3d at 890. Because the motion fails to set forth any newly discovered evidence or intervening change in controlling law and because no clear error was committed, reconsideration is inappropriate. *See School Dist. No. 1J*, 5 F.3d at 1263.

. . .

. . .

---

[1] In the November 15th order, the court held, in relevant part: "[t]he funds relief defendant seeks to recover in her state court complaint are the same funds currently under the control of the receiver. Relief defendant provides no caselaw or arguments in support of her motion. Rather, the motion merely reasserts arguments previously rejected by the court." (ECF No. 368 at 7).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that relief defendant June Fujinaga's motion for reconsideration (ECF No. 370) be, and the same hereby is, DENIED.

DATED November 30, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -