Michael F. Lynch, Esq.
Nevada Bar No. 8555
**LYNCH LAW PRACTICE, PLLC**
3613 S. Eastern Ave.
Las Vegas, Nevada 89169
702.684.6000
702.543.3279 (fax)
Michael@LynchLawPractice.com

*Attorney for the Receiver Robb Evans*
*& Associates LLC*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC.,<br>　　　　　　　Defendants,<br>and<br><br>CSA SERVICE CENTER, LLC<br>THE FACTORING COMPANY,<br>JUNE FUJINAGA, and<br>THE YUNJU TRUST,<br>　　　　　　　Relief Defendants. | Case No.: 2:13-cv-01658-JCM-CWH<br><br>**ORDER GRANTING MOTION FOR ORDER (1) AUTHORIZING, APPROVING AND CONFIRMING SALE OF REAL PROPERTY LOCATED AT 150 E HARMON AND SALE AND OVERBID PROCEDURES AND FOR RELATED RELIEF; (2) AUTHORIZING SALE OF PERSONAL PROPERTY VIA AUCTION, AND (3) GRANTING RELIEF FROM LOCAL RULE 66-5 PERTAINING TO NOTICE TO CREDITORS** |

Presently before the court is Robb Evans & Associates LLC's (the "Receiver"), the court-appointed receiver, *Motion for Order (1) Authorizing, Approving and Confirming Sale of Real Property Located at 150 E Harmon and Sale and Overbid Procedures and for Related Relief; (2) Authorizing Sale of Personal Property via Auction, and (3) Granting Relief from Local Rule 66-5 Pertaining to Notice to Creditors* (the "Motion") (ECF No. 365), made pursuant to 28 U.S.C. § 2001 and 2002 and Local Rules 66-5 and 66-10 and other applicable law, the Memorandum of Points and Authorities in support thereof, the Miller Declaration and the authenticated exhibits attached thereto, and upon all other pleadings and documentary evidence as may be presented to the Court by the Receiver in support of the Motion.

Pursuant to LR 7-2, an opposing party must file points and authorities in response to a motion and failure to file a timely response constitutes the party's consent to the granting of the motion. *See* LR 7-2(d); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). Neither the Defendants nor any other party has filed any opposition, objection, and/or points and authorities in response to the Motion and the deadline to do so has passed. Nevertheless, the court reviewed the substantive merits and grants the Receiver's Motion in full.

A summary of the relief requested in the Receiver's Motion includes:

1. An order approving the proposed sale and overbid procedures for the real property located at 150 E. Harmon Ave., Las Vegas, Nevada and identified by the Clark County Assessor as parcel no. 162-21-202-004 (the "Real Property"), and authorizing and confirming the sale of the Real Property on an "as is" basis more fully described in the sale contract documents by private sale either (a) to Las Vegas Facility Holdings, LLC and/or its assignee (the "Proposed Buyer"), an arm's length buyer, at a purchase price of $7,450,000.00 pursuant to the Offer and Acceptance Agreement and Earnest Money Receipt, first dated September 17, 2016 (the "Offer and Acceptance Agreement"), a copy of which is attached as Exhibit 1 to the Declaration of M. Val Miller in support of the Motion (the "Miller Declaration") (ECF No. 366), filed contemporaneously with the Motion, or (b) to such higher qualified overbidder who submits the highest qualified overbid at a overbid session to be conducted under the procedures, terms and conditions set forth in the Motion;

2. An order authorizing the Receiver to hire R.L. Spear Co., Inc. ("Spear") to sell by auction the personal property located at the Real Property, which consists primarily of medical equipment and medical supplies, office furniture, and equipment (the "Personal Property") in accord with the terms, procedures, and compensation summarized in the Motion and set forth in full in Spear's proposal dated October 25, 2016, a copy of which is attached the Miller Declaration as Exhibit 2;

3. An order authorizing the Receiver to execute all documents and instruments necessary or convenient to complete, implement, effectuate and close the sale of the Real Property

to the purchaser, free and clear of all existing liens, Encumbrances,[1] debts and claims,[2] including but not limited to the deed of trust currently encumbering title to the Real Property;

    4. An order authorizing the Receiver to permit and/or cause to be paid from the proceeds of the sale of the Real Property (a) all ordinary and customary closing costs, all costs and expenses required to be paid under the terms of the Offer and Acceptance Agreement by the seller from the proceeds of sale, (b) all commissions provided for in the Offer and Acceptance Agreement or the Receiver's listing agreement for the Real Property as set forth in the respective documents and the Motion, copies of which is attached as Exhibits 1 and 3 to the Miller Declaration, and (c) all real property tax liens and prorated real property taxes due up to the date of closing;

    5. An order deeming notice of the Motion to be sufficient under LR 66-5 based on the service of the Motion, and the notice therein, on all known non-consumer creditors of the estate and the putative minority members of Harmon Medical Center, LLC, but not on the tens of thousands of potential foreign creditors;

    6. An order for such additional relief as may be necessary or appropriate to allow the Receiver to effectuate the sale of the Real Property and the Personal Property, including but not limited to, entry of an order authorizing such sale in form acceptable to the title company insuring title in connection with the sale of the Real Property; and

    7. That the sales by the Receiver of the Real Property and the Personal Property on the terms, conditions, and procedures summarized herein and set forth in more detail in the Motion, are fully approved and confirmed without further notice, hearing or order.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The term "Encumbrance" as used herein, shall exclude any easements, but shall include any liens, claims, or accrued and unpaid taxes or outstanding utility charges as of the closing.

[2] These existing debts and claims are specifically described below.

In addition, as a concession[3] to the Proposed Buyer and/or the title company and its underwriter handling the sale of the Real Property, the Receiver's Motion further requests:

8. That the order on the Motion include a finding that the Offer and Acceptance Agreement provides a very favorable sale of the Real Property to a well-qualified, independent all cash buyer on an "as is, where is" basis, without any warranties or representations from the Receiver, or its estate;

9. That the Court approve and appoint the following appraisers: (A) Petra E. Latch, MAI, of Criterion Group, (B) Timothy R. Morse, MAI of Timothy R. Morse & Associates, and (C) Tio S. DiFederico, MAI of the DiFederico Group, (collectively, the "Appraisers") as qualified disinterested appraisers who have appraised the Real Property in satisfaction of 28 U.S.C. § 2001;

10. That the court find that the purchase price of $7,450,000.00 under the Offer and Acceptance Agreement exceeds the minimum threshold for approval of a private sale of two-thirds of the average of three appraisals of the property as required under 28 U.S.C. § 2001;

11. That the court find that the Receiver has complied with all applicable statutory and legal authorities, including the provisions of 28 U.S.C §§ 2001 *et seq.*, required to approve the Receiver's sale of the Real Property and the Personal Property under the terms, conditions and procedures set forth in the Motion, which are summarized herein;

12. That as a condition precedent to the sale of the Real Property, the Receiver shall, and shall be authorized to, execute a release and/or re-conveyance of the MRI Deed of Trust,[4] in its capacity as the receiver for, without limitation, MRI International, Inc., and take any further

---

[3] In Reciever's Motion, the Receiver states its position that the requirements set forth in 28 U.S.C. § 2001(b) have been waived in this case by the Defendants or are otherwise inapplicable under the circumstances, and by agreeing to obtain 3 appraisals in connection with this sale, which was done as a concession to the Proposed Buyer, the Receiver is not conceding that the requirements set forth in 28 U.S.C. § 2001(b) apply to this sale, any previous sale, or any future sale of real property. *See* Motion at fn.4.

[4] The term "MRI Deed of Trust" means that certain deed of trust executed by HMC Service Center, LLC, as Trustor in favor of MRI International, Inc. as Beneficiary, to secure an indebtedness of $5,592,019.00 and any other amounts payable under the terms thereof, recorded on July 29, 2002 in Book 20020729 Document No. 01850 of the Official Records of the Clark County Recorder's Office.

actions that are reasonable or necessary to fully remove the MRI Deed of Trust as an encumbrance upon the Real Property;

13.   That as a condition precedent to the sale of the Real Property, the Receiver shall obtain, and provide to the escrow agent at closing, an original release of the Lis Pendens[5] as it pertains to the Real Property only, which release shall be suitable for recordation, that which shall release any and all claim created or referenced in the Lis Pendens as it relates to the Real Property only, which shall be executed by the attorney of record for the Plaintiffs in Case No. 2:13-cv-01183-JAD-VCF referenced above. Such release of Lis Pendens shall fully remove all encumbrances, claims, or liens on the Real Property that were created by the Lis Pendens; and

14.   That the Receiver shall hold 30%[6] of the net proceeds from the sale of the Real Property and the Personal Property, after all costs, fees and expenses incurred by the estate that are attributable to Harmon Medical Center, LLC, until the putative claims of these two members/owners is established, verified, or rejected by further order of this court.

The Receiver further requests:

15.   That the court find that the Motion and the notice contained in the Motion is sufficient notice under LR 66-5, which provides that unless the court otherwise orders, a receiver shall give all interested parties and creditors at least fourteen (14) days' notice of the time and place of hearings on all petitions for confirmation of sales of real or personal property. LR 66-5(d);

16.   That the order on the Motion includes a finding that court has not scheduled a hearing on the Motion, and that it is unnecessary to do so;

17.   That the order on the Motion approve and confirm the overbid procedures, and the sale of the Real Property under the terms and conditions, set forth in the Motion; and

---

[5] The Term "Lis Pendens" means that certain Notice of Pendency of an Action, entitled, "Notice of Lis Pendens" dated September 27, 2013, referencing an action styled *Shige Takiguchi, Fumi Nonaka, et al v. MRI International, Inc., et al.*, commenced in the United States District Court, District of Nevada, Case No. 2:13-cv-01183-JAD-VCF. The Lis Pendens was recorded October 10, 2013 in Book 20131010 as Document No. 00157 of the Official Records of the Clark County Recorder's Office.

[6] The 30% is equal to the potential claims that Richard Shintaku and Junzo Suzuki may have or may assert as putative members/owners of Harmon Medical Center, LLC.

18. That the court grant the Motion, and all relief requested therein, in its entirety.

Good cause appearing, the court hereby grants the Motion, and all relief requested therein, in its entirety.

**IT IS SO ORDERED:**

The Honorable James C. Mahan
UNITED STATES DISTRICT COURT JUDGE

DATED: December 1, 2016.

Respectfully prepared and submitted by:

LYNCH LAW PRACTICE, PLLC

/s/ Michael F. Lynch
Nevada Bar No. 8555
3613 S. Eastern Ave.
Las Vegas, NV 89169
702.684.6000
702.543.3279 (fax)
Michael@LynchLawPractice.com

*Counsel for Robb Evans & Associates LLC,
the court-appointed receiver*