Michael F. Lynch, Esq.
Nevada Bar No. 8555
LYNCH LAW PRACTICE, PLLC
3613 S. Eastern Ave.
Las Vegas, Nevada 89169
702.684.6000
702.543.3279 (fax)
Michael@LynchLawPractice.com

*Attorney for the Receiver,
Robb Evans & Associates LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC.,<br><br>Defendants,<br><br>and<br><br>CSA SERVICE CENTER, LLC<br>THE FACTORING COMPANY,<br>JUNE FUJINAGA, and<br>THE YUNJU TRUST,<br><br>Relief Defendants. | Case No.: 2:13-cv-01658-JCM-CWH<br><br>**ORDER GRANTING MOTION FOR ORDER (1) AUTHORIZING, APPROVING AND CONFIRMING SALE OF REAL PROPERTY LOCATED AT 5330, 5370, AND 5420 S. DURANGO DRIVE AND SALE AND OVERBID PROCEDURES AND FOR RELATED RELIEF; AND (2) GRANTING RELIEF FROM LOCAL RULE 66-5 PERTAINING TO NOTICE TO CREDITORS** |

This came before the court on the *Notice of Motion and Opportunity to Object, and Motion for Order (1) Authorizing, Approving and Confirming Sale of Real Property Located at 5330, 5370, and 5420 S. Durango Drive and Sale and Overbid Procedures and for Related Relief; and (2) Granting Relief from Local Rule 66-5 Pertaining to Notice to Creditors* (the "Motion") [**ECF. No. 374**] and the Declaration of M. Val Miller in Support of the Motion (the "Miller Declaration") [**ECF No. 375**] brought by Robb Evans & Associates LLC, the court-appointed receiver (the "Receiver") by and through its undersigned counsel.  The Motion and the Miller Declaration were served via the ECF system on January 16, 2017, and by U.S. Mail on all known non-consumer creditors of the estate on January 17, 2017, and by direct Email on January 17, 2017, to other parties who informally requested the Receiver provide notices. The dates and

manner of service are set for in in the Certificate of Service [**ECF No. 381**] of the Motion and the Miller Declaration.

The Motion came on regularly before the Court for determination, the Honorable James C. Mahan, United States District Judge, presiding.  Pursuant to LR 7-2, an opposing party must file points and authorities in response to a motion and failure to file a timely response constitutes the party's consent to the granting of the motion. See LR 7-2(d); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Neither the Defendants nor any other party has filed any opposition, objection, and/or points and authorities in response to the Motion and the deadline to do so has passed. Nevertheless, the court reviewed the substantive merits and grants the Receiver's Motion in full.

IT IS ORDERED that:

1. The Motion, and all relief sought therein, is granted in its entirety;

2. Without limiting the generality of the foregoing:

2.1. The Receiver's proposed sale and overbid procedures for the Durango Property,[1] located at 5330, 5370, and 5420 S. Durango Drive, Las Vegas, Nevada, and the Receiver's request for an order authorizing and confirming the sale on an "as is" basis by private sale either (a) to IIP Durango 3, LLC and/or its assignee (the "Proposed Buyer"), an arm's length buyer, at a purchase price of $12,000,000.00 pursuant to the Purchase and Sale Agreement attached as Exhibit 1 to the Miller Declaration or (b) to such higher qualified overbidder who submits the highest qualified overbid at a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

subsequent overbid session, if any, to be conducted under the terms and conditions more fully set forth herein;

    2.2.    The Court hereby authorizes the sale of the Durango Property subject to the following overbid procedures, which the Court hereby approves:

        2.2.1.    The overbid session shall be conducted after entry of this order granting the Motion. The overbid session will be conducted at the Robb Evans & Associates LLC, 5560 S. Ft. Apache Road, Suite 120, Las Vegas, Nevada 89148;

        2.2.2.    The Receiver will cause to be published a notice of the proposed sale of the Durango Property to a qualified bidder at the overbid session, which notice shall state the date, time and place of the overbid session, the requirement for pre-qualification by overbidders and the terms and conditions of the overbidding and sale of the Durango Property, as described below ("<u>Overbid Notice</u>"). The Receiver will cause the Overbid Notice to be published in Las Vegas Review Journal one time at least 10 calendar days prior to the scheduled overbid session date;

        2.2.3.    Any person wishing to overbid at the overbid session shall be required to pre-qualify with the Receiver no later than 10:00 a.m., two business days preceding the overbid session, by delivering to the Receiver's office located at 5560 S. Ft. Apache Road, Suite 120, Las Vegas, Nevada 89148: (a) notice in writing of the prospective overbidder's intent to overbid, together with (b) written verification from a financial institution demonstrating to the Receiver's satisfaction, in the Receiver's sole opinion, discretion and judgment, the prospective overbidder's ability to complete and close a purchase of the Durango Property through sufficient funds or credit facilities within 10 days of the date of the overbid session, and (c) a cashier's check in the sum of $250,000.00 payable to "Robb Evans & Associates LLC, Receiver of MRI International, Inc. et al.",

3

which cashier's check shall become non-refundable upon acceptance of the overbidder's overbid at the conclusion of the overbid session;

  2.2.4. Overbidders bidding at the overbid session will be deemed to have completed all inspections of the Durango Property and will be deemed to have waived and/or removed all contingencies in favor of the buyer under the Purchase and Sale Agreement, including, without limitation any contingency pertaining to inspection of title, and will be required to complete a cash purchase of the Durango Property and close escrow for the purchase within 10 days of the date of the overbid session. The successful overbidder will be required to execute a purchase agreement for the Durango Property substantially in the form of the Purchase and Sale Agreement together with a waiver of all buyer contingencies promptly after conclusion of the overbid session;

  2.2.5. The initial overbid shall be in the amount of $13,200,000.00 (a sum that is $1,200,000.00, or 10%, higher than the purchase price under the Purchase and Sale Agreement, and all subsequent overbids shall be in an amount at least $25,000 higher than the preceding bid; and

  2.2.6. Pursuant to the Purchase and Sale Agreement and the Listing Agreement with the Brokers, a sales commission in the amount of 5% of the purchase price paid for the Durango Property shall be paid by the Proposed Buyer, or if a higher overbid is received and accepted at the overbid session, by the wining overbidder, from the proceeds of sale of the Durango Property at close of escrow, to the Brokers as listing agent under the Listing Agreement and a cooperating broker representing the buyer, if any, under the terms of the Listing Agreement; and

  2.2.7. The sale of the Durango Property by private sale to the Proposed Buyer under the Purchase and Sale Agreement, or to the person who submits the highest qualified overbid at the overbid session to be conducted pursuant to the foregoing procedures, is hereby confirmed without further notice

4

or hearing and without the necessity of any subsequent motion for confirmation of the sale;

3. The Receiver is authorized to execute all documents and instruments necessary or convenient to complete, implement, effectuate and close the sale of the Durango Property to the purchaser, including but not limited to a deed conveying title to the Durango Property free and clear of all existing liens, claims, accrued and unpaid taxes and/or outstanding utility charges as of the closing;

4. The Receiver is authorized to permit and/or cause to be paid from the proceeds of the sale of the Durango Property: (a) all ordinary and customary closing costs, all costs and expenses required to be paid under the terms of the Purchase and Sale Agreement by the seller from the proceeds of sale, (b) the discounted settlement payment of $140,000.00 to satisfy the lien, and disburse to a judgment creditor/lien holder, as discussed in more detail in the Motion and Exhibit 2 to the Miller Declaration, (c) all commissions provided for in the Purchase and Sale Agreement and the Receiver's Listing Agreement for the Durango Property, and (d) all real property tax liens and prorated real property taxes due up to the date of closing; and

5. Notice of the Motion is deemed to be sufficient under LR 66-5 based on the service of the Motion, which Motion contains notice of the Motion and opportunity to object, and by serving the Motion on all known non-consumer creditors of the estate concurrent with the filing of this Motion with the Court, but not on the tens of thousands of potential foreign creditors.

**IT IS SO ORDERED.**

Dated: February 13, 2017

_____
The Honorable James C. Mahan
UNITED STATES DISTRICT JUDGE