# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff(s),

v.

EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,

Defendant(s).

Case No. 2:13-CV-1658 JCM (CWH)

ORDER

Presently before the court is *SEC v. Fujinaga et al*, case no. 2:13-cv-01658. Receiver Robb Evans & Associates LLC's ("receiver") filed a motion requesting the court to authorize the sale of certain real and personal property, as described below. (ECF No. 437). Relief defendant June Fujinaga filed a response (ECF No. 445), to which the receiver replied, (ECF No. 447).

The receivers motion requests this court to issue an order (1) authorizing, approving, and confirming sale of real property located at 9009 Greensboro Lane ("the real property") and sale and overbid procedures and for related relief; (2) authorizing sale of personal property located therein ("the personal property"); and (3) granting relief from Local Rule 66-5 pertaining to notice of creditors. (ECF No. 437).

The receiver further requests an order authorizing and confirming the sale of the real property on an "as is" basis by private sale either (a) to Nanced LLC or their assignee at a purchase price of $2,000,000.00 pursuant to the offer and acceptance agreement and earnest money receipt, or (b) to such higher qualified overbidder who hereafter submits the highest qualified overbid at a subsequent overbid session to be conducted under the terms and conditions more fully set forth herein and approved by the court, which sale the receiver requests be approved and confirmed

James C. Mahan
U.S. District Judge

without further notice, hearing or order. (ECF No. 437). The overbid procedures are detailed fully in the receiver's motion. *Id.*

28 U.S.C. § 2001(b) reads,

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

*Id.*

28 U.S.C. § 2004 reads, "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise." *Id.*

Defendant objects to the receiver's motion with five arguments. (ECF No. 445). First, the real and personal property are not subject to sale because they were obtained prior to alleged wrongdoing. Second, the receiver must offset the judgment against the defendant by the value of her property that has already been sold, which by defendant's calculations totals more than the judgment. Third, the receiver cannot sell the real or personal property because the receiver obtained only two appraisals of the real property and one appraisal of the personal property. Fourth, the receiver cannot sell defendant's property that has been exempted through defendant's amended claim of exemption (ECF No. 407). Fifth, if the receiver is authorized to sell the real and personal property, the receiver must distribute the proceeds traceable to her separate property to defendant.

Defendant's objections to the receiver's motion are without merit. This court has already held that the real and personal property at issue is subject to sale so that the receiver may satisfy the judgment against defendant. (ECF No. 317). And defendant has not presented competent evidence that the judgment against defendant was satisfied by prior sales of property connected to this litigation. Thus, defendant's first and second arguments are non-starters.

Defendant's fourth and fifth arguments are similarly deficient. The receiver may not distribute proceeds to the defendant at this time, as any such distribution would be premature. (*See* ECF No. 317 at 3) (holding that the SEC will propose a distribution plan, which is subject to the court's approval for the funds and assets collected pursuant to the Final Judgment in this case). Further, defendant's exemption argument fails, as defendant has not properly exempted any personal property that is the subject of the receiver's motion. Defendant's exclusive reliance on the bankruptcy code to support its position is misplaced. Accordingly, the court will now consider defendant's challenges based on the statutes governing the receiver's sale of the real and personal property.

The receiver's proposed appraisals presumptively satisfy the statutory requirement of three appraisals prior to the proposed sale of the real property. 28 U.S.C. § 2001. The receiver obtained two valuations from accredited appraisers and one valuation from a real estate broker. The relevant statute does not specify who must conduct appraisals. *See* 28 U.S.C. § 2001(b) (". . . three disinterested persons to appraise such property . . ."). The court holds that the valuations submitted by the receiver can constitute appraisals for the purpose of satisfying the statutory requirements. In the present case, it is in the best interest of the estate to ratify the use of these three valuations if they are based on the reliable methods that the receiver describes in his motion. The estate will thus not be required to spend additional funds to appraise a home that three professionals have already valued and that has a bona fide offer for purchase and will be listed at a public auction before the purchase becomes final. *See id.* (". . . the court may order the sale of such realty or interest . . . upon such terms or conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.").

The receiver's motion also asks the court to include a factual finding that the proposed sale of the property for $2,000,000.00 would satisfy the requirement of 28 U.S.C. § 2001(b) that the sale be for at least 2/3 of the appraised value of the home. The court cannot make a factual finding without reviewing the appraisals. Therefore, the receiver will submit the appraisals for *in camera* review, at which time the court will decide whether to appoint these proposed "three disinterested

persons to appraise" the real property for the purposes of 28 U.S.C. § 2001(b), and whether to approve the sale of the real property.

Regarding the proposed sale of the personal property, the receiver has satisfied the statutory requirements of 28 U.S.C. §§ 2001 and 2004. The receiver obtained an appraisal as to the value of the personal property. Further, the receiver claims that the purchaser of the real property may purchase the personal property, and if it does not then the receiver has obtained bids from two reputable auctioneers who will handle the sale of the personal property. The court holds that the receiver's proposed disposition is in the best interests of the estate, and will approve it according to 28 U.S.C. §§ 2001 and 2004.

The receiver next requests an order deeming notice of this motion to be sufficient under Local Civil Rule 66-5. (ECF No. 437). Local Rule 66-5 provides that unless the court otherwise orders, the receiver shall give all interested parties and creditors at least fourteen (14) days' notice of the time and place of hearings on applications for fees of the receiver. LR 66-5(d). The court has not scheduled a hearing on the instant motion, and finds that it is unnecessary to do so. Further, to the extent that Local Rule 66-5 applies here, the court finds that the receiver has given sufficient notice to creditors under the rule.

Accordingly,

IT IS HEREBY ORDERED that the receiver shall file with this court within seven (7) days a proposed order as referenced in its filings. (*See* ECF No. 437 at 22). The proposed order must explicitly appoint the three proposed appraisers by name, among the other required findings of fact, conclusions of law, and orders therein.

IT IS FURTHER ORDERED that the receiver shall, within seven (7) days, submit to the court for *in camera* review copies of: the appraisal performed by Tammy L. Howard and Matthew J. Lubway, the appraisal performed by W. Snow, and the written opinion of Greg Clemens as to the value of the property.

DATED September 21, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -