James C. Mahan
U.S. District Judge

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is *SEC v. Fujinaga et al*, case no. 2:13-cv-01658. Receiver Robb Evans & Associates LLC's ("receiver") filed a motion requesting the court to authorize the sale of certain real and personal property, as described below. (ECF No. 437). Relief defendant June Fujinaga filed a response (ECF No. 445), to which the receiver replied, (ECF No. 447).

The receiver's motion requests this court to issue an order (1) authorizing, approving, and confirming sale of real property located at 9009 Greensboro Lane ("the real property") and sale and overbid procedures and for related relief; (2) authorizing sale of personal property located therein ("the personal property"); and (3) granting relief from Local Rule 66-5 pertaining to notice of creditors. (ECF No. 437).

The receiver further requests an order authorizing and confirming the sale of the real property on an "as is" basis by private sale either (a) to Nanced LLC or their assignee at a purchase price of $2,000,000.00 pursuant to the offer and acceptance agreement and earnest money receipt, or (b) to such higher qualified overbidder who hereafter submits the highest qualified overbid at a subsequent overbid session to be conducted under the terms and conditions more fully set forth herein and approved by the court, which sale the receiver requests be approved and confirmed

without further notice, hearing or order. (ECF No. 437). The overbid procedures are detailed fully in the receiver's motion. *Id.*

28 U.S.C. § 2001(b) reads,

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, **the court shall appoint three disinterested persons to appraise such property** or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

*Id.* (emphasis added).

28 U.S.C. § 2004 reads, "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise." *Id.*

On September 21, 2017, this court held that "the receiver's proposed appraisals *presumptively* satisfy the statutory requirement of three appraisals prior to the proposed sale of the real property. 28 U.S.C. § 2001." (ECF No. 449) (emphasis added). The receiver obtained two valuations from accredited appraisers and one valuation from a real estate broker. The relevant statute does not specify who must conduct appraisals, except that it must be "three disinterested persons to appraise such property." *See* 28 U.S.C. § 2001(b). The court held that "the valuations submitted by the receiver *can* constitute appraisals for the purpose of satisfying the statutory requirements." (ECF No. 449) (emphasis added). However, the court was unable to determine whether these three proposed individuals met the requirements of 28 U.S.C. § 2001(b) without *in camera* review of the valuations and the credentials of the individuals.

Accordingly, this court ordered the receiver to "file with this court within seven (7) days a proposed order as referenced in its filings. (*See* ECF No. 437 at 22). The proposed order must explicitly appoint the three proposed appraisers by name, among the other required findings of fact, conclusions of law, and orders therein." (ECF No. 449). Further, the court ordered the

receiver to, "within seven (7) days, submit to the court for *in camera* review copies of: the appraisal performed by Tammy L. Howard and Matthew J. Lubway, the appraisal performed by W. Snow, and the written opinion of Greg Clemens as to the value of the property." *Id.*

The receiver submitted for this court's *in camera* review the three valuations of the real property as requested. Upon review of these documents, this court finds that the receiver has not provided this court with "***three disinterested*** persons to ***appraise***" the property. The first two submissions are appraisals that clearly comply with the requirements of 28 U.S.C. § 2001(b).

However, the third submission fails to comply with statutory requirements on multiple levels. It is a broker price opinion or comparative market analysis of the broker, Greg Clemens, who is selling the real property at issue here, not an appraisal conducted by a disinterested person, as required by statute.

Greg Clemens is not a "disinterested person," as is required by 28 U.S.C. § 2001(b) because he is the broker hired to sell this property. (ECF No. 437 at 9). Also, this court cannot construe this valuation as an appraisal for the purposes of 28 U.S.C. § 2001(b) because the face of Mr. Clemens's written valuation explicitly disclaims any reliance on it as an "appraisal." The top of the first page of this document reads:

> This is a broker price opinion or comparative market analysis and should not be considered an appraisal. In making any decision that relies upon my work, you should know that I have *not* followed the guidelines for development of an appraisal or analysis contained in the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation.

Therefore, the court is bound by 28 U.S.C. § 2001(b) to deny the motion to approve the sale of real property. The court is unable to appoint Greg Clemens as a "disinterested person to appraise" the property. Thus, the receiver has failed to comply with the statute's requirement of obtaining three disinterested persons for this court to appoint to appraise the real property before its private sale.

Furthermore, there is no exception to the requirement that the court must appoint "three disinterested persons to appraise" the property before a receiver's private sale of real property. *See* 28 U.S.C. § 2001(b). The clause allowing the court to "order the sale of such realty . . . at a private sale for cash for cash or other consideration and upon such terms and conditions as the court

**James C. Mahan**
**U.S. District Judge**

- 3 -

approves, if it finds that the best interests of the estate will be conserved thereby," is an affirmative grant of power to the court to approve a private sale, but does not relieve the explicit requirement that, "[b]efore the confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property . . . ." *See id.* Although caselaw makes clear that the district court has extremely broad power to supervise an equity receivership, *see SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986), Congress has explicitly constrained this equitable discretion here, by statute, in requiring the court to first appoint "three disinterested persons to appraise" before the court may confirm the private sale of the property. *See* 28 U.S.C. § 2001(b). This has not occurred in this case.

Finally, this court rejects the receiver's argument that the defendants here have agreed to waive the requirements of 28 U.S.C. § 2001 based on the prior filings of other parties. The receivers argue that in a prior joint motion, "at recital X" (presumably referring to the January 20, 2017 joint motion, ECF No. 379 at 9), the defendants agreed to waive all requirements set forth in 28 U.S.C. § 2001 *et seq.* that apply to the receiver's sale of *all* real property in this case, including future sales of real property conducted in the course of the same receivership. (*See* ECF No. 379 at 9, recital "X" (stating "[d]efendants hereby waive all requirements set forth in 28 U.S.C. § 2001 *et seq.* that apply to the [r]eceiver's sale of real property in this case."). Even if this court assumed, without deciding, that parties may stipulate or otherwise agree to waive the requirements of 28 U.S.C. § 2001(b), the record shows that parties to present motion and response simply have not done so. (*See* ECF Nos. 437, 445).

The prior joint motion to which the receiver directs the court, filed on January 20, 2017, involved the sale of different property and involved different parties. (ECF No. 379). The parties who joined the motion were not the same as the parties to the present motion and response; they included the receiver, defendants Edwin Fujinaga, MRI International, Inc., and relief defendant CSA Service Center, LLC. (ECF No. 379 at 1). This list does not include the relief defendants objecting to the instant motion, June Fujinaga and the Yunju Trust, who claim to have an interest in the sale of the real property presently at issue. (ECF No. 445). Therefore, as the receiver has not pointed this court to any stipulation or waiver of the 28 U.S.C. § 2001(b) requirements by the

specific defendants objecting to this motion—June Fujinaga and the Yunju Trust—the requirements of 28 U.S.C. § 2001 still apply.

The motion is denied because the receiver has not provided three disinterested persons to appraise the property for the court to appoint, as 28 U.S.C. § 2001(b) requires before the court may confirm the private sale of real property in a receivership. However, the court grants leave to the receiver to refile a motion for approval for the sale of this real property after coming into compliance with the requirements of 28 U.S.C. § 2001(b). Further, the request for relief from the notice requirements pertaining to the motion to approve this sale is denied as moot.[1]

Accordingly,

IT IS HEREBY ORDERED that the motion to approve the sale of real property, personal property, and for relief from the notice requirements of Local Rule 66-5 (ECF No. 437) is DENIED, consistent with the foregoing.

DATED October 2, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Regarding the proposed sale of the personal property listed in Exhibit 3 of M. Val Miller's declaration (ECF No. 438 at 35–40), this court held in its last order that the receiver has satisfied the statutory requirements for the sale. (ECF No. 449 at 4). This holding still stands, however, the receiver's proposed order approving the sale of this personal property is contained in the same document as the proposed order approving the sale of the real property, which this court does not approve. (ECF No. 450). If the receiver wishes to proceed with the sale of the personal property before receiving authorization from this court to sell the real property, it may submit a new proposed order pertaining to the personal property, specifically, for this court's approval.