James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>v.<br><br>EDWIN YOSHIHIRO FUJINAGA and MRI INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1658 JCM (CWH)<br><br>ORDER |

Presently before the court is the matter of *SEC v. Fujinaga et al.*, case number 2:13-cv-01658-JCM-CWH.

On December 15, 2017, Shige Takiguchi, et al. (the "class action plaintiffs"), Edwin Fujinaga ("Fujinaga"), and MRI International, Inc. ("MRI"), parties in a federal securities class action pending in the U.S. District Court for Nevada, *Takiguchi, et al. v. MRI International Inc., et al.*, Case No. 2:13-cv-01183-HDM-NJK (the "securities class action"), filed a joint application for directions from the court to receiver regarding proposed settlement. (ECF No. 458). Rob Evans & Associates LLC (the "receiver") filed a response (ECF No. 469), to which the class action plaintiffs replied (ECF No. 473).

The class action plaintiffs have entered into settlements with all defendants in the securities class action except for MRI and Fujinaga. (ECF No. 458). The class action plaintiffs have reached a tentative settlement with MRI and Fujinaga, but the court-appointed receiver in this action claims that only he is authorized to settle on behalf of MRI and Fujinaga. *Id.* The receiver refuses to settle. *Id.*

1 | Consequently, the class action plaintiffs, MRI, and Fujinaga now request this court to instruct the receiver either: (1) that the receiver has no control over the parties' proposed settlement and no authority to obstruct the settlement; or (2) that the receiver should enter into the settlement on behalf of MRI and Fujinaga because it is in the receivership's best interests. *Id.*

The class action plaintiffs note that the order appointing the receiver expressly includes a carve-out for the securities class action. (ECF No. 226 at 4). Specifically, while subparagraph 4(d) of the order grants the receiver broad powers over litigation involving MRI and Fujinaga, it expressly excludes the securities class action from that grant. *Id.* Subparagraph 4(d) provides (with emphasis added):

> 4. The Receiver is hereby authorized, empowered, and directed to perform the following duties and responsibilities, as reasonably appropriate and necessary to comply with and effectuate the goals and purposes of the equitable receivership:
> * * *
> d. Take and retain immediate control over any civil action in which one or more of the Defendants is a party including, but not limited to, Hoy's, Inc. v. EBJ&F, LLC, Case No. 2:13-cv-912, in the United States District Court for the District of Nevada, and act as though the Receiver were the real party-in-interest in any such action and, if the Receiver determines, following consultation with the SEC, that any of the following measures are in the best interest of the receivership estate, to negotiate a settlement of any such action and to consent to the sale, transfer, or disposal of any real or personal property involved in that action, with the proceeds to be placed in escrow pending the final settlement or adjudication of the action. **This sub-paragraph shall not apply to Takiguchi v. MRI International, Inc., Case No. 2:13- cv-1183, in the United States District Court for the District of Nevada, in which Defendants Fujinaga and MRI are Defendants.**

(ECF No. 226 at 4). Despite good faith efforts to meet and confer, the receiver's counsel advised the class action plaintiffs' counsel that he believes that only the receiver can enter into a settlement on behalf of MRI and Fujinaga, and that he could not recommend the receiver enter into the settlement. (ECF No. 458).

It is well established that a receiver's powers flow from and are limited by the scope of a court's order appointing the receiver. *See Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1242 (9th Cir. 1994). Here, the court's order states the receiver's power "shall not apply to *Takiguchi v. MRI International, Inc.*, Case No. 2:13-cv-1183, in the United States District Court for the District of Nevada, in which Defendants Fujinaga and MRI are Defendants." (ECF No. 226 at 4).

James C. Mahan
U.S. District Judge

In light of the explicit carve-out in this court's order appointing the receiver (ECF No. 226 at 4) and the Honorable Judge McKibben's intentions (presiding over the securities class action) (ECF No. 473, Ex. A.), the court instructs the receiver that he has no control over the proposed settlement between the class action plaintiffs and MRI and Fujinaga.

Accordingly,

IT IS SO ORDERED.

DATED February 23, 2018.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -